**Robert Stempler**, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
P.O. Box 7145
Oxnard, CA 93031-7145

Telephone (805) 246-2300
Fax: (805) 576-7800

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POVILAS KARCAUSKAS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> REGRESO FINANCIAL SERVICES LLC; GOLDSMITH & HULL, APC; WILLIAM I. GOLDSMITH; and DOES 1 to 10; <br><br> Defendants. | Case No. 2:15-cv-9225 <br><br> CLASS ACTION <br><br> COMPLAINT FOR: <br> 1. VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT; <br> 2. VIOLATING THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; <br><br> and DEMAND FOR JURY TRIAL |

///

///

///

- 1 -

## Jurisdiction

1. Jurisdiction of this court arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## Parties

2. The plaintiff, POVILAS KARCAUSKAS [" Plaintiff" or "Mr. Karcauskas"] is a natural person and a resident within this district.

3. Defendant REGRESO FINANCIAL SERVICES LLC ["Regreso"] was, at all times relevant to this complaint, a California company, the principal business purpose of which is the collection of debts that were previously owed to another.

4. Defendant GOLDSMITH & HULL, APC ["G&H"] was, at all times relevant to this complaint, an corporation, the principal business purpose of which is the collection of debts owed to others.

5. Defendant WILLIAM I. GOLDSMITH ["Goldsmith"] was, at all times relevant to this complaint, an individual debt collector, whose principal business is the collection of debts owed to others.

6. The true names and capacities of the defendants sued herein as DOES 1-10, inclusive, are unknown to plaintiff, at the present time.

## Facts Supporting Each Claim

7. Plaintiff Povilas Karcauskas received by U.S. Mail Defendants' collection letter dated September 9, 2015 sent in an attempt to collect a debt allegedly due Regreso, a copy of which is attached as Exhibit A.

8. Plaintiff received by U.S. Mail Defendants' "Application for Renewal of Judgment" and "Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest" in the lawsuit Regreso Financial Services v. Povilas Karcauskas which were file stamped by the Clerk of the Court for

1 the Superior Court of California on May 1, 2015. Copies of these Superior Court filings by defendants are attached as Exhibits B and C, respectively.

9. Plaintiff received by U.S. Mail the defendants' "Notice of Renewal of Judgment" in the lawsuit Regreso Financial Services v. Povilas Karcauskas which was file stamped by the Clerk of the Court for the Superior Court of California on May 1, 2015 and is attached as Exhibit D.

10. Several years ago Plaintiff had incurred a debt to Chase in a credit transaction used by Mr. Karcauskas to purchase goods or services for personal, family and household purposes.

11. Regreso acquired Plaintiff's alleged debt to Chase after it had gone into default.

12. Regreso retained the services of Defendants G&H and Goldsmith to collect Plaintiff's alleged Chase debt.

13. On April 2, 2015, the Secretary of State of the State of California suspended Regreso.

14. Regreso remained suspended by the Secretary of State from April 2, 2015 until Regreso revived its legal status on July 15, 2015.

15. The California Court of Appeal, in *Timberline, Inc. v. Jaisinghani*, 64 Cal.Rptr.2d 4, 7; 54 Cal.App.4th 1361, 1367 (Cal. Ct. App. 1997) held that a "corporation which was suspended . . . could not obtain renewal of judgment, even though corporation was in good standing when judgment was originally entered." On September 23, 2015, the Superior Court of California granted Plaintiff's motion to vacate the renewal of judgment.

16. Though Plaintiff's counsel advised Defendants that the Renewal of Judgment was defective and should be vacated, Defendants never withdrew their Renewal of Judgment or Memorandum of Costs, never requested dismissal of the collection case, and never filed a satisfaction of judgment in the collection case.

17. The California Court of Appeal, in *V & P Trading Co., Inc. v. United Charter, LLC*, 151 Cal.Rptr.3d 146, 149-150; 212 Cal.App.4th 126,132 (Cal. Ct. App. 2012) stated:

> Revenue and Taxation Code section 23301 provides that the corporate powers, rights, and privileges of a domestic taxpayer may be suspended if the corporation fails to pay certain taxes, penalties, or interest. "A corporation which has been suspended pursuant to section 23301 is without capacity to prosecute a civil action while suspended." (*Welco Construction, Inc. v. Modulux, Inc*. (1975) 47 Cal.App.3d 69, 71, 120 Cal.Rptr. 572.) "Revenue and Taxations Code section 23305a provides for a certificate of revivor upon appropriate application by a corporation, and 'Upon the issuance of such a certificate by the Franchise Tax Board the taxpayer therein named shall become reinstated but such reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension....' "
> (*Welco*, at p. 71, 120 Cal.Rptr. 572, italics omitted.)

18. In their collection letter, Exhibit A, Defendants represented that the case as being styled "Chase Manhattan Bank v. Povilas Karcauska," though there is no such case filing. The collection case against Plaintiff is actually styled as "Regreso Financial Services LLC v. Povilas Karcauska." (See Exhibits B, C and D.)

19. Plaintiff was confused by Exhibit A.

20. In their collection letter, Exhibit A, Defendants represented that "an employer must fully cooperate and follow the wage assignment as ordered by the Court." There was no wage assignment order in the case.

21. Defendants' communications, contained in Exhibits A, B, C and D, are each false, deceptive and misleading communications; a false and misleading means concerning debt collection; that nonpayment may result in the garnishment or attachment of the debtor's wages; misstate the character, amount or legal status of an

alleged debt; are a false representation and deceptive means to collect a debt or obtain information about a consumer; and constitute an unfair and unconscionable means to collect or attempt to collect a debt.

## Class Action Allegations

22. This matter is brought as a class action defined as:

 a. (i) all persons having an address within the state of California (ii) who were sent a communication from Defendants in the form of Exhibits A, B, C, or D (iii) to recover a debt incurred for personal, family, or household purposes (iv) due to Regreso (v) which was not returned undelivered by the United States Postal Service (vi) during the period of time from April 2, 2015 through July 14, 2015; and

 b. (i) all persons having an address within the state of California (ii) who were sent a communication from defendants G&H or Goldsmith in the form of Exhibit A (iii) to recover a debt incurred for personal, family, or household purposes (iv) allegedly due to an entity which acquired the debt after default and which was not identified in the communication (v) which was not returned undelivered by the United States Postal Service (vi) during the period of time one year prior to the filing of the Complaint through the date of class certification.

23. The class is so numerous that joinder of all members is impractical.

24. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether the defendants' communications violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.10, *et seq.* ("RFDCPA").

25. There are no individual questions, other than whether a class member was sent a communication in the form of Exhibits A, B, C, or D which can be determined by ministerial inspection of Defendants' records.

26. Plaintiff will fairly and adequately protect the interests of the class.

27. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

28. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal factual issue is whether the defendants' communication in the form of Exhibits A, B, C, or D was sent to the class member. The principal legal issue is whether Defendants' communications in the form of Exhibits A, B, C, or D violated the FDCPA and CA FDCPA.

29. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative acts and are based on the same legal theories.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state law. The interest of class members in individually controlling the prosecution of separate claims against the defendants are small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

31. The nature of notice will be U.S. Mail to the proposed class members.

///

///

///

## CAUSES OF ACTION

## COUNT 1

### Against all defendants

### <u>Violating the Fair Debt Collection Practices Act</u>

32. Paragraphs under the headings Parties, Facts Supporting Each Claim, and Class Allegations are incorporated by reference.

33. Plaintiff is a "consumer," as defined at 15 U.S.C. § 1692a(3).

34. Defendants are each a "debt collector," as defined at 15 U.S.C. § 1692a(6).

35. Defendants violated the FDCPA in the following ways:

   a. Violation of § 1692e by using a false, deceptive or misleading representation or means in connection with the collection of a debt.

   b. Violation of § 1692e(2)(A) by making the false representation of the character, amount or legal status of a debt.

   c. Violation of § 1692e(5) by making a threat to take any action that cannot legally be taken.

   d. Violation of § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

   e. Violation of § 1692f by the collection of any amount (including interest) that are not permitted by law.

36. As a result of the defendants' violations of the FDCPA, Plaintiff and the class are entitled to an award of maximum statutory damages, costs and reasonable attorney's fees.

///

///

///

COUNT 2

Against all Defendants except William I. Goldsmith

<u>Violating the California Rosenthal Fair Debt Collection Practices Act</u>

37. Paragraphs under the headings Parties, Facts Supporting Each Claim, and Class Allegations are incorporated by reference.

38. Plaintiff incorporates the violations of the FDCPA, as alleged above, pursuant to Cal. Civil Code § 1788.17.

WHEREFORE, plaintiff prays for judgment as follows:

1. Certify this matter to proceed as a class action;

2. Pursuant to 15 U.S.C. § 1692k(a), an award of the maximum statutory damages, costs and reasonable attorney's fees;

3. Pursuant to Cal. Civil Code §§ 1788.17 and 1788.32, an award of the maximum statutory damages, costs and reasonable attorneys' fees;

4. And for such other and further relief as the court deems proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands trial by jury in this action.

Dated: November 30, 2015

                                      CONSUMER LAW OFFICE OF
                                      ROBERT STEMPLER, APC


                                      /s/ Robert Stempler
                                      By: Robert Stempler,
                                      Counsel for Plaintiff

TABLE OF EXHIBITS

<u>Exhibit</u>

A.          Collection letter dated September 9, 2015

B.          Application for Renewal of Judgment

C.          Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest

D.          Notice of Renewal of Judgment