Robert Stempler, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
P.O. Box 7145
Oxnard, CA 93031-7145
Telephone (805) 246-2300
Fax: (805) 576-7800

O. Randolph Bragg, Attorney Admitted *Pro Hac Vice*
Email: rand@horwitzlaw.com
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, Illinois 60602
Telephone (312) 372-8822
Facsimile (312) 372-1673

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POVILAS KARCAUSKAS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> REGRESO FINANCIAL SERVICES LLC; GOLDSMITH & HULL, APC; WILLIAM I. GOLDSMITH; and DOES 1 to 10; <br><br> Defendants. | Case No. 2:15-cv-09225-FMO-RAOx <br><br> JOINT RULE 26(f) REPORT OF PARTIES' PLANNING MEETING AND PROPOSED DISCOVERY PLAN <br><br> Scheduling Conference: <br> Date: March 10, 2016 <br> Time: 10:00 AM |

1    <u>MEETING</u>.

Pursuant to rule 26(f) of the federal Rules of Civil Procedure and rule 26-1 of the Local Rules-Civil, on February 16, 2016, the respective counsel of record for the plaintiff and for the defendants met in person to discussed the matters required by

said rules. This report is made jointly and is intended to satisfy the courts' requirements concerning the initial meeting of counsel and framing of the proposed discovery plan.  The following counsel of record attended said meeting in person:

    1.1   Robert Stempler, a member of CONSUMER LAW OFFICE OF ROBERT STEMPLER, APC, as counsel for the plaintiff ("plaintiff");

    1.2   Michael Goldsmith, a member of GOLDSMITH & HULL, APC, as counsel for defendants REGRESO FINANCIAL SERVICES LLC, GOLDSMITH & HULL, APC and WILLIAM I. GOLDSMITH (jointly "defendants");

    1.3   O. Randolph Bragg, a member of HORWITZ, HORWITZ & ASSOCIATES located in Chicago, Illinois for plaintiff participated via telephone.

    1.4   On February 23, 2016, Stephen H. Turner of Lewis Brisbois Bisgaard & Smith LLP filed a Substitution of Attorney on behalf of Defendants Goldsmith & Hull, A.P.C. and William I. Goldsmith;  Larissa G. Nefulda of the same firm will be filing a Notice of Appearance.  Mr. Turner and Ms. Nefulda took part in the preparation of the Joint Report.

2    DISCOVERY PLAN

    2.1   A Rule 26(a).  Counsel propose no changes to the disclosures, as specified in Rule 26(a) and agree that the deadline for serving initial disclosures shall be March 1, 2016 and that, when available to the party's counsel, counsel will provide electronic pdf or photocopies of documents in addition to the initial disclosures.  Counsel receiving service by email agree to acknowledge receipt within 24 hours.

    2.2   B Subjects for Discovery, etc.  Discovery need not be conducted in phases or meet any alternative timing constraints, except that counsel agree that certain information exchanged will be confidential and/or a

trade secret and the parties agree to attempt to stipulate to entry of a protective order reflecting their respective interests, before exchanging such information or documents in discovery.  At least two court days before noticing a deposition, Counsel proposing a deposition shall contact all counsel of record in an attempt to determine mutually convenient dates, times, and places.  All written discovery requests and responses shall be served via email with all counsel of record copied.  Counsel receiving service by email agree to acknowledge receipt within 24 hours. The subject matters on which discovery may be needed are: information needed for a motion for class certification and class administration, pursuant to Rule 23; written correspondence and electronic or telephonic communications by and between the defendants (including any of their agents and employees) and plaintiff; written and electronic correspondence between any the defendants, on the one hand, and the original creditor of the alleged debt; the patterns, practices, and polices of the defendants related to written communications with a debtor about a debt or about a debt collector while suspended by the Secretary of State; written communications with the California Secretary of State related to Regreso's suspension in 2015; Plaintiff's allegations and each defendants' defenses and denials of the claims alleged in the pleadings; documents necessary to calculate and prove each defendants' net worth; Plaintiff's alleged damages.

2.3    C Electronically Stored Information (ESI).  ESI shall be disclosed and produce, pursuant to F.R.C.P. Rule 26(b)(2), in PDF format and on CD Rom or using a secure cloud-based drive, such as Dropbox, and the defendants agree to not destroy or delete any ESI until this litigation concludes and, if a class is certified, after all class members have been notified and any class judgment satisfied.  ESI and documents produced

or exchanged may be produced in "pdf" format, either by emailing them or producing them on a CD Rom.  If a pdf is illegible or unreadable, the recipient may request that the document(s) be made legible and resent.

2.4    D Assertions of Privilege.  See section 2.2, above.

2.5    E Discovery Limitations.  No changes proposed.

2.6    F Orders under Rule 26( c) or Rule 16(b) or ( c).  None at this time.

2.7    G Discovery cutoff date and expert dates.  Fact and class-certification discovery shall be completed by August 31, 2016.  Disclosures required by Rule 26(a)(2) shall be due 30 days after the close of fact discovery and rebuttals shall be due 30 days after the other party's disclosure.

3    STATEMENT OF THE CASE

Plaintiff alleges a class action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.10, *et seq.* ("RFDCPA") for the written communications (attached as Exhibits A, B, C and D to the complaint) by the defendants that: (1) misrepresented the status and involvement of the alleged original creditor, Chase Manhattan Bank, contrary to FDCPA §§ 1692e, 1692e(2)(A), and 1692e(10); (2) threatened actions that cannot legally be taken by Regreso Financial Services, LLC while it was suspended by the Cal. Secretary of State from April 2, 2015 through July 14, 2015, contrary to FDCPA § 1692e(5); and (3)  collection of any amount (including interest) not permitted by law, contrary to FDCPA § 1692f. Such acts violate RFDCPA, Cal. Civil Code 1788.17.

Defendants in their answer to complaint admit their status as a debt collection agency, subject to both FDCPA and RFDCPA, and the subject matter jurisdiciton of this court for this case.  Also, defendants admit in their answer to complaint that Regreso Financial Services, LLC was suspended by the Cal. Secretary of State from April 2, 2015 through July 14, 2015 and that Chase Manhattan Bank was not their

client and that letters sent to Plaintiff misstate the case was styled as "Chase Manhattan Bank" as the judgment creditor in the California Superior Court. In their answer to complaint, the defendants deny violation of any section of the FDCPA and the RFDCPA and deny each of the allegations for class certification.  Defendants assert the bona fide error defense.

4    SUBJECT MATTER JURISDICTION

Plaintiff's complaint alleges in paragraph 1 that: "Jurisdiction of this court arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367."  The defendants' answer to complaint admits this.

5    KEY LEGAL ISSUES

5.1    The defendants' answer to complaint denies each of the allegations for class certification, so each of the requirements for certification must be proven in a motion for certification filed by Plaintiff.

5.2    The defendants' answer to complaint admits the other underlying facts, but denies that either the FDCPA or RFDCPA were violated, thus Plaintiff must present evidence of the statutory violations.

5.3    The defendants' answer to complaint alleges an affirmative defense of bone fide error and maintenance of procedures reasonably adapted to avoid such errors under 15 USCA § 1692k( c), thus defendants must present evidence of this defense and Plaintiff may file a motion to strike this defense as inadequately pleaded.

5.4    If the court certifies the class and Plaintiff prevails on one or both of the claims alleged, then Plaintiff must prove the defendants' net worth, for purposes of determining statutory damages under FDCPA § 1692k(a)(2)(B) and RFDCPA.

1

2   6     <u>PARTIES, EVIDENCE, ETC.</u>

3       Plaintiff is Povilas Karcauskas; the defendants are: Regreso Financial Services

4 LLC, Goldsmith & Hull, APC and William I. Goldsmith.  Regreso and G&H has the

5 following affiliates, parents companies and subsidiaries: Regreso and Goldsmith &

6 Hull, A.P.C. do not have any affiliates, parent companies or subsidiaries.

7

8   7     <u>INSURANCE</u>

9       Defendant GOLDSMITH & HULL, APC has $1 million in insurance coverage

10 for the claims alleged in Plaintiff's complaint.  Defendant Goldsmith & Hull, A.P.C.

11 will provide a copy of the policy and declarations page, pursuant to Rule

12 26(a)(1)(A)(iv), to Plaintiff's counsel.

13

14   8     <u>MAGISTRATE JUDGE</u>.

15       The parties will not stipulate for all purposes to a magistrate judge.

16

17   9     <u>MOTIONS</u>

18       Plaintiff may need to add a defendant and file a supplement complaint.  It is

19 also possible a cause of action will be added or amended.  Plaintiff asserts that the

20 answer to complaint improperly alleges a bone fide error defense and should be

21 stricken or amended to properly state such defense.   The parties will meet and confer

22 regarding this issue.  If necessary, Defendants will file an Amended Answer.

23

24   10    <u>CLASS CERTIFICATION</u>

25       Motion for class certification shall be due at least 30 days after the close of fact

26 discovery, thus making it October 3, 2016 if fact discovery closes August 31st.

27

28

11      DISPOSITIVE MOTIONS

        The hearing cut-off for dispositive and partially dispositive motions should be January 30, 2017, because expert witnesses may be have testimony and evidence that is material in deciding such motions.

12      SETTLEMENT AND ADR

        The parties have had settlement discussions after a copy of the complaint was received and reviewed, by the counsel for the defendants, but no resolution resulted. The Clerk issued in this case a Notice to Parties of Court-Directed ADR Program. The parties intend to conduct the settlement conference with a member of the attorney panel and submit the forms for that request.

13      PRETRIAL CONFERENCE AND TRIAL

        Pretrial conference on March 3, 2017 and start trial on March 14, 2017.

14      TRIAL ESTIMATE

        Four court days (one week).

15      TRIAL COUNSEL

        For Plaintiff: O. Randolph Bragg and Robert Stempler.

        For defendant REGRESO FINANCIAL SERVICES LLC: Jack D. Hull.

        For Defendants Goldsmith & Hull, A.P.C. and William I. Goldsmith: Stephen H. Turner and Larissa G. Nefulda.

16      INDEPENDENT EXPERT OR MASTER

        An independent expert or master does not seem appropriate for this case.

17   <u>OTHER ISSUES</u>

The parties expect no unusual legal issues.

Pursuant to Local Ruled 5-4.3.4, I, Robert Stempler, attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 25, 2016

/s/
By: Robert Stempler, a member of CONSUMER LAW OFFICE OF ROBERT STEMPLER, APC,
Co-Counsel for Plaintiff

Dated: February 25, 2016

/s/
By: O. Randolph Bragg, a member of HORWITZ, HORWITZ & ASSOCIATES, as Co-Counsel for Plaintiff

Dated: February 25, 2016

/s/
By: Michael Goldsmith, a member of GOLDSMITH & HULL, APC, as counsel for defendant REGRESO FINANCIAL SERVICES LLC

Dated: February 25, 2016

/s/
By: Larissa Nefulda, a member of LEWIS BRISBOIS BISGAARD & SMITH LLP, as counsel for defendants GOLDSMITH & HULL, APC and WILLIAM I. GOLDSMITH