LEWIS BRISBOIS BISGAARD & SMITH LLP
STEPHEN H. TURNER, SB# 89627
   E-Mail: Stephen.Turner@lewisbrisbois.com
LARISSA G. NEFULDA, SB# 201903
   E-Mail: Larissa.Nefulda@lewisbrisbois.com
633 West 5th Street, Ste. 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants
GOLDSMITH & HULL, APC and
WILLIAM I. GOLDSMITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| POVILAS KARCAUSKAS, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>     vs.<br><br>REGRESO FINANCIAL SERVICES LLC; GOLDSMITH & HULL, APC; WILLIAM I. GOLDSMITH; and DOES 1 to 10;<br><br>           Defendants. | CASE NO. 2:15-cv-09225-FMO-RAOx<br><br>**DEFENDANTS GOLDSMITH & HULL, APC AND WILLIAM I. GOLDSMITH'S EX PARTE APPLICATION TO EXTEND THE TIME PROVIDED BY LOCAL RULE 37-2.2 TO PROVIDE DEFENDANTS' PORTION OF THE STIPULATION BY ONE WEEK**<br><br>Plaintiff Opposes This Application<br><br>[Filed Concurrently with Declarations of Stephen H. Turner, Larissa G. Nefulda and William I. Goldsmith]<br><br>**DATE: September 15, 2016**<br>**COURTROOM: F (Spring Street)**<br><br>Trial Date:     March 21, 2017<br><br>[Hon. Fernando M. Olguin] |

## I.     INTRODUCTION

In this ex parte application Defendants Goldsmith & Hull and William I

4819-1843-5896.1

1

DEFENDANTS GOLDSMITH & HULL, APC AND WILLIAM I. GOLDSMITH'S EX PARTE APPLICATION TO EXTEND THE TIME PROVIDED BY LOCAL RULE 37-2.2 TO PROVIDE DEFENDANTS' PORTION OF THE STIPULATION BY ONE WEEK

Goldsmith ("Defendants") seek a one-week extension of time within which to provide their portions of two joint statements to be submitted as part of Plaintiff's motions to seek further discovery responses. They do so because, for the reasons set forth hereafter, they and their counsel are unable to submit their portions within the seven days allowed by the Local Rules of Court 37-2.2 and Plaintiff's counsel, Robert Stempler, refused to grant Defendants one week of additional time.

On September 13, 2016, Plaintiff's counsel, Robert Stempler, sent counsel for Defendants three documents: Plaintiff's portions of two statements and an appendix of exhibits. The three documents total 256 pages. The response is currently due on September 20, 2016. For the reasons set forth hereafter, Defendants and their counsel are unable to review the three lengthy documents and complete their portion of the joint statements by September 20, 2016. Since Plaintiff would not be prejudiced by granting Defendants a one-week extension of time to respond[1], Defendants' counsel sent an email to Plaintiff's counsel to request the extension. Counsel for Plaintiff, Robert Stempler, responded by stating "I am not able to grant your request for an extension to send us the Defendants' response for the joint stipulations." A copy of Mr. Stempler's email is attached hereto as Exhibit 1 to Declaration of Larissa G. Nefulda.

In compliance with Magistrate Judge Rozella A. Oliver's requirements, Defendants' counsel gave both Robert Stempler and his co-counsel, Rand Bragg, verbal notice that Defendants are making this application. An email was also sent to them. Because Mr. Stempler refused to grant a one-week extension and because Defendants' counsel have not heard from Plaintiff's counsel after notice of the ex parte was given, Defendants assume Plaintiff opposes the application.

As set forth in detail hereafter, there are four reasons for the request for a one-

---

[1] The discovery cut-off is December 7, 2016 and a trial date has not been scheduled.

4819-1843-5896.1

2

week extension. First, the length of the documents would make it difficult for Defendants to review the documents and complete their portions of the joint statements in a week if these were the best of circumstances. Second, these are not the best of circumstances. Stephen Turner, one of the two attorneys who are representing the Defendants in this matter and is lead counsel, is dealing with both personal and medical issues that take him out of the office and which are distraction.

The third reason good cause exists is the other attorney representing the Defendants in this action, Larissa Nefulda, is currently drafting a lengthy Motion for Summary Judgment in a Superior Court action, which is due to be filed on September 16, 2016. The final reason good cause exists is, due to professional obligations, defendant William Goldsmith, whose involvement in the preparation of Defendants' portion of the joint statements is crucial, is unable to devote the time necessary to fully participate as needed.

For these reasons, and because Plaintiff will suffer no prejudice, Defendants request an additional week within which to prepare their portions of the joint statements.

## II.  PLAINTIFF'S PORTION OF THE JOINT STATEMENTS

At 3:30 p.m., on Tuesday, September 13, 2016, Plaintiff's counsel, Robert Stempler, served by email three documents. The first was Plaintiff's portion of a joint stipulation of counsel on Plaintiff Povilas Karcauskas' motion to compel further responses and document production from William I. Goldsmith. This document consists of 63 pages. A copy of this document is attached as Exhibit 2 to Declaration of Larissa G. Nefulda. The second document was Plaintiff's portion of a joint stipulation of counsel on Plaintiff's motion to compel further responses and document production from Goldsmith & Hull. This document is 83 pages. A copy of the document is attached as Exhibit 3 to Declaration of Larissa G. Nefulda. The

third document was an appendix of the exhibits Plaintiff is going to attach to a joint stipulation to a Motion to Compel.  This document consists of 110 pages.  A copy of the document is attached as Exhibit 4 to Declaration of Larissa G. Nefulda.

## III. GOOD CAUSE EXISTS TO GRANT DEFENDANTS' EX PARTE APPLICATION

There are four reasons why good cause exists to grant Defendants' Ex Parte Application.  First, it is unreasonable to expect Defendants to analyze and respond to three documents, totaling 256 pages in one week.  This would be unreasonable if this was the best of circumstances for Defendants' counsel, and it is not.

The second reason is that Stephen Turner is dealing with medical and personal issues at this time.  Although Mr. Turner would have preferred to have not been forced to disclose his personal and medical circumstances, because it is imperative for the Defendants that they are able to fully respond to the Plaintiff's three joint stipulations, he will do so.  First, Mr. Turner who has been treated for the past nine years for a blood disorder, recently was advised that one of the elements in his blood which is measured on a monthly basis has, suddenly and unexpectedly moved from the "safe zone" to an unsafe level.  This has been both a distraction and has necessitated that Mr. Turner undergo medical procedures and consult with his doctors who are adjusting his medication.  For example, on September 13th, 2016, the day Mr. Stempler e mailed the three documents, Mr. Turner  underwent a medical procedure and on September 14 consulted with one of his doctors.  On September 20, 2016 Mr. Turner will undergo an additional procedure.[2]  In addition

---

[2] Remarkably, Mr. Stempler is aware that Mr. Turner was dealing with medical issues. On September 9, 2016, Mr. Turner sent Mr. Stempler an email advising that he would not be able to respond to certain discovery issues Mr. Stempler had previously raised by the agreed upon deadline but would, the following week, this week, attempt to do so.  Despite being aware of Mr. Turner's condition Mr. (footnote continued)

to this, one of Mr. Turner family members has been recently admitted to hospice and is approaching death. This too has been a distraction. It is crucial that Mr. Turner, as the lead attorney in this case, be fully involved in preparing Defendants' portion of the joint statements.

The third reason why good cause exists is that the other attorney that is defending the defendants, Larissa Nefulda, is preparing a lengthy and complicated Motion for Summary Judgment in a Los Angeles Superior Court action, *Johannes v. Johannes*, case no. ED060172, which must be filed by this Friday, September 16, 2016.

The final reason why good cause exist is that one of the two parties from which Plaintiff seeks further responses, William Goldsmith, a practicing attorney, has various professional obligations to which he must attend. It is imperative that Mr. Goldsmith be fully involved in preparing Defendants' portion of the joint statements. Thus, additional time is required.

### IV. PLAINTIFF WILL SUFFER NO PREJUDICE IF DEFENDANTS' EX PARTE APPLICATION IS GRANTED

The discovery cut off in this case is December 7, 2016. There are no deadlines until early December. The deadline by which Plaintiff must bring a motion for class certification is April 20, 2017. Trial has not been scheduled. In short, Plaintiff will suffer not prejudice whatsoever if Defendants' Ex Parte Application is granted. On the other hand, Defendants will most definitely suffer prejudice if it is not.

---

Stempler proceeded to serve the three documents consisting of 256 pages and declined the request for an additional week in which to prepare Defendants' portion of the joint statements.

## V. CONCLUSION

Defendants and their counsel were startled by Mr. Stempler's refusal to give Defendants an additional week within which to prepare their portions of the joint statement. Under the circumstances, it would seem that professional courtesy mandated that he do so. Having not advised Defendants of the reason for his decision, Defendants assume he will advise the court. However, regardless of the reason, good cause exist for this Ex Parte Application to be granted. Defendants request that the Court do so.

DATED: September 15, 2016        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Larissa G. Nefulda*
    Stephen H. Turner
    Larissa G. Nefulda
    Attorneys for Defendants
    GOLDSMITH & HULL, APC and
    WILLIAM I. GOLDSMITH

4819-1843-5896.1

6

DEFENDANTS GOLDSMITH & HULL, APC AND WILLIAM I. GOLDSMITH'S EX PARTE APPLICATION TO EXTEND THE TIME PROVIDED BY LOCAL RULE 37-2.2 TO PROVIDE DEFENDANTS' PORTION OF THE STIPULATION BY ONE WEEK