LEWIS BRISBOIS BISGAARD & SMITH LLP
STEPHEN H. TURNER, SB# 89627
  E-Mail: Stephen.Turner@lewisbrisbois.com
LARISSA G. NEFULDA, SB# 201903
  E-Mail: Larissa.Nefulda@lewisbrisbois.com
633 West 5th Street, Ste. 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants
GOLDSMITH & HULL, APC and
WILLIAM I. GOLDSMITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POVILAS KARCAUSKAS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REGRESO FINANCIAL SERVICES LLC; GOLDSMITH & HULL, APC; WILLIAM I. GOLDSMITH; and DOES 1 to 10;<br><br>Defendants. | CASE NO. 2:15-cv-09225-FMO-RAOx<br><br>**DECLARATION OF STEPHEN H. TURNER FILED IN SUPPORT OF DEFENDANTS GOLDSMITH & HULL, APC AND WILLIAM I. GOLDSMITH'S EX PARTE APPLICATION FOR AN ADDITIONAL WEEK TO PREPARE THEIR PORTIONS IN TWO JOINT STATEMENTS WHICH WILL BE SUBMITTED BY PLAINTIFF TO COMPEL FURTHER DISCOVERY RESPONSES**<br><br>Plaintiff Opposes This Application<br><br>**DATE:**<br>**TIME:**<br>**COURTROOM: 22 (Spring Street)**<br><br>Trial Date:    March 21, 2017<br><br>[Hon. Fernando M. Olguin] |

///

///

///

4830-4290-4120.1

1

DECLARTION OF STEPHEN H. TURNER

I, Stephen H. Turner, declare that I am a partner in the law firm of Lewis Brisbois Bisgaard & Smith LLP.  I am familiar with the facts set forth in this declaration by my own knowledge and if called upon I could and would competently testify thereto.

1. On September 9, 2016, I sent Plaintiff's counsel, Robert Stempler, an email advising him that I was unable to respond to certain discover issues within the time I represented I would respond because I was dealing with a medical issue.  I advised that I would respond this week.

2. Although I would have preferred to keep private the medical and personal issues with which I am currently dealing because it is imperative that William I. Goldsmith and Goldsmith & Hull ("Defendants") have the opportunity to fully respond to Plaintiff's two joint stipulations, I am disclosing information which is pertinent to my clients' Ex Parte Application.  I am purposely limiting the information as much as possible.

3. Nine years ago I was diagnosed with a blood disorder which requires constant monitoring and daily medication.  At that time I was hospitalized for a week.

4. Approximately a month ago, one of the factors in my blood which is monitored, unexpectedly and inexplicably moved from a "safe zone" to an unsafe level.  This has required additional consultation with my doctors, additional medical procedures and modification of my medicine.  For example on September 16, 2016, the day Mr. Stempler sent the two joint statements and appendix to my partner Ms. Nefulda and to me, I had a medical procedure.  Then on September 14, 2016, I had a consultation.  I will have to have an additional procedure on September 20, 2016, the day when my clients' portions of the statements are currently due.

5. Despite the efforts of my doctors and the modification of my medicine, the factor remains at an unsafe level.  It has, however, improved.  It is hoped, and thought likely, that the factor will return to a safe level next week.  That will be a

great relief.

6. My efforts to address the unexpected change in my condition are both time consuming and a distraction. In addition, sadly, a family member has recently entered hospice care and is near death. That, too, is a distraction.

7. For those reasons my ability to concentrate and my time in the office have been adversely impacted. This will make it difficult for me to devote the time needed to review respond to the 256 pages submitted by Mr. Stempler in one week. Thus, an additional week is needed.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of September, 2016, at Los Angeles, California.

      /s/ Stephen H. Turner
Stephen H. Turner