LEWIS BRISBOIS BISGAARD & SMITH LLP
STEPHEN H. TURNER, SB# 89627
   E-Mail: Stephen.Turner@lewisbrisbois.com
LARISSA G. NEFULDA, SB# 201903
   E-Mail: Larissa.Nefulda@lewisbrisbois.com
633 West 5th Street, Ste. 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants
GOLDSMITH & HULL, APC and
WILLIAM I. GOLDSMITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POVILAS KARCAUSKAS, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>       vs.<br><br>REGRESO FINANCIAL SERVICES LLC; GOLDSMITH & HULL, APC; WILLIAM I. GOLDSMITH; and DOES 1 to 10;<br><br>              Defendants. | CASE NO. 2:15-cv-09225-FMO-RAOx<br><br>**DECLARATION OF LARISSA G. NEFULDA IN SUPPORT OF DEFENDANTS GOLDSMITH & HULL, APC AND WILLIAM I. GOLDSMITH'S EX PARTE APPLICATION TO EXTEND THE TIME PROVIDED BY LOCAL RULE 37-2.2 TO PROVIDE DEFENDANTS' PORTION OF THE STIPULATION BY ONE WEEK**<br><br>Trial Date:      March 21, 2017<br><br>[Hon. Fernando M. Olguin] |

## DECLARATION OF LARISSA G. NEFULDA

I, Larissa G. Nefulda, declare as follows:

1.      I am an attorney duly admitted to practice in all of the courts of the State of California and the United States District Court for the Central, Southern, Eastern and Western Districts of California.  I am a partner with Lewis Brisbois

1  Bisgaard & Smith LLP, attorneys of record for Defendants GOLDSMITH & HULL,
2  APC and WILLIAM I. GOLDSMITH (collectively "Defendants").  The facts set
3  forth herein are of my own personal knowledge, and if sworn I could and would
4  competently testify thereto.

5      2.     On September 13, 2016, at 3:29 p.m., I received an email from
6  Plaintiff's counsel, Robert Stempler, with three documents attached.  In the email,
7  Mr. Stempler requested that we provide him with Defendants' portion of the Joint
8  Stipulation to Plaintiff's Motion to Compel further responses as to Defendants,
9  within one-week pursuant to Local Rule 37-2.2.

10     3.     Attached hereto as Exhibit 1 is a true and correct copy of Mr.
11 Stempler's September 13, 2016 email.

12     4.     Attached hereto as Exhibit 2 is a true and correct copy of the "Exhibits
13 to be submitted with the Joint Stips," which were attached to Mr. Stempler's
14 September 13, 2016 email.

15     5.     Attached hereto as Exhibit 3 is a true and correct copy of the "Joint Stip
16 re Motion to Compel as to C&H," which were attached to Mr. Stempler's
17 September 13, 2016 email.

18     6.     Attached hereto as Exhibit 4 is a true and correct copy of the "Joint Stip
19 re Motion to Compel as to Mr. Goldsmith," which were attached to Mr. Stempler's
20 September 13, 2016 email.

21     7.     On September 14, 2016, at 12:20 p.m., I sent Mr. Stempler an email
22 requesting one additional week to respond because my co-counsel, Stephen H.
23 Turner, was dealing with health and personal issues.  I also advised that I was
24 working on a major motion in an unrelated case which was taking up the majority of
25 my time.  Attached hereto as Exhibit 5 is a true and correct copy of my September
26 14, 2016 email.

27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-5502-4184.1

2

8.     On September 14, 2016, at 12:36 p.m., Mr. Stempler responded to my email stating, "I am not able to grant your request for an extension to send us the defendants' response for the Joint Stipulations." Attached hereto as Exhibit 6 is a true and correct copy of Mr. Stempler's September 14, 2016 email.

9.     Pursuant to Magistrate Judge Rozella A. Oliver's Rules and Local Rule 7-19 and 7-19.1, I left a voice message with Plaintiff's counsel, Robert Stempler[1], on September 14, 2016, at approximately 2:15 p.m. and Plaintiff's co-counsel, Rand Bragg[2], on September 14, 2016, at approximately 2:20 p.m., to advise that we would be appearing ex parte to request a one-week extension of time to provide Defendants' portion of a Joint Stipulation to Plaintiff's Motion to Compel further discovery responses against Defendants. After I left the voice messages, I sent Messrs. Stempler and Bragg, an email providing notice of the ex parte application. I have not received a response to my voice messages or email. Attached hereto as Exhibit 7 is a true and correct copy of my September 14, 2016.

10.     My office also gave verbal notice of the ex parte application to counsel for Defendant, Regreso Financial Services, Michael Goldsmith[3] on September 14, 2014. Mr. Goldsmith does not oppose the ex parte application.

11.     I need additional time to provide Plaintiff's counsel with their portion of the Joint Stipulation and Declaration to Plaintiff's Motion to Compel because I have been working on a complicated motion for summary judgment in a Los

---

[1] Robert Stempler, Consumer Law Office of Robert Stempler APLC, PO Box 7145 Oxnard, CA 93031-7145, 805-246-2300, Fax: 805-576-7800, Email: stemplerlaw@gmail.com

[2] O Randolph Bragg, Horwitz Horwitz and Associates, 25 East Washington Street Suite 900, Chicago, IL 60602, 312-372-8822, Fax: 312-372-1673, Email: rand@horwitzlaw.com

[3] Michael Lawrence Goldsmith, Goldsmith and Hull APC, 16933 Parthenia Street Suite 110, Northridge, CA 91343, 818-990-6600, Fax: 818-990-6140, Email: govdept1@goldsmithcalaw.com

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-5502-4184.1

3

1  Angeles Superior Court action, *Johannes v.* Johannes, case no. ED060172, which

2  must be filed by this Friday, September 16, 2016.  The summary judgment motion is

3  in addition to other pressing work-related matters.  In addition, as set forth in the

4  declarations of Mr. Turner and our client, Mr. Goldsmith, they cannot devote the

5  time necessary to review Defendants' portions of the Joint Stipulation and

6  Declaration and provide their input before September 20, 2016.  It is imperative that

7  they are fully involved in the preparation of Defendants' portions of the Joint

8  Stipulation and Declaration.

9

10       I declare under penalty of perjury under the laws of California and the United

11  States of America that the foregoing is true and correct and that this declaration was

12  executed on September 15, 2016, at Los Angeles, California.

13

14                                    */s/ Larissa G. Nefulda*

15                                    Larissa G. Nefulda

16

17

18

19

20

21

22

23

24

25

26

27

28

4813-5502-4184.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DECLARATION OF LARISSA G. NEFULDA IN SUPPORT OF DEFENDANTS GOLDSMITH & HULL, APC
AND WILLIAM I. GOLDSMITH'S EX PARTE APPLICATION TO EXTEND THE TIME PROVIDED BY LOCAL
RULE 37-2.2 TO PROVIDE DEFENDANTS' PORTION OF THE STIPULATION BY ONE WEEK

**Nefulda, Larissa**

| | |
|---|---|
| **From:** | stemplerlaw@gmail.com on behalf of Robert Stempler <Robert@stopthecase.com> |
| **Sent:** | Tuesday, September 13, 2016 3:29 PM |
| **To:** | Nefulda, Larissa; Turner, Stephen; Rand Bragg; Robert Stempler |
| **Subject:** | Karcauskas v Goldsmith, Joint Stipulations and Exhibits for Motions to Compel Discovery |
| **Attachments:** | Exhibits to Attach to Joint Stipulation re Mtn Compel.pdf; Joint Stip as emailed Sept 13 re Goldsmith and Hull.pdf; Joint Stip as emailed Sept 13 re Mr Goldsmith.pdf |

Larissa and Stephen:

See attached 3 PDFs:
1. Exhibits to be submitted with the Joint Stips
3.  Joint Stip re Motion to Compel as to G&H,
3. Joint Stip re Motion to Compel as to Mr. Goldsmith.

Pursuant to our Joint Report, in particular Sections 2.1 and 2.2, please acknowledge receipt by email within 24 hours of transmission via email service.

Pursuant to Local Rule 37-2.2, within 7 days please email me with your declaration to be attached as Exhibit 5 (if you want) and your clients' responses to each of the items to be included in the Joint Stipulations, so that I can copy and paste it into the Joint Stipulations where appropriate.

Robert Stempler
Consumer Law Office of Robert Stempler
A Professional Law Corporation
Phone:     **(805) 246-2300**

Exh 1 Page 5

**Exhibit 1**

**Robert Stempler**, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
P.O. Box 7145
Oxnard, CA 93031-7145

Telephone (805) 246-2300
Fax: (805) 576-7800

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POVILAS KARCAUSKAS,<br>on behalf of himself and all<br>others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>R E G R E S O  F I N A N C I A L<br>SERVICES LLC;<br>GOLDSMITH & HULL, APC;<br>WILLIAM I. GOLDSMITH;<br>and DOES 1 to 10;<br><br>        Defendants. | Case No. 2:15-cv-9225<br><br>CLASS ACTION<br><br>COMPLAINT FOR:<br>1.    VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT;<br>2.    VIOLATING THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;<br><br>and DEMAND FOR JURY TRIAL |

///

///

///

- 1 -

Exh 2 Page 7

<u>Jurisdiction</u>

1.    Jurisdiction of this court arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

<u>Parties</u>

2.    The plaintiff, POVILAS KARCAUSKAS [" Plaintiff" or "Mr. Karcauskas"] is a natural person and a resident within this district.

3.    Defendant REGRESO FINANCIAL SERVICES LLC ["Regreso"] was, at all times relevant to this complaint, a California company, the principal business purpose of which is the collection of debts that were previously owed to another.

4.    Defendant GOLDSMITH & HULL, APC ["G&H"] was, at all times relevant to this complaint, an corporation, the principal business purpose of which is the collection of debts owed to others.

5.    Defendant WILLIAM I. GOLDSMITH ["Goldsmith"] was, at all times relevant to this complaint, an individual debt collector, whose principal business is the collection of debts owed to others.

6.    The true names and capacities of the defendants sued herein as DOES 1-10, inclusive, are unknown to plaintiff, at the present time.

<u>Facts Supporting Each Claim</u>

7.    Plaintiff Povilas Karcauskas received by U.S. Mail Defendants' collection letter dated September 9, 2015 sent in an attempt to collect a debt allegedly due Regreso, a copy of which is attached as Exhibit A.

8.    Plaintiff received by U.S. Mail Defendants' "Application for Renewal of Judgment" and "Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest" in the lawsuit Regreso Financial Services v. Povilas Karcauskas which were file stamped by the Clerk of the Court for

Exh 2 Page 8

the Superior Court of California on May 1, 2015. Copies of these Superior Court filings by defendants are attached as Exhibits B and C, respectively.

      9.    Plaintiff received by U.S. Mail the defendants' "Notice of Renewal of Judgment" in the lawsuit Regreso Financial Services v. Povilas Karcauskas which was file stamped by the Clerk of the Court for the Superior Court of California on May 1, 2015 and is attached as Exhibit D.

      10.    Several years ago Plaintiff had incurred a debt to Chase in a credit transaction used by Mr. Karcauskas to purchase goods or services for personal, family and household purposes.

      11.    Regreso acquired Plaintiff's alleged debt to Chase after it had gone into default.

      12.    Regreso retained the services of Defendants G&H and Goldsmith to collect Plaintiff's alleged Chase debt.

      13.    On April 2, 2015, the Secretary of State of the State of California suspended Regreso.

      14.    Regreso remained suspended by the Secretary of State from April 2, 2015 until Regreso revived its legal status on July 15, 2015.

      15.    The California Court of Appeal, in *Timberline, Inc. v. Jaisinghani*, 64 Cal.Rptr.2d 4, 7; 54 Cal.App.4th 1361, 1367 (Cal. Ct. App. 1997) held that a "corporation which was suspended . . . could not obtain renewal of judgment, even though corporation was in good standing when judgment was originally entered." On September 23, 2015, the Superior Court of California granted Plaintiff's motion to vacate the renewal of judgment.

      16.    Though Plaintiff's counsel advised Defendants that the Renewal of Judgment was defective and should be vacated, Defendants never withdrew their Renewal of Judgment or Memorandum of Costs, never requested dismissal of the collection case, and never filed a satisfaction of judgment in the collection case.

Exh 2 Page 9

17.    The California Court of Appeal, in *V & P Trading Co., Inc. v. United Charter, LLC*, 151 Cal.Rptr.3d 146, 149-150; 212 Cal.App.4th 126,132 (Cal. Ct. App. 2012) stated:

> Revenue and Taxation Code section 23301 provides that the corporate powers, rights, and privileges of a domestic taxpayer may be suspended if the corporation fails to pay certain taxes, penalties, or interest. "A corporation which has been suspended pursuant to section 23301 is without capacity to prosecute a civil action while suspended." ( *Welco Construction, Inc. v. Modulux, Inc.* (1975) 47 Cal.App.3d 69, 71, 120 Cal.Rptr. 572.) "Revenue and Taxations Code section 23305a provides for a certificate of revivor upon appropriate application by a corporation, and 'Upon the issuance of such a certificate by the Franchise Tax Board the taxpayer therein named shall become reinstated but such reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension....' "
> (*Welco*, at p. 71, 120 Cal.Rptr. 572, italics omitted.)

18.    In their collection letter, Exhibit A, Defendants represented that the case as being styled "Chase Manhattan Bank v. Povilas Karcauska," though there is no such case filing.  The collection case against Plaintiff is actually styled as "Regreso Financial Services LLC v. Povilas Karcauska."  (See Exhibits B, C and D.)

19.    Plaintiff was confused by Exhibit A.

20.    In their collection letter, Exhibit A, Defendants represented that "an employer must fully cooperate and follow the wage assignment as ordered by the Court."  There was no wage assignment order in the case.

21.    Defendants' communications, contained in Exhibits A, B, C and D, are each false, deceptive and misleading communications; a false and misleading means concerning debt collection; that nonpayment may result in the garnishment or attachment of the debtor's wages; misstate the character, amount or legal status of an

- 4 -

Exh 2 Page 10

1 alleged debt; are a false representation and deceptive means to collect a debt or obtain
2 information about a consumer; and constitute an unfair and unconscionable means to
3 collect or attempt to collect a debt.

4

5 Class Action Allegations

6     22.    This matter is brought as a class action defined as:

7         a.    (i) all persons having an address within the state of California (ii)
8 who were sent a communication from Defendants in the form of
9 Exhibits A, B, C, or D (iii) to recover a debt incurred for personal,
10 family, or household purposes (iv) due to Regreso (v) which was
11 not returned undelivered by the United States Postal Service (vi)
12 during the period of time from April 2, 2015 through July 14,
13 2015; and

14         b.    (i) all persons having an address within the state of California (ii)
15 who were sent a communication from defendants G&H or
16 Goldsmith in the form of Exhibit A (iii) to recover a debt incurred
17 for personal, family, or household purposes (iv) allegedly due to
18 an entity which acquired the debt after default and which was not
19 identified in the communication (v) which was not returned
20 undelivered by the United States Postal Service (vi) during the
21 period of time one year prior to the filing of the Complaint
22 through the date of class certification.

23     23.    The class is so numerous that joinder of all members is impractical.

24     24.    There are questions of law and fact common to the class, which
25 predominate over any questions affecting only individual class members. The
26 principal issue is whether the defendants' communications violated the Fair Debt
27 Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and the Rosenthal
28 Fair Debt Collection Practices Act, Cal. Civil Code § 1788.10, *et seq.* ("RFDCPA").

Exh 2 Page 11

25.    There are no individual questions, other than whether a class member was sent a communication in the form of Exhibits A, B, C, or D which can be determined by ministerial inspection of Defendants' records.

26.    Plaintiff will fairly and adequately protect the interests of the class.

27.    Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

28.    The questions of law and fact common to the class predominate over any issues involving only individual class members.  The principal factual issue is whether the defendants' communication in the form of Exhibits A, B, C, or D was sent to the class member.  The principal legal issue is whether Defendants' communications in the form of Exhibits A, B, C, or D violated the FDCPA and CA FDCPA.

29.    Plaintiff's claims are typical of the claims of the class, which all arise from the same operative acts and are based on the same legal theories.

30.    A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state law. The interest of class members in individually controlling the prosecution of separate claims against the defendants are small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

31.    The nature of notice will be U.S. Mail to the proposed class members.

///

///

///

Exh 2 Page 12

## CAUSES OF ACTION

### COUNT 1

### Against all defendants

### Violating the Fair Debt Collection Practices Act

32.     Paragraphs under the headings Parties, Facts Supporting Each Claim, and Class Allegations are incorporated by reference.

33.     Plaintiff is a "consumer," as defined at 15 U.S.C. § 1692a(3).

34.     Defendants are each a "debt collector," as defined at 15 U.S.C. § 1692a(6).

35.     Defendants violated the FDCPA in the following ways:

   a.     Violation of § 1692e by using a false, deceptive or misleading representation or means in connection with the collection of a debt.

   b.     Violation of § 1692e(2)(A) by making the false representation of the character, amount or legal status of a debt.

   c.     Violation of § 1692e(5) by making a threat to take any action that cannot legally be taken.

   d.     Violation of § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

   e.     Violation of § 1692f by the collection of any amount (including interest) that are not permitted by law.

36.     As a result of the defendants' violations of the FDCPA, Plaintiff and the class are entitled to an award of maximum statutory damages, costs and reasonable attorney's fees.

///

///

///

Exh 2 Page 13

## COUNT 2

### Against all Defendants except William I. Goldsmith

Violating the California Rosenthal Fair Debt Collection Practices Act

37.    Paragraphs under the headings Parties, Facts Supporting Each Claim, and Class Allegations are incorporated by reference.

38.    Plaintiff incorporates the violations of the FDCPA, as alleged above, pursuant to Cal. Civil Code § 1788.17.

WHEREFORE, plaintiff prays for judgment as follows:

1.    Certify this matter to proceed as a class action;

2.    Pursuant to 15 U.S.C. § 1692k(a), an award of the maximum statutory damages, costs and reasonable attorney's fees;

3.    Pursuant to Cal. Civil Code §§ 1788.17 and 1788.32, an award of the maximum statutory damages, costs and reasonable attorneys' fees;

4.    And for such other and further relief as the court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated: November 30, 2015

CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC


/s/ Robert Stempler
By: Robert Stempler,
Counsel for Plaintiff

- 8 -

Exh 2 Page 14

# TABLE OF EXHIBITS

Exhibit

A.      Collection letter dated September 9, 2015

B.      Application for Renewal of Judgment

C.      Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest

D.      Notice of Renewal of Judgment

Exh 2 Page 15

Case 2:15-cv-09225 Document 1-1 Filed 11/30/15 Page 1 of 11 Page ID #:387

**Exhibit A**

Exh 2 Page 16

**LAW OFFICES**
## GOLDSMITH & HULL
A PROFESSIONAL CORPORATION

16933 PARTHENIA STREET SUITE 110
NORTHRIDGE, CA 91343
(818) 990-6600
TELECOPIER (818) 990-6140
Info@GoldsmithCaLaw.com

September 9, 2015

Povilas Karcauska
11752 Mariposa Bay Ln.
Porter Ranch CA 91326

Re:    Chase Manhattan Bank vs. Povilas Karcauska
       Our File Number: 04004569
       Court Case Number: 181490
       **Judgment Amount: $23,287.41** plus interest and cost after judgment

Dear Mr. Karcauska:

    **A Civil Judgment has been obtained.** If you are employed, your employer must comply with a wage garnishment order, if it is levied upon them. **Pursuant to California Code of Civil Procedure §706.020-706.151, an employer must fully cooperate and follow the wage assignment as ordered by the Court.**

    Please contact this office **immediately** to further discuss your current options of resolving the balance due, or we will proceed in enforcing the judgment obtained.

Sincerely,

Goldsmith & Hull
A Professional Corporation

By: Christian Alarcon
Legal Assistant

L4AR

*This communication is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.*

Exh 2 Page 17

**Exhibit B**

**EJ-190**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to: William I. Goldsmith SBN
Goldsmith & Hull APC 04004569
16933 Parthenia Street Ste 110
Northridge, CA 91343
Northridge, CA 91343
TEL NO: 818-990-660 FAX NO. *(optional):* 818-990-614
E-MAIL ADDRESS *(Optional):* SUPERIOR COURT OF CALIF

| X | ATTORNEY FOR | X | JUDGMENT CREDITOR | | ASSIGNEE OF RECORD |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Admistration Drive Rm
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: SONOMA DISTRICT

FOR RECORDER'S USE ONLY

PLAINTIFF: REGRESO FINANCIAL SERVICES

DEFENDANT: POVILAS KARCAUSKA

CASE NUMBER:
181490

| APPLICATION FOR AND RENEWAL OF JUDGMENT | FOR COURT USE ONLY |

**FILED**

MAY - 1 2015

Clerk of the Superior Court of California
County of Sonoma
By_____
Deputy Clerk

| X | Judgment creditor
| | Assignee of record
applies for renewal of the judgment as follows:

1. Applicant *(name and address):* REGRESO FINANCIAL SERVICES
   c/o Goldsmith & Hull APC
   16933 Parthenia Street Ste 110
   Northridge, CA 91343

2. Judgment debtor *(name and last known address):*
   POVILAS KARCAUSKA
   11752 Mariposa Bay Ln.
   Porter Ranch, CA 91326

3. Original judgment
   a. Case number *(specify)* 181490
   b. Entered on *(date):* 6-2-2005
   c. Recorded:
      (1) Date: 9-19-2005
      (2) County: Sonoma County
      (3) Instrument No.: 2005138470

4. [ ] Judgment previously renewed *(specify each case number and date):*

5. [X] Renewal of money judgment
   a. Total judgment . . . . . . . . . . . . . . . . . . . . $  11,252.76
   b. Costs after judgment . . . . . . . . . . . . . . . $  0.00
   c. Subtotal *(add a and b)* . . . . . . . . . . . . . $  11,252.76
   d. Credits after judgment . . . . . . . . . . . . . . $  0.00
   e. Subtotal *(subtract d from c)* . . . . . . . . . . $  11,252.76
   f. Interest after judgment . . . . . . . . . . . . . . $  11,150.85
   g. Fee for filing renewal application . . . . . . . $  30.00
   h. Total renewed judgment *(add e, f, and g)* $  22,433.61
   i. [ ] The amounts called for in items a–h are different for each debtor.
      These amounts are stated for each debtor on Attachment 5.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-190 [Rev. July 1, 2014]

APPLICATION FOR AND RENEWAL OF JUDGMENT

Legal
Solutions
Plus

Code of Civil Procedure, § 683.140

Exh 2 Page 19

| SHORT TITLE: REGRESO vs POVILAS KARCAUSKA | CASE NUMBER:<br>181490 |
|---|---|

6. ☐ Renewal of judgment for    ☐ possession.
                                 ☐ sale.

   a. ☐ If judgment was not previously renewed, terms of judgment as entered:

   b. ☐ If judgment was previously renewed, terms of judgment as last renewed:

   c. ☐ Terms of judgment remaining unsatisfied:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 28, 2015

William I. Goldsmith
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF DECLARANT)

Exh 2 Page 20

**Exhibit C**

MC-012

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William I. Goldsmith SBN 82183<br>Goldsmith & Hull APC 04004569<br>16933 Parthenia Street Ste 110<br>Northridge, CA 91343<br>Northridge, CA 91343<br>TELEPHONE NO.: 818-990-6600   FAX NO.: 818-990-6140<br>ATTORNEY FOR *(Name):* PLAINTIFF | |

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA
STREET ADDRESS: 600 Admistration Drive Rm 107-J
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: SONOMA DISTRICT

**FILED**

MAY - 1 2015

Clerk of the Superior Court of California
County of Sonoma
By_____
Deputy Clerk

PLAINTIFF: REGRESO FINANCIAL SERVICES

DEFENDANT: POVILAS KARCAUSKA

| MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT<br>OF CREDIT, AND DECLARATION OF ACCRUED INTEREST | CASE NUMBER:<br>181490 |
|---|---|

1. I claim the following costs after judgment incurred within the last two years *(indicate if there are multiple items in any category):*

| | | Dates Incurred | Amount |
|---|---|---|---|
| a | Preparing and issuing abstract of judgment | | $ 0.00 |
| b | Recording and indexing abstract of judgment | | $ 0.00 |
| c | Filing notice of judgment lien on personal property | | $ 0.00 |
| d | Issuing writ of execution, to extent not satisfied by Code Civ. Proc., § 685.050 *(specify county):* | | $ 0.00 |
| e | Levying officers fees, to extent not satisfied by Code Civ. Proc., § 685.050 or wage garnishment | | $ 0.00 |
| f | Approved fee on application for order for appearance of judgment debtor, or other approved costs under Code Civ. Proc., § 708.110 et seq. | | $ 0.00 |
| g | Attorney fees, if allowed by Code Civ. Proc., § 685.040 | | $ 0.00 |
| h | Other: *(Statute authorizing cost):* | | $ 0.00 |
| i | Total of claimed costs for current memorandum of costs *(add items a-h)* | | $ 0.00 |

2. All previously allowed postjudgment costs: . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

3. Total of all postjudgment costs (add items 1 and 2): . . . . . . . . . . . . . . . . . . . . . **TOTAL** $ 0.00

4. **Acknowledgment of Credit.** I acknowledge total credit to date (including returns on levy process and direct payments) in the amount of: $ 0.00

5. **Declaration of Accrued Interest.** Interest on the judgment accruing at the legal rate from the date of entry on balances due after partial satisfactions and other credits in the amount of: $11,150.85

6. I am the ☐ judgment creditor ☐ agent for the judgment creditor ☒ attorney for the judgment creditor.

I have knowledge of the facts concerning the costs claimed above. To the best of my knowledge and belief, the costs claimed are correct, reasonable, and necessary, and have not been satisfied.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 28, 2015

William I. Goldsmith
(TYPE OR PRINT NAME)        (SIGNATURE OF DECLARANT)

**NOTICE TO THE JUDGMENT DEBTOR**

If this memorandum of costs is filed at the same time as an application for a writ of execution, any statutory costs, *not exceeding $100 in aggregate* and not already allowed by the court, may be included in the writ of execution. *The fees sought under this memorandum may be disallowed by the court upon a motion to tax filed by the debtor, notwithstanding the fees having been included in the writ of execution.* (Code Civ. Proc., § 685.070(e).) A motion to tax costs claimed in this memorandum must be filed within 10 days after service of the memorandum. (Code Civ. Proc., § 685.070(c).)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
MC-012 [Rev. January 1, 2011]

**MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT
OF CREDIT, AND DECLARATION OF ACCRUED INTEREST**

Legal
Solutions
Plus

Code of Civil Procedure
§ 685.070

Exh 2 Page 22

| | **MC-012** |
|---|---|
| SHORT TITLE: REGRESO vs POVILAS KARCAUSKA | CASE NUMBER:<br>181490 |

## PROOF OF SERVICE

☒ Mail ☐ Personal Service

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is *(specify):* 16933 PARTHENIA STREET Ste 110
   NORTHRIDGE, CA 91343

3. I mailed or personally delivered a copy of the *Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest* as follows *(complete either a or b):*

   a. ☒ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope AND
         (a) ☒ **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) ☒ **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served: POVILAS KARCAUSKA
         (b) Address on envelope: 11752 Mariposa Bay Ln.
            Porter Ranch, CA 91326

         (c) Date of mailing: April 28, 2015
         (d) Place of mailing *(city and state):* NORTHRIDGE, CA 91343

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 28, 2015

Jennifer Meyers
(TYPE OR PRINT NAME)                                          ▶                    (SIGNATURE OR DECLARANT)

Exh 2 Page 23

Print    Close

| Judgment Amount | Interest Rate | Judgment Date | | End Date | |
|---|---|---|---|---|---|
| $11,252.76 | 10.0000 % | 06/02/2005 | Click here to display the calendar. | 04/28/2015 | End Date |

## Results

| Judgment Amount | $11,252.76 | Daily Interest | $3.0829 | Days | 3617 |
|---|---|---|---|---|---|
| Principal Reduction | $0.00 | Interest Accrued | $0.00 | | |
| Principal Balance | $11,252.76 | Interest to Date | $11,150.85 | GRAND TOTAL | |
| Costs After Judgment | $0.00 | Total Interest | $11,150.85 | $22,403.61 | |

4/28/2015 7:43 AM

Exh 2 Page 24

**Exhibit D**

Exh 2 Page 25

EJ-195

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

William I. Goldsmith SBN 82183    818-990-6600
Goldsmith & Hull APC 04004569
16933 Parthenia Street Ste 110
Northridge, CA 91343
Northridge, CA 91343

ATTORNEY FOR *(Name)*: PLAINTIFF

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA
STREET ADDRESS: 600 Admistration Drive Rm 107-J
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: SONOMA DISTRICT

PLAINTIFF: REGRESO FINANCIAL SERVICES

DEFENDANT: POVILAS KARCAUSKA

**ENDORSED
FILED**

MAY - 1 2015

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

| NOTICE OF RENEWAL OF JUDGMENT | CASE NUMBER: 181490 |
|---|---|

TO JUDGMENT DEBTOR *(name)*: POVILAS KARCAUSKA

1. This renewal **extends** the period of enforceability of the judgment until 10 years from the date the application for renewal was filed.

2. If you **object** to this renewal, you may make a motion to vacate or modify the renewal with this court.

3. You must make this motion within **30 days** after service of this notice on you.

4. A copy of the *Application for and Renewal of Judgment* is attached *(Cal. Rules of Court, rule 3.1900).*

Date:    MAY - 1 2015    JOSE O. GUILLEN, Clerk, by     **Lupe Beas**    , Deputy

[SEAL]

See CCP 683.160 for information on method of service

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
EJ-195 [Rev. January 1, 2007]

**NOTICE OF RENEWAL OF JUDGMENT**



CCP 683.160

Exh 2 Page 26

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to:

>   District Judge  **Fernando M. Olguin**
>   Magistrate Judge  **Rozella A. Oliver**

The case number on all documents filed with the Court should read as follows:

**2:15−cv−09225−FMO−RAOx**

Most district judges in the Central District of California refer all discovery-related motions to the assigned magistrate judge pursuant to General Order No. 05-07. If this case has been assigned to either Judge Manuel L. Real or Judge Robert J. Timlin, discovery-related motions should generally be noticed for hearing before the assigned district judge. Otherwise, discovery-related motions should generally be noticed for hearing before the assigned magistrate judge. Please refer to the assigned judges' Procedures and Schedules, available on the Court's website at www.cacd.uscourts. gov/judges-requirements, for additional information.

Clerk, U.S. District Court

_December 1, 2015_
Date

By _/s/ Carmen Reyes_
Deputy Clerk

---

## ATTENTION

*The party that filed the case-initiating document in this case (for example, the complaint or the notice of removal) must serve a copy of this Notice on all parties served with the case-initiating document. In addition, if the case-initiating document in this case was electronically filed, the party that filed it must, upon receipt of this Notice, promptly deliver mandatory chambers copies of all previously filed documents to the newly assigned-district judge. See L.R. 5-4.5. A copy of this Notice should be attached to the first page of the mandatory chambers copy of the case-initiating document.*

Exh 2 Page 27

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| POVILAS KARCAUSKAS,<br>on behalf of himself and all<br>others similarly situated,<br><br>*Plaintiff(s)*<br>v.<br><br>REGRESO FINANCIAL SERVICES LLC;<br>GOLDSMITH & HULL, APC;<br>WILLIAM I. GOLDSMITH; and DOES 1 to 10<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  2:15-cv-09225 FMO-RAOx

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Robert Stempler
Consumer Law Office of Robert Stempler, APC
P.O. Box 7145
Oxnard, CA 93031-7145

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  12/1/2015

*Signature of Clerk or Deputy Clerk*

Exh 2 Page 28

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:15-cv-09225

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                         *Server's signature*

                                 _____
                                    *Printed name and title*


                                 _____
                                      *Server's address*

Additional information regarding attempted service, etc:


Exh 2 Page 29

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

POVILAS KARCAUSKAS

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

REGRESO FINANCIAL SERVICES LLC; GOLDSMITH & HULL, APC; WILLIAM I. GOLDSMITH; and DOES 1 to 10

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Robert Stempler, Telephone (805) 246-2300
Consumer Law Office of Robert Stempler, APC
P.O. Box 7145; Oxnard, CA 93031

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Fair Debt Collection Practices Act (-FDCPAZ), 15 U.S.C. § 1692k(d)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

Exh 2 Page 30

**FOR OFFICE USE ONLY:**   Case Number:   2:15-cv-09225

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | | Southern |
| | ☐ Riverside or San Bernardino | | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

Exh 2 Page 31

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?     ☒ NO     ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO     ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   /s/ Robert Stempler _____     DATE:   November 30, 2015 _____

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**Exh 2 Page 32**

**Exhibit 2**

LEWIS BRISBOIS BISGAARD & SMITH LLP
STEPHEN H. TURNER, SB# 89627
    E-Mail: Stephen.Turner@lewisbrisbois.com
LARISSA G. NEFULDA, SB# 201903
    E-Mail: Larissa.Nefulda@lewisbrisbois.com
633 West 5th Street, Ste. 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants
GOLDSMITH & HULL, APC and
WILLIAM I. GOLDSMITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POVILAS KARCAUSKAS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REGRESO FINANCIAL SERVICES LLC; GOLDSMITH & HULL, APC; WILLIAM I. GOLDSMITH; and DOES 1 to 10;<br><br>Defendants. | CASE NO. 2:15-cv-09225-FMO-RAOx<br><br>**DEFENDANTS GOLDSMITH & HULL, APC AND WILLIAM I. GOLDSMITH'S SECOND AMENDED ANSWER TO COMPLAINT**<br><br>Trial Date:      March 21, 2017<br><br>[Hon. Fernando M. Olguin] |

Defendants GOLDSMITH & HULL, APC and WILLIAM I. GOLDSMITH (collectively "Defendants"), by and through their undersigned counsel, hereby file their Second Amended Answer and Affirmative Defenses to the Plaintiff's Complaint filed by Plaintiff, POVILAS KARCAUSKAS ("Plaintiff").

/ / /

/ / /

/ / /

/ / /

4815-2161-3103.1

1

Exh 2 Page 34

DEFENDANTS GOLDSMITH & HULL, APC AND WILLIAM I. GOLDSMITH'S SECOND AMENDED ANSWER TO COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## Jurisdiction

1.      Defendants admit the allegations contained therein.

## Parties

2.      Defendants admit the allegations contained therein.

3.      Defendants admit the allegations contained therein.

4.      Defendants admit the allegations contained therein.

5.      Defendants admit the allegations contained therein.

6.      Defendants admit the allegations contained therein.

## Facts Supporting Each Claim

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and, therefore, deny the allegations.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and, therefore, deny the allegations.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and, therefore, deny the allegations.

10.      Defendants admit the allegations contained therein.

11.      Defendants admit the allegations contained therein.

12.      Defendants admit the allegations contained therein.

13.      Defendants admit the allegations contained therein.

14.      Defendants admit the allegations contained therein.

15.      Defendants admit the allegations contained therein.

16.      Defendants admit the allegations contained therein.

17.      Defendants admit the allegations contained therein.

18.      Defendants admit the allegations contained therein.

19.      Defendants are without knowledge or information sufficient to form a

4815-2161-3103.1

2

DEFENDANTS GOLDSMITH & HULL, APC AND WILLIAM I. GOLDSMITH'S SECOND AMENDED ANSWER TO COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  | belief as to the truth of the remaining allegations contained in paragraph 19 of the

2  | Complaint and, therefore, deny the allegations.

3  |      20.    Defendants admit the allegations contained therein.

4  |      21.    Defendants deny the allegations contained therein.

5  | **<u>Class Action Allegations</u>**

6  |      22.    Defendants deny the allegations contained therein.

7  |      23.    Defendants deny the allegations contained therein.

8  |      24.    Defendants deny the allegations contained therein.

9  |      25.    Defendants deny the allegations contained therein.

10 |      26.    Defendants deny the allegations contained therein.

11 |      27.    Defendants deny the allegations contained therein.

12 |      28.    Defendants deny the allegations contained therein.

13 |      29.    Defendants deny the allegations contained therein.

14 |      30.    Defendants deny the allegations contained therein.

15 |      31.    Defendants deny the allegations contained therein.

16 | **<u>COUNT 1</u>**

17 |      32.    Defendants respond to the allegations contained in the previous

18 | paragraphs of the Complaint as set forth above.

19 |      33.    Defendants admit the allegations contained therein.

20 |      34.    Defendants admit the allegations contained therein.

21 |      35.    Defendants deny the allegations contained in paragraph 35, subsections

22 | a through 5 of the Complaint.

23 |      36.    Defendants deny the allegations contained therein.

24 | **<u>COUNT 2</u>**

25 |      37.    Defendants respond to the allegations contained in the previous

26 | paragraphs of the Complaint as set forth above.

27 |      38.    Defendants deny the allegations contained therein.

28 | ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-2161-3103.1

3

Exh 2 Page 36

DEFENDANTS GOLDSMITH & HULL, APC AND WILLIAM I. GOLDSMITH'S SECOND AMENDED ANSWER
TO COMPLAINT

# AFFIRMATIVE DEFENSE

## (Bona Fide Error Defense)

3   Defendants allege that Plaintiff's claims are barred on the basis that any
4  statutory violation was the unintentional result of a bona fide error.  Defendants
5  maintain reasonable procedures to prevent the errors that occurred in this case.

6   Defendants allege that they unintentionally and mistakenly misrepresented the
7  status and involvement of the original creditor, Chase Manhattan Bank, in their
8  September 9, 2015 letter to Plaintiff.  For accounts Defendants receive from their
9  debt buyer clients, Defendants' policy and procedure is to sue in the name of the
10  debt buyer client, and not the name of the original creditor.  In this case,
11  Defendants' received Plaintiff's account from Defendant Regreso Financial
12  Services, LLC ("Regreso").  Regreso is a debt buyer.  Based on Defendants' policy
13  and procedure, Defendants' employee should have identified the plaintiff in the
14  September 9, 2015 letter as Regreso, and not Chase Manhattan Bank.  The error
15  occurred due to the failure of Defendants' employee to follow Defendants' policy
16  and procedure in identifying Regreso as the plaintiff in the September 9, 2015 letter
17  and failure to verify the case information, including names of parties, before the
18  letter was sent.

19   Defendants allege that they unintentionally and mistakenly sought a renewal
20  of the judgment obtained by Regreso against Plaintiff when, unbeknownst to
21  Defendants, Regreso was suspended by the California Secretary of State.
22  Defendants' policy and procedure is to rely on their clients' representation that the
23  clients are in good standing with the California Secretary of State.  Defendants
24  reasonably relied upon the representations of their client Regreso, that Regreso was
25  a corporation in good standing with the California Secretary of State.  Defendants
26  had no reason to believe that Regreso was suspended by the California Secretary of
27  State at the time Defendants sought a renewal of judgment.  As soon as they learned
28  of Regreso's suspended status, Defendants notified Regreso.

Exh 2 Page 37

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter judgment against Plaintiff and in favor of Defendants in connection with all claims for relief in the Complaint, award Defendants their reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

DATED: April 7, 2016                    LEWIS BRISBOIS BISGAARD & SMITH LLP


                                        By: _____/s/ Larissa G. Nefulda_____
                                            Stephen H. Turner
                                            Larissa G. Nefulda
                                            Attorneys for Defendants
                                            GOLDSMITH & HULL, APC and
                                            WILLIAM I. GOLDSMITH

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**Exhibit 3**

GOLDSMITH & HULL, APC/File No.04004569
Michael L. Goldsmith, SBN 291700
A Professional Corporation
16933 Parthenia Street
Northridge, CA 91343
818-990-6600  Fax: 818-990-6140
Govdept1@goldsmithcalaw.com

Attorneys for Defendant
REGRESSO FINANCIAL SERVICES LLC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POVILAS KARCAUSKAS, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>REGRESO FINANCIAL SERVICES LLC; GOLDSMITH & HULL, APC; WILLIAM I. GOLDSMITH; and DOES 1 to 10,<br><br>                    Defendant. | CASE NO. 2:15-cv-09225-FMO-RAOx<br><br>**DEFENDANT REGRESSO FINANCIAL SERVICES LLC'S FIRST AMENDED ANSWER**<br><br>Trial Date:  Not Assigned<br><br>[Hon. Fernando M. Olguin] |

Defendant REGRESSO FINANCIAL SERVICES LL'S  (hereinafter "Defendant"), by and through their undersigned counsel, hereby file their First Amended Answer and Affirmative Defenses to the Plaintiff's Complaint filed by Plaintiff, POVILAS KARCAUSKAS ("Plaintiff").

/ / /

Exh 2 Page 40

## Jurisdiction

1.      Defendant admit the allegations contained therein.

## Parties

2.      Defendant admit the allegations contained therein.

3.      Defendant admit the allegations contained therein.

4.      Defendant admit the allegations contained therein.

5.      Defendant admit the allegations contained therein.

6.      Defendant admit the allegations contained therein.

## Facts Supporting Each Claim

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and, therefore, deny the allegations.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and, therefore, deny the allegations.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and, therefore, deny the allegations.

10.     Defendant admits the allegations contained therein.

11.     Defendant admits the allegations contained therein.

12.     Defendant admits the allegations contained therein.

13.     Defendant admits the allegations contained therein.  To no fault of Defendant, the California Secretary of State sent the renewal of license to an old address.  Once knowledge of Defendant became aware of its suspension, Defendant immediately paid the renewal fees to invalidate the suspension.

14.     Defendant admits the allegations contained therein.  To no fault of

DEFENDANT REGRESSO FINANCIAL SERVICES LLC'S FIRST AMENDED ANSWER TO COMPLAINT

Defendant, the California Secretary of State sent the renewal of license to an old address.  Once knowledge of Defendant became aware of its suspension, Defendant immediately paid the renewal fees to invalidate the suspension.

15. Defendant admits the allegations contained therein.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and, therefore, deny the allegations.

17. Defendant admits the allegations contained therein.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and, therefore, deny the allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and, therefore, deny the allegations.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and, therefore, deny the allegations.

21. Defendant deny the allegations contained therein.

Exh 2 Page 42

## Class Action Allegations

22. Defendant denies the allegations contained therein.

23. Defendant denies the allegations contained therein.

24. Defendant denies the allegations contained therein.

25. Defendant denies the allegations contained therein.

26. Defendant denies the allegations contained therein.

27. Defendant denies the allegations contained therein.

28. Defendant denies the allegations contained therein.

29. Defendant denies the allegations contained therein.

30. Defendant denies the allegations contained therein.

31. Defendant denies the allegations contained therein.

## COUNT 1

32. Defendant respond to the allegations contained in the previous paragraphs of the Complaint as set forth above.

33. Defendant admits the allegations contained therein.

34. Defendant admits the allegations contained therein.

35. Defendant denies the allegations contained in paragraph 35, subsections a through 5 of the Complaint.

36. Defendant denies the allegations contained therein.

## COUNT 2

37. Defendant respond to the allegations contained in the previous paragraphs of the Complaint as set forth above.

38. Defendant denies the allegations contained therein.

/ / /

Exh 2 Page 43

DEFENDANT REGRESSO FINANCIAL SERVICES LLC'S FIRST AMENDED ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSE
### (Bona Fide Error Defense)

Plaintiff's claims against Defendant under the FDCPA must be dismissed because any alleged violation was the result of a bona fide error notwithstanding the maintenance of procedures to prevent such errors.  Defendant relies on the work of Goldsmith & Hull and is not actively involved in collection activities.  Specifically, to the extent that Plaintiff claims Defendant misrepresented the status and involvement of the original creditor, Defendant received the amount when it purchased the debt.  To the extent that Plaintiff claims Defendant threatened actions that cannot legally be taken, Defendant relies on the work Goldsmith & Hull for day to day collection activities.  To the extent that Plaintiff claims Defendant attempted to collect an amount not permitted by law, Defendant verified the amount owed by Plaintiff when it purchased the debt.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint, award Defendant their reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

Dated: March 9, 2015                    GOLDSMITH & HULL, APC


_____/s/_____

Michael L. Goldsmith,
GOLDSMITH & HULL, APC
Attorneys for REGRESSO FINANCIAL SERVICES LLC.

Exh 2 Page 44

DEFENDANT REGRESSO FINANCIAL SERVICES LLC'S FIRST AMENDED ANSWER TO COMPLAINT

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 16933 PARTHENIA ST. NORTHRIDGE, CALIFORNIA 91343.

On March 9, 2016, I served the foregoing document described as **DEFENDANT REGRESSO FINANCIA SERVICES LLC'S FIRST AMENDED ANSWER TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

See Service List

[ ]   (By Mail) On March 9, 2016, I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at NORTHRIDGE, CALIFORNIA

[ ]   (State)I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   (Federal)I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

[X]   (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above

   /S/ _____
S. Molina

Exh 2 Page 45

DEFENDANT REGRESSO FINANCIAL SERVICES LLC'S FIRST AMENDED ANSWER TO COMPLAINT

Case 2:15-cv-09225-FMO-RAO   Document 50-2   Filed 03/09/16   Page 7 of 7   Page ID #:423
Case 2:15-cv-09225-FMO-RAO   Document 50-2   Filed 09/09/16   Page 46 of 268   Page ID
#:417

# SERVICE LIST
*Karcauskas v. Regreso Financial Services, LLC, et al.*
United States District Court Case No.: 15-CV-09225-FMO-RAOx

Robert Stempler, Esq.
CONSUMER LAW OFFICE OF ROBERT STEMPLER APLC
P.O. Box 7145
Oxnard, CA 93031-7145
805-246-2300
Fax: 805-576-7800
Email: stemplerlaw@gmail.com
*Attorneys for Plaintiff*

O Randolph Bragg, Esq.
HORWITZ HORWITZ & ASSOCIATES
25 East Washington Street Suite 900
Chicago, IL 60602
312-372-8822
Fax: 312-372-1673
Email: rand@horwitzlaw.com
Pro Hac Vice
*Attorneys for Plaintiff*

Larissa Nefulda, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP.
633 West 5th Street, Ste. 4000
Los Angeles, CA 90071
Email: Larissa.Nefulda@lewisbrisbois.com
Attorney for Defendants, Goldsmith & Hull APC & William I. Goldsmith

Stephen H. Turner, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP.
633 West 5th Street, Ste. 4000
Los Angeles, CA 90071
Email: Stephen.Turner@lewisbrisbois.com
Attorney for Defendants, Goldsmith & Hull APC & William I. Goldsmith

Exh 2 Page 46

DEFENDANT REGRESSO FINANCIAL SERVICES LLC'S FIRST AMENDED ANSWER TO COMPLAINT

**Exhibit 4**

1  Robert Stempler, Cal. Bar No. 160299
   Email: Robert@StopCollectionHarassment.com
2  CONSUMER LAW OFFICE OF
   ROBERT STEMPLER, APC
3  P.O. Box 7145; Oxnard, CA 93031-7145
   Telephone (805) 246-2300
4  Fax: (805) 576-7800

5  O. Randolph Bragg, Attorney Admitted *Pro Hac Vice*
   Email: rand@horwitzlaw.com
6  HORWITZ, HORWITZ & ASSOCIATES
   25 East Washington Street, Suite 900; Chicago, IL 60602
7  Telephone (312) 372-8822
   Facsimile (312) 372-1673
8

9  Counsel for Plaintiff-Moving Party

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14  POVILAS KARCAUSKAS,            )  Case No. 2:15-cv-09225-FMO-RAOx
    on behalf of himself and all   )
15  others similarly situated,      )  DECLARATION   OF   ROBERT
                                    )  STEMPLER IN SUPPORT OF PLAINTIFF
16              Plaintiff,          )  POVILAS KARCAUSKAS' MOTION TO
                                    )  COMPEL FURTHER RESPONSES AND
17         vs.                      )  DOCUMENT PRODUCTION
                                    )
18  REGRESO   FINANCIAL)
    SERVICES LLC; et al.;           )
19                                  )
              Defendants.           )
20                                  )
                                    )
21                                  )
                                    )
22  ─────────────────────────

23

24  ///

25  ///

26  ///

27

28
                        - 1 -
                                        Exh 2 Page 48

I, Robert Stempler, declare under penalty of perjury, as provided by the laws of the United States, at 28 U.S.C. § 1746, that the following statements are true:

1.      I am an attorney and counselor at law, duly admitted to practice before this court, and one of the counsel of record for the plaintiff.

2.      In my capacity as a counsel of record for the plaintiff, I have personal knowledge of the matters stated in this declaration.

3.      This declaration is being submitted in support of the Plaintiff's motion to compel further responses and document production from defendant GOLDSMITH & HULL, APC (referred to as "G&H") and from defendant WILLIAM I. GOLDSMITH (referred to as "Goldsmith") (referred to collectively as "Defendants") to Plaintiff's written discovery requests, as indicated in the joint stipulation.

Authentication of Exhibits Attached to the Joint Stipulation

4.      Attached as Exhibit 6 is a true and correct copy of the printout pertaining to Plaintiff from G&H's computer collection system, as emailed to me on August 9, 2016 from the defendants' law office, by Erika Gomez, Legal Assistant to Stephen H. Turner and Larissa Nefulda.

5.      Attached as Exhibits 1, 2, 3, 7, 8 and 9 is a true and correct copy of pleadings and orders filed in this case, pursuant to Local Rule 37-2.1.

Meet and Confer Efforts related to the Disputed Discovery

6.      On May 18, 2016, I sent by email to the responding parties' counsel Plaintiff's meet and confer letter related to their first sets of discovery responses, which consisted of 42 single-spaced pages in Times New Roman 12-point font. The letter requested that we meet and confer within 10 days, pursuant to L.R. 37-1 and FRCP rule 37. I expended 5.4 hours preparing it.

7.      On May 31, 2016, Mr. Bragg and I met and conferred with one of Responding Party's counsel, Larissa Nefulda, concerning the items in dispute,

Exh 2 Page 49

pursuant to Plaintiff's meet and confer letter. The conversation length was 0.80 hours and we discussed the items in dispute, pursuant to the meet and confer letter. Related to the items that are the subject of this motion, our meet and confer phone conversation covered the proposed resolutions indicated under Plaintiff's contentions in the Joint Stipulation regarding that particular item. Ms. Nefulda agreed to serve amended responses by June 8, 2016 and we agreed to send her a clarification related to interrogatory #10, which I sent her by email later that day, to wit:

> Letters in the form of EXHIBIT A means letters sent by G&H on or after November 30, 2014 containing the language: "A Civil Judgment has been obtained. If you are employed, your employer must comply with a wage garnishment order, if it is levied upon them. Pursuant to California Code of Civil Procedure §706.020-706.151, an employer must fully cooperate and follow the wage assignment as ordered by the Court."

8.      On June 2, 2016, as part of our meet and confer efforts, I received by email from Ms. Nefulda a proposed stipulation for protective order. After several exchanges with counsel of revised drafts, the parties agreed to a protective order, which the Court entered as Docket No. 54 on July 7, 2016.

9.      On June 9, 2016, we received by email an invitation to download amended discovery responses from the Defendants, which resolved some of Plaintiff's concerns but left many other concerns unresolved.

10.     On June 13, 2016, I sent by email to the responding parties' counsel Plaintiff's meet and confer letter related to their first sets of discovery responses as amended, which consisted of 42 single-spaced pages in Times New Roman 12-point font. The letter requested that we meet and confer within 10 days, pursuant to L.R. 37-1 and FRCP rule 37. I expended 3.8 hours preparing it.

11.     On June 23, 2016, I met and conferred with one of Responding Party's counsel, Larissa Nefulda, concerning the items in dispute, pursuant to Plaintiff's meet and confer letter. The conversation length was 1.20 hours and we discussed the items

Exh 2 Page 50

1   in dispute, pursuant to the meet and confer letter.  Related to the items that are the

2   subject of this motion, our meet and confer phone conversation covered the proposed

3   resolutions indicated under Plaintiff's contentions in the Joint Stipulation regarding

4   that particular item. Ms. Nefulda agreed to serve further amended responses.

5        12.   On June 29, 2016, we received by email the second amended discovery

6   responses from the Defendants, which resolved several more of Plaintiff's concerns

7   but left many other concerns unresolved.   On this date, we also received the

8   Defendants' responses to Plaintiff's sets number 2.

9        13.   On July 5, 2016, I sent by email to the responding parties' counsel

10   Plaintiff's meet and confer letter related to their second sets of discovery responses,

11   which consisted of 34 single-spaced pages in Times New Roman 12-point font.  The

12   letter requested that we meet and confer within 10 days, pursuant to L.R. 37-1 and

13   FRCP rule 37.  I expended 2.5 hours preparing it.

14        14.   On July 18, 2016, I met and conferred with one of Responding Party's

15   counsel, Larissa Nefulda, concerning the items in dispute, pursuant to Plaintiff's meet

16   and confer letter.  The conversation length was 0.60 hours and we discussed the items

17   in dispute, pursuant to the meet and confer letter, but since this conversation included

18   about 0.10 hours of other matters, I attribute only 0.50 hours to this discovery dispute.

19   Related to the items that are the subject of this motion, our meet and confer phone

20   conversation covered the proposed resolutions indicated under Plaintiff's contentions

21   in the Joint Stipulation regarding that particular item.  Ms. Nefulda agreed to serve

22   further amended responses.

23        15.   On August 5, 2016, we received by email the amended discovery

24   responses from the Defendants to sets number 2, which resolved some of Plaintiff's

25   concerns but left many other concerns unresolved.

26        16.   On August 9, 2016, we received by email the documents from the

27   Defendants that were internally numbered GH 000201 thru GH 000222, of which 201

28

- 4 -

Exh 2 Page 51

thru 204 were designated as "CONFIDENTIAL" as they pertain to the redacted financial statements of G&H for the calendar years 2014 and 2015.

17.   On August 11, 2016, Plaintiff took the deposition of G&H's Rule 30(b)(6) witness, who was Mr. Goldsmith.

18.   On August 26, 2016, I received a link from the court reporter, Huseby Inc., formerly known as Maxene Weinberg Agency, which allowed me to access the deposition transcript from August 11, 2016.

19.   On August 31, 2016, I called Ms. Nefulda and left a voice message then sent an email to the defendants' counsel requesting a phone conference. Shortly after, Mr. Turner contacted me and we had further telephone meet and confer on several subjects, which remained unresolved from the written discovery and production of documents GH 000201 thru GH 000222 and the deposition of G&H. In particular, we discussed the missing financial information as to G&H and production of the collection call logs for other consumers, similar to the collection call logs that Defendants produced for Mr. Karcauskas on August 5, 2016.  Mr. Turner advised me that he would attempt to provide the requested information within a week.  During our meet and confer, I advised Mr. Turner of two U.S. District Court cases related to a motion to compel documents needed to determine an FDCPA defendant's net worth, then I emailed those case citations to him and Ms. Nefulda that afternoon.  We also discussed getting further financial statements and unredacted financial statements and the name of the accountant who prepared the financial statements, which we had also discussed during the deposition.  The conversation length was 0.50 hours.

20.   On September 9, 2016, Mr. Turner emailed me that he had to deal with a medical issue, so he was unable to timely provide me further information on the subject that we discussed on August 31, 2016.

21.   On September 13, 2016, I emailed to the counsel for Defendants the Joint Stipulation (as prepared for Plaintiff's contentions), this declaration, and the exhibits in support of the motion to compel.

Exh 2 Page 52

22.   Despite the foregoing meet and confer efforts and Plaintiff's counsel's requests to fully respond and withdraw the improperly asserted objections, the responding party failed to fully respond to/answer/produce documents responsive to each of the disputed items included in the Joint Stipulation.  Thus, this motion to compel is necessary to obtain sufficient discovery responses on numerosity of class members, Defendants' net worth, and approval and use of the L4AR form letters (Exhibit A to the Complaint).

Preparation of Plaintiff's Motion to Compel and Support Declaration

23.   If the Court sees fit to award attorney's fees, pursuant to rule 37(a)(5) of the Federal Rules of Civil Procedure, against the responding party and/or its counsel, my co-counsel and I will file an appropriate declaration of Plaintiff's fees and costs incurred.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed September 13, 2016.

/s/
Robert Stempler, as one of the
Attorneys for Plaintiff

- 6 -

Exh 2 Page 53

**Exhibit 5**

# Exhibit 6



GII 000205

| Review Open | Post Judgment | File:04004569 | Time:32:35:53 |
|---|---|---|---|

Client: 1716   Regreso Financial Services          File:549104142500227B4          Thru:08/08/2016
Coco:   0                                          CFile:                                 Placed:   8443.94
Cred:   0   Chase Manhattan Bank        Atty:   5      Coll:   64          Charges:  14043.67
Legal Info: 118-CA-[J] 181490         Para:  86      Sales:   0          Int:10.00%:   2839.00
Status: Status - SCD              Status: SCD   03/26/2007          Credits:
Per Diem:          6.1054             Doc:L4AR   01/04/2016          Total Due:  25326.61

DEBTORS = 1

| 1 | Relation | Debtor | RF | Phone | City | St | A | I | E | B | C | J | R | P |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | MAIN | Karcauska/Povilas-NO LETTE | | Cease & Desist | Porter Ranch | CA | | | E | | | J | | |

Status: SCD          03/26/2007   Status - SCD                      PSchd:
L -Doc:L4AR        01/04/2016   POST JUDG. PRE-GARN. LETTER        Diary:        Type:
S-Code:SCM         04/27/2016   09:19 ***************            Paymt:
L -Pay:                                                            N Due:
                                                                  N Amt:

D.Rcvd:10/05/2004    Comm:17.0    Venue:  118#181490              $Late:
E-Ref#:K37929        Sfee:0.00    Suit:02/14/2005          8443.94   Tot $:
D.Debt:04/15/2002    LawL:        Jmt:05/01/2015          221.33.61   Pault:

Enter Judgment Amount
*Note: DO Not Change this amount expecting the balance to change
[MASTER_JMT_AMT]
F44 or FZZY

Select Screen (1-8) ?

| Status | Payment | Jdge | Creditor | Debtor | Attst | Review | Notes |
|---|---|---|---|---|---|---|---|
| Aud Cont | Paperwex | VR | Diary | CI limts | Summery | Next | Qt |

[40]H169 | Chase Manhattan Ban V. Karcauska/Povilas K | $22,497.61/ $25,326.61

GH 000206
Exh 2 Page 57

Employer Number: 15872                    1-3-410a

Employer Name: Brand Batteries LLC
        Street: 4407 W Sunset Blvd #296
        PO Box:
    City, State: Los Angeles CA                    Zip: 90027

        Phone: 877/413-5397
    Extension: 310/598-5223
            Fax: 310/598-5917

    Attention:
    Salutation:
    Payroll Dept:

        Email:
    Home Page:

Exh 2 Page 58

GH 000207



GH-000208

perless File for FILENO: 040045569
ur FILENO: 5491041429002784
eport FILENO:
ated 08/08/2016
age 1

hase Manhattan Ba                          |Vs.  |Karcauska/Povilas-

**Court Case:**
**Judgment:** 181490

**Debtor Balance:** $22,433.61
**Judgment:** $22,487.61
**Interest Due:** $2,839.00
**Total Due:** $25,326.61

| Date | Time | Init | Code | Notes |
|---|---|---|---|---|
| 10/05/2004 | 14:20:58 | VB | *D1_STRT | 124 CASAB |
|  |  |  | *COMM | Added new Information |
| 10/12/2004 | 16:18:46 | VB | *SFEE | Added new Information |
| 10/12/2004 |  |  | L924 | DEMAND LETTER/REGRESO |
| 10/13/2004 | 12:06:13 | RS | RS | 12:06 s1 |
| 10/13/2004 |  |  | s4 | Initial Demand made |
|  |  |  | s5 | Attempting Contact w/Dtr |
| 10/13/2004 | 15:42:41 | VB | L925 | DEBTOR ADDRESS LABLE |
| 10/14/2004 | 14:58.58 | VB | L924 | DEMAND LETTER/REGRESO |
| 10/15/2004 | 12:14.09 | RS | *Paralgl | Paralegal # Changed from 1 to 66 |
|  |  |  | *Attorny | Attorney # Changed from 1 to 18 |
|  |  |  | *Colictr | Added new Collector # #66 |
| 10/25/2004 | 12.20.49 | MO | Michael | Owner Name: EDDY STEPHANY B |

GH 000209
Exh 2 Page 60

aperless File for FILENO: 04004569
our FILENO: 54910414290027B4
epon FILENO:
ate 08/08/2016
age 2

| Date | Time | Init | Code | Notes |
|---|---|---|---|---|
| | | | | Mail Addr: 124 CASABELLA DR |
| | | | | SONOMA, CA 95476-3389 |
| | | | | Phone (707) 933-8118 |
| | | | | Ownership Rights: |
| | | | | Owner Relationship: DIVORCED |
| | | | | Parcel Number: 056132005 |
| | | | | Property Addr: 124 CASABELLA DR |
| | | | | SONOMA, CA 95476-3389 |
| | | | | County: Sonoma |
| | | | | FIPS Code: 06097 |
| | | | | Carrier Route: C024 |
| | | | | Legal Description: MAP C4 168 |
| | | | | Seller: NISSON JOHN E & HOPE D |
| | | | | Sale Date: 11/15/1999   Sale Price: $255,000.00 |
| | | | | Number of sale records found: 3 |
| | | | | Recent sale? Yes |
| | 12:20 | | Michael | 12:20 the d is a renter *** |
| | 12:22:40 | | Michael | 12:22 called hp gl a/m lft mesg for the d to call me back ** |
| | 12:23:09 | | s5 | Attempting Contact w/Dtr |
| | 12:24:59 | | Michael | 12:24 called the hp tt to pmprty owner son sd tht the d is nt living there they purchased the horne from the people who rented the horne to the d ***** |
| | | | s5 | Attempting Contact w/Dtr |
| | 12:28:04 | | Michael | 12:28 checkd accurint gt same adtress and poss hp its disco** |
| | | | *D1_NAME | KARCAUSKA/POVILAS |
| | | | *D1_STRT | 124 CASABELLA CR |

GH 000210

Exh 2 Page 61

aperless File for FILENO: 04004569
our FILENO: 5491041429002784
epor FILENO:
ate 08/08/2016
age  3

| Date | Time | Init | Code | Notes |
|------|------|------|------|-------|
| | | | *D1_CSZ | SONOMA CA              95476 |
| | | | *D1_SSN | 613982348 |
| | | | *FILE# | 5491041429002784 |
| 16:07:49 | | L473 | | Tenancy Verification Ltr |
| 10/27/2004 | 14:06:04 | SR | SR | 14:06 Ph RA # lmlc on answ mach... |
| | | | S5 | Attempting Contact w/Dtr |
| 10/29/2004 | 09:19:50 | RR | RR | 09:19 No assets or pl#$***merlin, accunthl,<br>power finder $ prf. |
| 10/28/2004 | 15:58:36 | MD | Michael | 15:58 recieved call from proprty owner sd that<br>she has owned proprty for over 5yrs no such<br>person **** |
| 11/03/2004 | 14:09:38 | VB | L472 | Post Office Box search   Lso Angeles |
| 11/09/2004 | 18:40:48 | MD | Michael | 18:40 called hp gt aim lft mesg for the d tpo<br>call me back *** |
| 11/19/2004 | 11:10:52 | MD | Michael | 11:10 *****NET IS DOWN CNT SP ACCOUNT ***** |
| 11/22/2004 | 13:56:00 | R A | Carolyn | 13:56 called hp someone p/u phone but hung up |
| 12/02/2004 | 14:30:00 | VB | L23 | Retail Demand Letter |
| 12/14/2004 | 17:54:22 | MD | Michael | 17:54 called hp gt aim lft mesg for the d to<br>call me back *** |
| | | | Michael | 17:55 ****** SUIT NEXT PASS ********* |
| | | s5 | | Attempting Contact w/Dtr |

GH 000211

Exh 2 Page 62

aperless File for FILENO: 04004569
our FILENO: 5491041429002784
eport FILENO:
ate: 08/08/2016
age: 4

| Date | Time | Init | Code | Notes |
|---|---|---|---|---|
| 12/15/2004 | 11:21:11 | MD | | 11:21 RECIEVED CALL FROM THE D EX GIRLFRIEND SD |
| | | | | THAT THE D MOVED BACK HOME TO HIS PARENTS IN |
| | | | | SNOMA NO FORWARD INFO ** |
| 01/05/2005 | 11:53:00 | MD | Michael | 11:53 CANT FIND ADRESS FOR THE D I WILL ASK GARY |
| | | | | FOR NEW ADRESS FOR SUIT *** |
| | 11:54:36 | | Michael | 11:54 SENT EMAIL TO GARY FOR POSS POE OR HOME |
| | | | | ADDRESS SO WE CAN GET THE D SERVD |
| 01/05/2005 | 11:55:00 | | S5 | Attempting Contact w/Dir |
| | 12:00:53 | GS | GR | Name: KARCAUSKAS , POVILAS    Possible Current |
| | | | | Address |
| | | | | Address:   19235 TWIN OAKS LN    SSN : 613982348 |
| | | | | SONOMA , CA 95476-6264    Valid SSN -- |
| | | | | issued by California |
| | | | | File Since Date:  05/01/1998    Telephone: |
| | | | | 7079390687 |
| | | | | Birth month/year:    Date Reported: |
| | | | | 01/01/2000 |
| | 12:03:10 | | *D1_STRT | Added new Information |
| | 12:08:07 | | *D1_STRT | 19235 Twin Oak Lane |
| | 12:13:32 | GR | GR | NERIJUS KARCAUSKAS |
| | | | | 1947 47TH AVE |
| | | | | SAN FRANCISCO , CA 94116-1046 |
| | | | | SSN - 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 |
| | | | | DOB - |
| | | | | 1977 (28) |
| | | | | Phones - |
| | | | | (415) 753-1671 |

Exh 2 Page 63

GH 000212

Paperless File for FILENO: 040045569
Our FILENO: 549104142900227B4
Report FILENO:
Date: 08/08/2016
Pages 5

| Date | Time | Init | Code | Notes |
|------|------|------|------|-------|
| | | GR | | 12:13 poss relative listed in san francisco** |
| 01/26/2005 | 11:34:51 | R A | *PLT_1 | Regreso Financial |
| | 14:44:10 | PR | *Paralgl | Paralegal #: Changed from 66 to 13 |
| | | | *Collctr | Collector #: Changed from 66 to 5 |
| | | | *Venue1 | Added new   Venue 1 #: #118 |
| 02/08/2005 | | | 80 | OTHER COST  $149.00 |
| | | | 95 | Invoice Billed  $149.00 |
| 02/09/2005 | 10:13.08 | | s11c | S&C SENT OUT TODAY |
| | 15:12.13 | | P1 | complaint/common counts |
| | | | L1RSC2 | SUMMONS W/ CHECK REQ |
| 03/04/2005 | 16:20.58 | R A | *DOCKET# | Added new Information |
| 03/08/2005 | 10:59.35 | RS | dg | 10.58************************* CMC SET FOR 6/27/05 @ 1:30pm, Rm.21 3035 Cleveland Ave, Ste.200, Sandia Rosa ********************* |
| 03/12/2005 | 11:08.35 | E . P | L1002 | Prejudgment letter |
| | 11:40.40 | | s5 | Attempling Contact w/Dtr |
| 03/23/2005 | 08:58.59 | E . P | Carla S | 08.58 call from A Mr. Povilas who received the summons at his mom's address to inform that the last name of our debtor belongs to a female. He will be sending the summons to us. |

aperties File for FILENO: 04004569
our FILENO: 54931041429002784
eport FILENO:
ated 08/08/2016
age 6

| Date | Time | Init | Code | Notes |
|------|------|------|------|-------|
| | | | | 08:59 ++++++++++++++++++++++++++++++++++++++++++++++++++++ |
| | | | | Rotner Status : Dfr served on 03/18/2005 |
| | | | Carla S | 08:59 +++++++++++++++++++++++++++++++++++++++++++ |
| | 11:27:25 | | s5 | Attempting Contact w/Dtr |
| | | | Carla S | |
| 07/20/2005 | 10:07:02 | BA | *Paralgl | Paralegal # Changed from 13 to 39 |
| | 12:58:25 | | L233 | Def. served, answer Due |
| 04/04/2005 | 12:45:05 | KPS | s8c | POS RTN, Sub-served        *pos filed on 03/30/05* |
| | | | | served on 03/18/05 @ known add, cost $68.00 |
| | 12:46:06 | | I233 | Def. served, answer Due   04/27/05 |
| | | | *Attorny | Attorney # Changed from 18 to 5 |
| 06/22/2005 | 10:45:45 | DG | DG | 10:45 !!!! ABOVE CMC VACATED-JGMT ENTERED 6/2 |
| 06/23/2005 | 13:57:30 | IA | s18 | Judgment obtained |
| | 13:58:28 | | 92 | Judgment Entered  $11,252.76 |
| 06/24/2005 | 12:23:16 | IA | L1RWA | rother instr/writ & abstr |
| | | | L2900A | Cost Invoice |
| | | | L345A | judgment/no assets/assist? |
| 07/12/2005 | 10:44:48 | ECG | 52 | Issue Abstract  $7.00 |
| | | | 95 | Invoice Billed  $7.00 |
| 07/13/2005 | 12:30:40 | IA | s78 | Abstract sent for issuance |

Exh 2 Page 65

GH 000214

aperless File for FILENO: 04004569
ur FILENO: 549104142990027B4
eport FILENO:
ate 08/08/2016
age 7

| Date | Time | Init | Code | Notes |
|---|---|---|---|---|
|  |  |  | *DEL- 11 | Abstract only/issued abst. waiting 4check |
|  |  |  | *ADD-11 | Abstract only/issued/abst. out 4 issuance |
| 07/21/2005 | 17:01:05 | EGG | *DEL- 87 | Reimb G&H for advc'd |
| 08/01/2005 | 11:02:14 | IA | ivy Amag | 11:02 abst issued on 07/21/05 county of sonoma |
|  |  |  | L1RWA | rother inst/knit & abstr |
|  | 11:03:48 |  | *DEL- 11 | Abstract only/issued;abst. out 4 issuance |
|  |  |  | *ADD-11 | Abstract only/issued/ABST. RECORDING |
| 08/02/2005 | 09:55:36 | E. P | *DEL-174 | Carla's Special Desk;jde? |
| 09/02/2005 | 11:44:29 | EGG | 56 | Record Abstract $17 00 |
|  |  |  | 95 | Invoice Billed $17 00 |
| 09/06/2005 | 11:14:28 | IA | s88 | Abstract out for Recording |
| 09/26/2005 | 10:49:41 | KPS | S19 | Lien recorded COPY 2005138470 SONOMA COUNTY 09/19/05 |
| 10/17/2005 | 15:50:20 | IA | *DEL- 11 | Abstract only/issued out 4 recording |
| 11/18/2005 | 10:55:05 | EGG | *SFEE | 22 0 |
| 05/12/2006 | 15:30:36 | HG | HG | 15:30 *DEATH INDX; NOT DEAD |

aperless File for FILENO: 5491041429002784
epax FILENO:
ate:08/08/2016
age 8

| Date | Time | Init | Code | Notes |
|---|---|---|---|---|
| | 16:06:16 | HG | | 16:06 ······· TRW RCVD ······· |
| | | | | *POE: HAVE DELL / GOOD GUYS / SAFEWAY |
| | | | | *ADRS: HVE 2 NEWER ADRS @ 2915 ST GEORGE ST - LA |
| | | | | CA & 123 CASABELLA DR-SONOMA CA |
| | | | | *TRADE: 1 W/USCB INC. HAD TO LMTC W/CONTACT |
| | | | | -FOUND DTR OR SPOUSE MAY OWN AN APRTMNT BUILDING |
| | | | | -MOST CURRENT ADRS I HAVE IS ON ST GEORGE ST |
| | | | | # FOUND UNDER MICHAEL KARCAUSKA (323) 663-5609 |
| | | | | *TRACERSINFO: HAVE NEW ADRS @ 10409 MAYFIELD #2A |
| | | | | *IN OAKLAWN IL 60453 **PSSD INFO 2 GARY 2 FIU** |
| | | | | **PHONES: THERES NO INFO ON DTR BY NAME/ADRS |
| | | | | ***THE WORK #: TRIED SS# DTR IS NOT LSTD |
| | | | | **W/EITHER CO. (GOOD GUYS/DELL/SAFEWAY)?'( THE |
| | | | | ***SS# TAKES BUT NO POE NAME MATCHES W/POE NAMES |
| | | | | ----WILL TRY TO VERIFY ADRS' FOR PSBL ORAP---- |
| | 17:06:05 | | L389R | RETAIU U S POSTAL SEARCH  2915 ST GEORGE/10409 MAYFILD |
| 05/23/2006 | 12:08:20 | HG | HG | 12:08 *SPOKE W/CONTACT (USCB INC) THEY NO LONGER |
| | | | | -SKIP TRACE. CLLS NOW BEING MONTORED FOR SUCH A |
| | | | | -REASON... |
| | 12:12:24 | HG | HG | 12:12 *** ONCE L389R(S) ARE RCVD-PASS 2 RUBY *** |
| 05/30/2006 | 12:33:28 | JR | *DEL- 19 | |
| | 12:34:46 | | *DEL- 82 | Jessica Randolph |
| | | | *ADD-82 | Jessica Randolph |
| | | | *ADD-82 | Jessica Randolph |
| | | | | Jessica Randolph |
| | | | | *PRO LCNS: NOT A LCNSD PRO... |
| | | | | *PRPRTY/BSNS: DOES NOT OWN EITHER... |
| | | | | *UNCLMD ASSTS: HAS NOTHING LSTD FOR DTR |

GH 000216

Paperless File for FILENO: 04004569
Your FILENO: 549104142900027B4
terpol FILENO:
DateT08/08/2016
Page 9

| Date | Time | Init | Code | Notes |
|---|---|---|---|---|
| 01/24/2007 | 11:16:13 | E_P | *Collctr | Collector #: Changed from 5 to 82 |
| 07/12/2006 | 10:23:24 | NH | *DEL-600 | Retail Judgment under/renew 2015 |
| | | | *ADD-601 | Retail Judgment over/renew 2015 |
| | | | s5 | Attempting Contact w/Dtr / called p1 # wrong, called p2 # lmtc mchn |
| | | | *D1_PHN | 708/424-7548 |
| | | | *DEL-82 | Jessica Randolph |
| | | | *ADD-84 | Ken Graham |
| | | | *Collctr | Collector #: Changed from 82 to 84 |
| | | | *Paralgl | Paralegal #: Changed from 39 to 86 |
| | | | *Collctr | Collector #: Changed from 82 to 84 |
| 03/26/2007 | 15:37:01 | KG | S1001 | POST JUDGMENT EFFORT / CALLED P2 IS NOW DISCO |
| | | | *DBT001 | Debtor 1 Fields Modified |
| | | | *ADD-84 | Ken Graham |
| | | | *DEL-84 | Ken Graham |
| | | | *CLAIM | Claim 2 Fields Added |
| 05/30/2008 | 12:58:46 | DAM | Daniel M | 12:58 Batched out file to locate poe |
| 10/15/2009 | 17:05:06 | HG | | 17:05 *** TRIGGERS: POE <----- |
| | | HG | | *NAME GIVEN   NO DATA |
| | | | | ^^^^^^^^^^^^^^^^^^^^^^^^ |

Report FILENO:
Your FILENO: 549104142900274
Date: 08/08/2016
Paperless File for FILENO: 04004569
Page 10

| Date | Time | Init | Code | Notes |
|---|---|---|---|---|
| 12/16/2009 | 16:23:51 | HG | | 16:23 •••••• exprn rcvd ••••••• |
| | | | HG | -poor brand batteries LLC<br>-adrs: 1377 S Beverly Glen Bv #408<br>-LA CA 90024<br>•DOB: 2/28/1979<br>-FOUND BSNS @ 4407 WEST SUNSET BLVD-LA CA 90027<br>-PH#877-413-5397 & 310-598-5223 -FX:310-598-5917<br>-CLLD BUT NO ANSWER AFTER SVRL RINGS @ EITHER #. |
| | 16:47:10 | HG | HG | 16:47 "NANCY, PLZ F/U UP ON THIS POE, CLLD BOTH<br>-#'S BUT NEITHER ANSWERS, I HVE A STRONG FEELING<br>-DTR IS STILL ACTIVE HERE, PLS F/U & LET ME KNOW<br>-WHEN YOU GET THRU. |
| 12/21/2009 | 10:03:45 | HG | HG | 10:03 -Walked info to Cesar to f/u. File is odd#<br>****************<br>**************** |
| | 10:07:29 | | *CLAIM | Claim:1 Fields Added |
| | | | *Emply1 | Added new Employer 1 # #16872 |
| 12/21/2009 | 11:17:50 | CC | S1001 | POST JUDGMENT EFFORT11:17 I CALLED ALL 3<br>NUMBERS LISTED FOR POE NO ANS NO MSG TO FULL<br>..CC |
| | | | S1001 | POST JUDGMENT EFFORT11:18 RECEIVED CREDIT<br>REPORT EVERYTHING IS PAID FOR ..CC |
| | 12:11:58 | | L4AR | POST JUDG. PRE-GARN. LETTER |
| 04/13/2011 | 09:36:05 | AR | *D1_SSN | *****2348 |
| 12/14/2011 | 14:28:36 | CC | L29 | Settlement Letter $13,146.00 |
| 11/22/2013 | 16:05:38 | CK | s5 | Attempting Contact w/Dtr |

GH 000218

Paperless File for FILENO: 04004569
Your FILENO: 5491041429002784
Report FILENO:
Dated 08/08/2016
Page 11

| Date | Time | Init | Code | Notes |
|---|---|---|---|---|
|  | 16:08:16 |  | *DEL-84 | Felicia's Retail 09/27/2011: |
|  |  |  | *ADD-175 | Gurleen Kaur |
|  | 16:12:18 |  | Gurleen | 16:12 (707) 812-0070 male said his name is Paul. Not Pavilas. |
|  |  |  | *D1_STRT | 19325 Twin Oaks Lane |
|  |  |  | *D1_CSZ | Sonoma CA    95476 |
|  |  |  | *D1_DOB | Added new information |
|  | 16:15:49 |  | *CLAM | Claim.3 Fields Modified |
|  |  |  | *Colclr | Collector #: Changed from 92 to 64 |
|  | 16:27:30 |  | *DEL-175 | Gurleen Kaur    11/29/2013: |
|  |  |  | *ADD-175 | Gurleen Kaur |
|  |  |  | *DEL-175 | Gurleen Kaur    01/10/2014: |
|  |  |  | *ADD-175 | Gurleen Kaur |
| 11/25/2013 | 08:35:46 | GK | L1001 | Judgment Notice |
| 12/19/2013 | 09:48:18 | GK | s5 | Attempting Contact w/Dtr |
|  |  |  | *DEL-175 | Gurleen Kaur    11/29/2013: |
|  |  |  | *ADD-175 | Gurleen Kaur |
|  | 12/24/27 | GK | s5 | Attempting Contact w/Dtr |
| 01/07/2014 | 12:25:26 |  | *DEL-175 | Gurleen Kaur    12/26/2013: |

Exh 2 Page 70

GH 000210

Report FILENO:
our FILENO: 5491041429002784
at 08/08/2016
08/08/2016
age 12
perless File for FILENO: 04004569

| Date | Time | Init | Code | Notes |
|---|---|---|---|---|
| 11/04/2014 | 14:54:11 | GK | S5 | Attempting Contact w/Dtr |
|  |  |  | S3P | Skip Phone Number |
| 06/17/2014 |  |  | *ADD-175 | Gurleen Kaur |
|  |  |  | *DEL-175 | Gurleen Kaur  07/08/2014: |
|  | 10:08:10 | CC | s5 | Attempting Contact w/Dtr |
|  |  |  | *DEL-175 | Gurleen Kaur  01/28/2014 |
|  | 13:37:29 | L29 | *ADD-175 | Settlement Letter     $500.00 Monthly B/F |
| 06/17/2014 |  |  | *ADD-175 | Gurleen Kaur |
| 03/30/2015 | 16:49:38 | L29 |  | Settlement Letter     $11,500.00 11/27/2014 |
|  | 16:35:35 | HG |  | Gurleen Kaur |
|  |  | HG |  | 16:35 *Lexis, new adrs 11752 mariposa Bay Ln. -Dtr is involved in svrl Bsns's. Will renew this one. -Will have RH f/u as well to see if he can work a deal |
|  | 16:41:18 |  | *ADD-75 | Judgment Renewal:   Exp. 6/2/2015 |
|  |  |  | *D1 STRT | 1508 S BEVERLY GLEN BLVD APT 4 |
|  |  |  | *D1 CSZ | LOS ANGELES CA     90024 |
| 04/15/2015 | 14:19:53 | EGG | 80 | OTHER 'COST'   RENEWAL JDGMNT $30.00 |
|  |  |  | 95 | Invoice Billed $30.00 |

Exhibit 21 Page 71
GH 000220

apertness File for FILENO: 040045569
our FILENO: 54910414259027B84
eport FILENO:
Date 08/08/2016
age 13

| Date | Time | Init | Code | Notes |
|---|---|---|---|---|
| 04/28/2015 | 08:03:33 | JS | LROTTREN | Rother Renewal of Judgment |
| | 16:01:07 | | *DEL-75 | Judgment Renewal : Exp. 6/2/2015 |
| | | | *ADD-79 | Jennifer-Renewal Fol/Bk from Crt yet? |
| 05/13/2015 | 12:03:21 | RH | S5 | Attempting Contact w/Dtr |
| | | | L1001 | Judgment Notice |
| 06/05/2015 | 14:45:08 | JS | LPOSSE | PofS - Renewal of Jdgmt |
| 06/11/2015 | 15:11:57 | PG | s5 | Attempting Contact w/Dtr |
| 06/13/2015 | 09:39:04 | JS | *DEL- 79 | Jennifer-Renewal Fol/Bk from Crt yet? |
| | | | *ADD-79 | Jennifer-Renewal Fol/Out 4 Service |
| | | | *DBT001 | Debtor/2 Fields Modified |
| | 09:40:09 | | *CLAIM | Claim:13 Fields Modified |
| | | | 92 | Judgment Entered $22,433.61 |
| 07/09/2015 | 16:11:07 | GK | s3p | Skip Phone Number |
| | | | s3 | Skip Tracer w/kg file |
| | | | *DEL-175 | Gurleen Kaur   11/25/2014 |
| | | | *ADD-175 | Gurleen Kaur |
| 07/27/2015 | 16:38:10 | BA | BA | 16:38 ********************* GIVE NOTICE AND MOTION TO MICHAEL |
| 09/09/2015 | 12:27:51 | CAA | lf | 12:27 OUTBOUND 323/423-7266 DBTR NOT HOME HIS |

GH-000221
Exh 2 Page 72

aperless File for FILENO: 040004569

our FILENO:

eport FILENO: 5491041429002784

at 08/08/2016

age 14

| Date | Time | Init | Code | Notes |
|---|---|---|---|---|
| | | | | WIFE ANSWERED AND SAID SHE DID NOT KNW WHEN HE |
| | | | | WOULD BE IN. I VERIFIED ADDRESS ON FILE IS GOOD |
| | | | | . TOLD HER THNKS AND THT I WILL MAIL OUT A |
| | | | | LETTER |
| | 12:32:51 | | *D1_PHN | Added new information |
| | 12:33:03 | | L4AR | POST JUDG PRE-GARN LETTER |
| 01/04/2016 | 11:35:11 | NB | L4AR | POST JUDG. PRE-GARN LETTER |

GH 000222

**Exhibit 7**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POVILAS KARCAUSKAS,         )      Case No. CV 15-9225 FMO (RAOx)

         Plaintiff,      )

        v.           )      **SCHEDULING AND CASE MANAGEMENT ORDER RE:  JURY TRIAL**

REGRESO FINANCIAL SERVICES LLC, )
et al.,                  )

        Defendants.    )

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

**The term "Counsel," as used in this Order, includes parties appearing pro se.**

The court has scheduled the dates set forth on the last **three** pages of this Order after review of the parties' Joint Rule 26(f) Report.  Therefore, the court deems a Scheduling Conference unnecessary and hereby **vacates** the hearing.  The dates and requirements set forth in this Order are firm.  The court is unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a proper showing.

In an effort to comply with Fed. R. Civ. P. 1's mandate "to secure the just, speedy, and inexpensive determination of every action[,]" the court **orders** as follows.

**I.    JOINDER OF PARTIES/AMENDMENT OF PLEADINGS.**

Any stipulation or motion to amend as to any claims, defenses and/or parties shall be lodged/filed by the deadline set forth in the attached schedule, failing which it shall be deemed that the party has waived any such amendments.  All unserved parties not timely served shall be dismissed without prejudice.  In addition, all "Doe" defendants are to be identified and named on or before the date set forth below, on which date all remaining "Doe" defendants will be dismissed, unless otherwise ordered by the court upon a showing of good cause.

**II.    DISCOVERY.**

**A.    Generally.**

Discovery is governed by the Federal Rules of Civil Procedure and applicable Local Rules of the Central District of California. Pro se litigants are entitled to discovery to the same extent as are litigants represented by counsel.  The court allows discovery to commence as soon as the first answer or motion to dismiss is filed.   The parties should note that absent exceptional circumstances, **discovery shall not be stayed** while any motion is pending, including any motion to dismiss or motion for protective order. **The parties are directed to conduct any necessary discovery as soon as possible, as the court is not inclined to grant any extensions of the discovery or other case-related deadlines**.

Counsel are expected to comply with the Federal Rules of Civil Procedure and all Local Rules concerning discovery.  Whenever possible, the court expects counsel to resolve discovery disputes among themselves in a courteous, reasonable and professional manner.  The court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can be found on the Central District's website under Information for Attorneys>Attorney Admissions).

**B.    Discovery Cut-Off.**

The court has established a cut-off date for discovery, including expert discovery, if applicable.  This is not the date by which discovery requests must be served; it is the date by which all discovery, **including all hearings on any related motions**, is to be completed.

**C.    Discovery Motions.**

Exh 2 Page 76

1   Any motion relating to a deposition and/or challenging the adequacy of discovery responses
2   must be filed, served and calendared sufficiently in advance of the discovery cut-off date to permit
3   the responses to be obtained and/or the deposition to be completed before the discovery cut-off
4   if the motion is granted. Given the requirements set forth in the Local Rules (e.g., "meet and
5   confer" and preparation of the Joint Stipulation), any party seeking to file a discovery motion must
6   usually initiate meet and confer discussions at least seven (7) weeks before the discovery cut-off,
7   i.e., the moving party's counsel must initiate the meet and confer process by preparing and serving
8   the letter required by Local Rule 37-1.

9     D.  <u>Expert Discovery</u>.

10   All disclosures must be made in writing. The parties should begin expert discovery shortly
11   after the initial designation of experts. The final pretrial conference and trial dates will not be
12   continued because expert discovery is not completed. Failure to comply with these or any other
13   orders concerning expert discovery may result in the expert being excluded as a witness.

14   III. MOTIONS.

15   The court has established a cut-off date for the filing and service of motions for the court's
16   law and motion calendar. Counsel should consult the court's Standing Order, located on the
17   Central District's website, to determine the court's requirements concerning motions and other
18   matters. If documentary evidence in support of or in opposition to a motion exceeds 50 pages,
19   the evidence must be separately bound and tabbed and include an index. If such evidence
20   exceeds **300 pages**, the documents shall be placed in a **three-ring binder**, with an index and with
21   each item of evidence separated by a tab divider on the right side. In addition, counsel shall
22   provide an electronic copy (i.e., cd, dvd, or flash drive) of the documents in a single, OCR-
23   scanned, .pdf file with each item of evidence separated by labeled bookmarks. Counsel shall
24   ensure that all documents are legible. Counsel are strongly encouraged to cite to Docket numbers
25   (and sub-numbers) when citing to the record.

26   Counsel should also consult the Central District's website at
27   www.cacd.uscourts.gov>Judges' Requirements>Judges' Procedures and Schedules>Hon.
28   Fernando M. Olguin for further information regarding motion procedures.

Exh 2 Page 77

## IV.    SETTLEMENT.

Pursuant to Local Rule 16-15, the parties must complete a settlement conference. **No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference**.

If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers. Otherwise, **the parties must, no later than 48 hours after the settlement proceeding is completed, file a Status Report Re: Settlement**. The Status Report shall not disclose the parties' settlement positions, i.e., the terms of any offers or demands. The Status Report shall describe the efforts made by the parties to resolve the dispute, i.e., the occasions and dates when the parties participated in mediation or settlement conferences. The Status Report shall also include the name of the Settlement Officer who assisted the parties with their settlement conference.

## V.    TRIAL PREPARATION.

### A.    Final Pretrial Conference.

Unless excused for good cause, each party appearing in this action shall be represented at the final pretrial conference by the attorney who is to serve as lead trial counsel. Counsel must be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations as to undisputed facts and qualification of experts by admitted resumes.

### B.    Pretrial Documents.

The filing schedule for pretrial documents is set forth on the last few pages of this Order. **Unless otherwise indicated, compliance with Local Rule 16 is required. The court does not exempt pro se parties from the requirements of this Order or Local Rule 16**. Carefully prepared memoranda of contentions of fact and law, witness lists, a pretrial exhibit stipulation and a proposed pretrial conference order shall be submitted in accordance with the Local Rules and the requirements set forth in this Order. All pretrial document copies shall be delivered to the court "binder-ready" (three-hole punched on the left side, without blue-backs and stapled only in the top

Exh 2 Page 78

1   left corner). Failure to comply with these requirements may result in the imposition of sanctions

2   as well as the pretrial conference being taken off-calendar or continued.

3          1.    **Witness Lists**.

4        In addition to the requirements of Local Rule 16-5, the witness lists must include a brief

5   description (one or two paragraphs) of the testimony and a time estimate for both direct and cross-

6   examination (separately stated).

7          2.    **Pretrial Exhibit Stipulation**.[1]

8        **No later than 21 days before the final pretrial conference**, counsel shall conduct a good

9   faith meet and confer in person and prepare a Pretrial Exhibit Stipulation. The Pretrial Exhibit

10   Stipulation shall contain each party's numbered list of trial exhibits, with objections, if any, to each

11   exhibit, including the basis of the objection and the offering party's brief response. All exhibits to

12   which there is no objection shall be deemed admitted. The parties shall stipulate to the

13   authenticity and foundation of exhibits whenever possible, and the Pretrial Exhibit Stipulation shall

14   identify any exhibits to which authenticity or foundation have not been stipulated and the specific

15   reasons for the parties' failure to stipulate.

16        The Pretrial Exhibit Stipulation shall be substantially in the following form:

17                 **Pretrial Exhibit Stipulation**

18            **Plaintiff(s)'/Defendant(s)' Exhibits**

19   **Exhibit No.**  **Description**     **Stip. to Adm.?**[2]   **Objection**    **Response to Objection**

20

21        Failure to comply with this paragraph may be deemed a waiver of all objections. **Do not**

22   **submit** blanket or boilerplate objections to the opposing party's exhibits. These will be

23   disregarded and overruled.

24          3.    **Proposed Pretrial Conference Order.**

25

26

27

28

---

[1] It is not necessary to file the Joint Exhibit List required by Local Rule 16-6.1.

[2] The Pretrial Exhibit Stipulation shall indicate in this column whether an exhibit is admitted for identification purposes only.

Exh 2 Page 79

1    The format of the proposed final pretrial conference order shall conform to the format set

2    forth in Appendix A to the Local Rules.  In drafting the proposed pretrial conference order, the

3    parties shall attempt to agree on and set forth as many non-contested facts as possible.  The court

4    will usually read the uncontested facts to the jury at the start of trial.  A carefully drafted and

5    comprehensively stated stipulation of facts will reduce the length of trial and increase jury

6    understanding of the case.

7        C.    Joint Statement of the Case.

8        **At the time the proposed final pretrial conference order is lodged with the court**,

9    counsel shall file an objective, non-argumentative statement of the case, which the court shall read

10   to all prospective jurors at the beginning of voir dire.  The statement should not exceed one page.

11       D.    Motions In Limine.

12       Each party is allowed a maximum of five motions in limine, which must filed no later than

13   the deadline set forth below.  In the event a party believes that more than five motions in limine

14   are necessary, the party must obtain leave of court to file additional motions in limine. The court

15   will not hear or resolve motions in limine that are disguised summary judgment motions.

16       Before filing any motion in limine, counsel for the parties shall confer in a good faith effort

17   to eliminate the necessity for the filing of the motion in limine or to eliminate as many of the

18   disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange for

19   this conference.  The conference shall take place in person, with a court reporter present, within

20   seven (7) calendar days of service upon opposing counsel of a letter requesting such conference,

21   but in no event later than fourteen (14) days before the deadline for filing motions in limine.  Unless

22   counsel agree otherwise, the conference shall take place at the office of counsel for the moving

23   party.  The moving party's letter shall identify the testimony, exhibits, or other specific matters

24   alleged to be inadmissible and/or prejudicial, shall state thoroughly with respect to each such

25   matter the moving party's position (and provide any legal authority which the moving party believes

26   is dispositive), and shall specify the terms of the order to be sought.

27       If counsel are unable to resolve their differences, they shall prepare and file a separate,

28   sequentially numbered joint motion in limine for each issue in dispute which contains a clear

Exh 2 Page 80

1   caption which identifies the moving party and the nature of the dispute (e.g., "Plaintiff's Motion in

2   Limine No. 1 to Exclude the Testimony of Defendant's Expert").  Each joint motion in limine shall

3   consist of one document signed by all counsel.  The joint motion in limine shall contain a clear

4   identification of the testimony, exhibits, or other specific matters alleged to be inadmissible and/or

5   prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the

6   motion is not granted.  The identification of the matters in dispute shall be followed by each party's

7   contentions and each party's memorandum of points and authorities.  The title page of the joint

8   motion in limine must state the Pre-Trial Conference date, hearing date for the motions in limine,

9   and trial date.

10       Each separately-represented party shall be limited to ten (10) pages, exclusive of tables

11   of contents and authorities.  Repetition shall be avoided and, as always, brevity is preferred.

12   Leave for additional space will be given only in extraordinary cases.  The excessive use of

13   footnotes in an attempt to avoid the page limitation shall not be tolerated.  All substantive material,

14   other than brief argument on tangential issues, shall be in the body of the brief.

15       The moving party must provide its portion of the joint motion in limine to the nonmoving

16   party, via e-mail, no later than nine (9) days before the deadline set forth below for filing motions

17   in limine.  The nonmoving party shall then provide the integrated joint motion in limine, along with

18   any exhibits, to the moving party no later than two (2) days before the filing deadline.  (The moving

19   party may not make any further revisions to the joint motion in limine other than finalizing it for

20   filing).  The moving party shall be responsible for filing the joint motion in limine and preparing and

21   filing any supporting exhibits.

22       The moving party may file a reply memorandum of points and authorities no later than the

23   deadline set forth below.  The reply memorandum shall not exceed five pages, unless otherwise

24   ordered by the court.

25       A motion in limine made for the purpose of precluding the mention or display of inadmissible

26   or prejudicial matter in the presence of the jury shall be accompanied by a declaration that

27   includes the following: (A) a clear identification of the specific matter alleged to be inadmissible

28   or prejudicial; (B) a representation to the court that the subject of the motion in limine has been

Exh 2 Page 81

7

discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (C) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

The mandatory chambers copy of all evidence in support of or in opposition to a motion in limine, including declarations and exhibits to declarations, shall be submitted in a separately bound volume and shall include a Table of Contents. **The transcript of the meet and confer session shall be included as an exhibit to the motions in limine**. If the supporting evidence exceeds 50 pages, then each copy of the supporting evidence shall be placed in a three-ring binder with each item of evidence separated by a tab divider on the right side, and shall include a label on the spine of the binder identifying its contents.

The court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel: (A) failed to confer in a timely manner; (B) failed to provide the opposing party's portion of the joint motion in a timely manner; or (C) refused to sign and return the joint motion after the opposing party's portion was added.

E. Jury Instructions and Special Verdict Forms.

1. No later than thirty-five days (35) days before the deadline to file the required jury instructions and verdict forms, the parties shall exchange their respective proposed jury instructions and verdict forms. No later than twenty-eight (28) days before the filing deadline, each party shall serve objections to the other party's instructions and verdict forms. No later than twenty-one (21) days before the deadline to file the required jury instructions and verdict forms, lead counsel for the parties shall meet and confer in person at an agreed-upon location within the Central District of California and attempt to come to agreement on the proposed jury instructions and verdict forms.

2. **No later than the deadline set forth below**, counsel shall submit both general and substantive jury instructions in the form described below. Counsel must

Exh 2 Page 82

provide the documents described below in WordPerfect (the court's preference) or Word format. When the Ninth Circuit's Manual of Model Civil Jury Instructions provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of this case. If there is no applicable Ninth Circuit jury instruction, counsel should consult the current edition of O'Malley, et al., Federal Jury Practice and Instructions. Where California law applies, counsel should use the current edition of the Judicial Council of California Civil Jury Instructions ("CACI"). Each requested instruction shall: (a) cite the authority or source of the instruction; (b) be set forth in full; (c) be on a separate page; (d) be numbered; (e) cover only one subject or principle of law; and (f) not repeat principles of law contained in any other requested instruction.

The proposed jury instructions shall be submitted as follows:

a. **Joint Jury Instructions:** Counsel shall file a **joint set of jury instructions** on which there is agreement. Jury instructions should be modified as necessary to fit the facts of the case, i.e., inserting names of defendant(s) or witness(es) to whom an instruction applies. Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text. The court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law. If one party fails to comply with the provisions of this section, the other party must file a unilateral set of jury instructions.

b. **Disputed Jury Instructions:** Counsel shall file those instructions propounded by a party to which another party objects. On a separate page following each disputed jury instruction, the party opposing the instruction shall briefly state the basis for the objection, any authority in support thereof and, if applicable, an alternative instruction. On the following page, the party proposing the disputed instruction shall briefly state its response to the objection, and any authority in support of the instruction. Each requested jury instruction shall be numbered and

Exh 2 Page 83

set forth in full on a separate page, citing the authority or source of the requested instruction.

    3.    For both the Joint Jury Instructions and Disputed Jury Instructions, counsel must provide an index of all instructions submitted, which must include the following:

        a.    the number of the instruction;

        b.    the title of the instruction;

        c.    the source of the instruction and any relevant case citations; and

        d.    the page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

F.    <u>Voir Dire</u>.

    1.    The court will conduct the voir dire. Counsel may, but are not required to, file and submit (electronically to the chambers's e-mail address and in paper form) a list of proposed case-specific voir dire questions at the time they lodge the proposed final pretrial conference order.

    2.    In most cases the court will conduct its initial voir dire of 14 prospective jurors who will be seated in the jury box. Generally the court will select eight jurors.

    3.    Each side will have three peremptory challenges. If 14 jurors are seated in the box and all six peremptory challenges are exercised, the remaining eight jurors will constitute the jury panel. If fewer than six peremptory challenges are exercised, the eight jurors in the lowest numbered seats will be the jury. The court will not necessarily accept a stipulation to a challenge for cause. If one or more challenges for cause are accepted, and all six peremptory challenges are exercised, the court may decide to proceed with six or seven jurors.

G.    <u>Trial Exhibits</u>.

Exh 2 Page 84

1.      Exhibits must be placed in three-ring binders indexed by exhibit number with tabs or dividers on the right side.  The spine portion of the binder shall indicate the volume number **and** contain an index of each exhibit included in the volume.

2.      The court requires that the following be submitted to the Courtroom Deputy Clerk ("CRD") on the **first day of trial**.

    a.      **Four (4) copies** of each party's **witness list** in the order in which the witnesses may be called to testify.

    b.      **Four (4) copies** of the **Pretrial Exhibit Stipulation** in the form specified in this Order, which shall be sent in WordPerfect or Word format to the chambers's e-mail box **no later than noon on the day before trial**.

    c.      All of the exhibits (except those to be used for impeachment only), with official exhibit tags attached and bearing the same number shown on the exhibit list. Exhibit tags may be obtained from the Clerk's Office, located on the Main Street level of the courthouse at 312 North Spring Street.  Exhibits shall be numbered 1, 2, 3, etc., **not** 1.1, 1.2, etc.   The defense exhibit numbers shall not duplicate plaintiff's numbers. If a "blow-up" is an enlargement of an existing exhibit, it shall be designated with the number of the original exhibit followed by an "A."

    d.      The three-ring binder of **original exhibits** with the court's exhibit tags, yellow tags for plaintiff and blue tags for defendant, stapled to the front of the exhibit at the upper right-hand corner with the case number, case name and exhibit number placed on each tag.

    e.      Two three-ring binders with a **copy** of each exhibit tabbed with exhibit numbers, as described above, for use by the court and the CRD.

    f.      A three-ring binder containing a copy of all exhibits for use by witnesses.

3.      Admitted exhibits will be given to the jury during deliberations.  Counsel shall review all admitted exhibits with the CRD before the jury retires to begin deliberations.

Exh 2 Page 85

4.    Where a significant number of exhibits will be admitted, the court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be made intelligible to the jury while it is being presented. Counsel should consider such devices as overhead projectors, jury notebooks for admitted exhibits or enlargements of important exhibits. The court has an Elmo and other equipment available for use during trial. Information concerning training or the use of electronic equipment is available on the Central District's website. The court does not permit exhibits to be "published" by passing them up and down the jury box. Exhibits may be displayed briefly using the screens in the courtroom, unless the process becomes too time-consuming.

VI.    JURY TRIAL.

A.    <u>Generally</u>.

On the first day of trial, court will commence at 8:30 a.m. and conclude at approximately 4:30 p.m., with two 15-minute breaks and a one-hour lunch break. On the first day of trial, **counsel must appear at 8:15 a.m.** to discuss preliminary matters with the court. Trial days are Monday through Wednesday and Friday from 8:30 a.m. to approximately 4:30 p.m., with two 15-minute breaks and a one-hour lunch break.

On the first day of trial, the jury panel will be called when the court is satisfied that the matter is ready for trial. Jury selection usually takes only a few hours. Counsel should be prepared to proceed with opening statements and witness examination immediately after jury selection.

B.    <u>Advance Notice of Unusual or Difficult Issues</u>.

If any counsel have reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the court advance notice. Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion in limine. <u>See</u> Fed. R. Evid. 103. Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial. **The court will not keep jurors waiting**.

Exh 2 Page 86

C. **Opening Statements, Examining Witnesses and Summation.**

    1.    Counsel must use the lectern at all times.

    2.    Counsel shall not discuss the law or argue the case in opening statements.

    3.    Counsel must not consume time by writing out words, drawing charts or diagrams, etc. Counsel must prepare such materials in advance.

    4.    The court will honor (and may establish) reasonable time estimates for opening and closing arguments, examination of witnesses, etc.

D. **Objections to Questions.**

    1.    Counsel must not use objections to make a speech, recapitulate testimony or attempt to guide the witness.

    2.    Counsel must speak up when making an objection. The acoustics in the courtroom make it difficult for all to hear an objection when it is being made.

    3.    When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so.

E. **General Decorum.**

    1.    Counsel should not approach the CRD or the witness box, or enter the well of the court, without specific permission and must return to the lectern when the purpose for approaching has been accomplished.

    2.    Counsel should rise when addressing the court, and when the court or the jury enters or leaves the courtroom, unless directed otherwise.

    3.    Counsel should address all remarks to the court. Counsel are not to address the CRD, the court reporter, persons in the audience or opposing counsel. If counsel wish to speak with opposing counsel, counsel must ask permission to do so. Any request for the re-reading of questions or answers or to have an exhibit placed in front of a witness shall be addressed to the court.

    4.    Counsel should not address or refer to witnesses or parties by first names alone, with the exception of witnesses under 14 years of age.

Exh 2 Page 87

5.    Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6.    While court is in session, counsel must not leave the counsel table to confer with any person in the back of the courtroom unless permission has been granted in advance.

7.    Counsel shall not make facial expressions; nod or shake their heads; comment or otherwise exhibit in any way any agreement, disagreement or other opinion or belief concerning the testimony of a witness. Counsel shall admonish their clients and witnesses not to engage in such conduct.

8.    Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9.    Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

10.    Water is permitted in the courtroom.  Food is not permitted in the courtroom.

F.    <u>Promptness of Counsel and Witnesses</u>.

1.    Promptness is expected from counsel and witnesses.  Once counsel are engaged in trial, this trial is counsel's first priority.  The court will not delay the trial or inconvenience jurors.

2.    If a witness was on the stand at a recess or adjournment, counsel who called the witness shall ensure the witness is back on the stand and ready to proceed when trial resumes.

3.    Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

4.    No presenting party may be without a witness.  If a party's remaining witnesses are not immediately available and there is more than a brief delay, the court may deem that party to have rested.

Exh 2 Page 88

5.     The court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence.  Counsel must anticipate any such possibility and discuss it with opposing counsel.  If there is an objection, counsel must confer with the court in advance.

G.     Exhibits.

1.     Each counsel should keep counsel's own list of exhibits and should note when each exhibit has been admitted into evidence (if not already admitted pursuant to the pretrial exhibit stipulation).

2.     Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3.     An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that it be marked for identification.  Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4.     Counsel are to advise the CRD of any agreements with respect to the proposed exhibits and as to those exhibits that may be received without further motion to admit.

5.     When referring to an exhibit, counsel should refer to its exhibit number. Witnesses should be asked to do the same.

6.     Counsel must neither ask witnesses to draw charts or diagrams nor ask the court's permission for a witness to do so.  Any graphic aids must be fully prepared before the court session starts.

H.     Depositions.

1.     All depositions to be used at trial, either as evidence or for impeachment, must be lodged with the CRD **on the first day of trial or such earlier date as the court may order**.  Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

2.     In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

Exh 2 Page 89

a.    If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

b.    If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness shall be told to read the relevant pages and lines silently.  Then counsel may: (a) ask the witness further questions on the matter and thereafter read the quotations; or (b) read the quotations and thereafter ask further questions.  Counsel should have an extra copy of the deposition for this purpose.

3.    Where a witness is absent and the witness's testimony is offered by deposition, counsel may:  (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions; or (b) have counsel read both the questions and answers.

I.    <u>Interrogatories and Requests for Admissions</u>.

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel must prepare a new document listing each question and answer and identifying the document from which it has been extracted.  Copies of this new document should be given to the court and opposing counsel.

VII.    COMPLIANCE WITH THIS ORDER, THE LOCAL RULES AND THE FEDERAL RULES OF CIVIL PROCEDURE.

All parties and their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California and the court's standing orders. The failure of any party or attorney to comply with the requirements of this Order, the Local Rules or the Federal Rules of Civil Procedure may result in sanctions being imposed.

/ / /

/ / /

Exh 2 Page 90

<u>Povilas Karcauskas v. Regreso Financial Services LLC, et al.</u>
Case No. CV 15-9225 FMO (RAOx)

## CASE DEADLINES

The court hereby enters the following scheduling order:

1. Any stipulation or motion to amend as to any claims, defenses and/or parties shall be lodged/filed no later than **May 6, 2016**, failing which it shall be deemed that party's waiver of any such amendments in this action. All "Doe" defendants are to be identified and named on or before **May 6, 2016**, on which date all remaining "Doe" defendants will be dismissed, unless otherwise ordered by the court upon a showing of good cause.

2. All fact discovery shall be completed no later than **September 7, 2016**.

3. All expert discovery shall be completed by **November 21, 2016**. The parties must serve their Initial Expert Witness Disclosures no later than **September 21, 2016**. Rebuttal Expert Witness Disclosures shall be served no later than **October 21, 2016**. The parties should commence expert discovery shortly after the initial designation of experts, because Local Rules 7-3 and 37-1 require ample time to meet and confer as well as brief the matters, and because the final pretrial conference and trial dates will not be continued merely because expert discovery is still underway.

4. The parties shall complete their settlement conference before a mediator from the court's ADR Panel no later than **September 7, 2016**. Plaintiff's counsel shall contact the settlement officer, with enough time so that the settlement conference date is early enough to comply with the settlement completion deadline imposed by this court. After obtaining available dates from the settlement officer, counsel for the parties shall confer with each other and select one of the proposed dates. Plaintiff's counsel shall then advise the settlement officer of the settlement conference date selected by parties. If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers. Otherwise, **the parties must, no later than 48 hours after the settlement proceeding is completed, file a Status Report Re: Settlement**. The Status Report shall not disclose the parties' settlement positions, <u>i.e.</u>, the terms of any offers or demands. The Status Report shall

Exh 2 Page 91

1  describe the efforts made by the parties to resolve the dispute informally, *i.e.*, the occasions and

2  dates when the parties participated in mediation or settlement conferences.  The Status Report

3  shall also include the name of the Settlement Officer who assisted the parties with their settlement

4  conference.

5       5.  Any motion for summary judgment and/or other potentially dispositive motion shall be

6  filed no later than **December 21, 2016**, and noticed for hearing regularly under the Local Rules.

7  Any untimely or non-conforming motion will be denied.  *All potentially dispositive motions shall*

8  *comply with the requirements set forth in the Court's Order Re:  Summary Judgment Motions*

9  *issued contemporaneously with the filing of this Order.*  Each party is allowed one potentially

10  dispositive motion.

11       6.  Counsel for the parties shall file a memorandum of contentions of fact and law; witness

12  lists; their Pretrial Exhibit Stipulation; and joint motions in limine no later than **February 10, 2017**.

13       7.  Counsel for the parties shall lodge their proposed Pretrial Conference Order and file the

14  Joint Jury Instructions; Disputed Jury Instructions; a joint proposed verdict form; a joint statement

15  of the case; proposed additional voir dire questions, if desired; and reply memoranda to motions

16  in limine no later than **February 17, 2017**.

17       Counsel   for   the   parties   shall   also   send   to   the   chambers's   e-mail   address

18  (fmo_chambers@cacd.uscourts.gov) a copy of the proposed Pretrial Conference Order; Joint Jury

19  Instructions; Disputed Jury Instructions; the joint proposed verdict form; the joint statement of the

20  case;   and   any   proposed   additional   voir   dire   questions,   in   either   WordPerfect   (the   court's

21  preference) or Word format.

22       8.  The final pretrial conference and hearing on motions in limine is scheduled for **March**

23  **3, 2017**, at 10:00 a.m.

24       9.  Counsel for the parties shall file trial briefs not to exceed 15 pages no later than **March**

25  **14, 2017**.

26

27

28

Exh 2 Page 92

1    10.  The trial is scheduled to begin on **March 21, 2017**, at 8:30 a.m.  On the first day of trial,

2    **counsel must appear at 8:15 a.m.** to discuss preliminary matters with the court.

3    Dated this 7th day of March, 2016.

4                                                        /s/

5                                           Fernando M. Olguin
                                           United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exh 2 Page 93

# Exhibit 8

FILED
CLERK, U.S. DISTRICT COURT

3/11/2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POVILAS KARCAUSKAS, on behalf of
himself and all others similarly situated,

　　　　　　　Plaintiff,

　　　v.

REGRESO FINANCIAL SERVICES LLC,
et al.,

　　　　　　　Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 15-9225 FMO (RAOx)


**AMENDED SCHEDULING AND CASE
MANAGEMENT ORDER**

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE AND DIFFERS
IN SOME RESPECTS FROM THE LOCAL RULES.**

　　**The term "Counsel," as used in this Order, includes parties appearing <u>pro se</u>.**

　　The court has scheduled the dates set forth on the last two pages of this Order after review
of the parties' Joint Rule 26(f) Report.[1] The dates and requirements set forth in this Order are firm.
The court is unlikely to grant continuances, even if stipulated by the parties, unless the parties
establish good cause through a proper showing.

　　In an effort to comply with Fed. R. Civ. P. 1's mandate "to secure the just, speedy, and
inexpensive determination of every action[,]" the court **orders** as follows.

I.　　JOINDER OF PARTIES/AMENDMENT OF PLEADINGS.

　　Any stipulation or motion to amend as to any claims, defenses and/or parties shall be
lodged/filed by the deadline set forth in the attached schedule, failing which it shall be deemed that

---

[1] The Court's Order of March 7, 2016, is hereby vacated.　　Exh 2 Page 95

1   the party has waived any such amendments. All unserved parties not timely served shall be

2   dismissed without prejudice. In addition, all "Doe" defendants are to be identified and named on

3   or before the date set forth below, on which date all remaining "Doe" defendants will be dismissed,

4   unless otherwise ordered by the court upon a showing of good cause.

5   II.    DISCOVERY.

6       A.    <u>Generally</u>.

7       Discovery is governed by the Federal Rules of Civil Procedure and applicable Local Rules

8   of the Central District of California. <u>Pro se</u> litigants are entitled to discovery to the same extent as

9   are litigants represented by counsel. The court allows discovery to commence as soon as the first

10   answer or motion to dismiss is filed. The court does not bifurcate discovery. The parties should

11   note that absent exceptional circumstances, **discovery shall not be stayed** while any motion is

12   pending, including any motion to dismiss or motion for protective order. **The parties are directed**

13   **to conduct any necessary discovery as soon as possible, as the court is not inclined to**

14   **grant any extensions of the discovery or other case-related deadlines**.

15       Counsel are expected to comply with the Federal Rules of Civil Procedure and all Local

16   Rules concerning discovery. Whenever possible, the court expects counsel to resolve discovery

17   disputes among themselves in a courteous, reasonable and professional manner. The court

18   expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can

19   be found on the Central District's website under Information for Attorneys>Attorney Admissions).

20       B.    <u>Discovery Cut-Off</u>.

21       The court has established a cut-off date for discovery, including expert discovery, if

22   applicable. This is not the date by which discovery requests must be served; it is the date by

23   which all discovery, **including all hearings on any related motions**, is to be completed.

24       C.    <u>Discovery Motions</u>.

25       Any motion relating to a deposition and/or challenging the adequacy of discovery responses

26   must be filed, served and calendared sufficiently in advance of the discovery cut-off date to permit

27   the responses to be obtained and/or the deposition to be completed before the discovery cut-off

28   if the motion is granted. Given the requirements set forth in the Local Rules (e.g., "meet and

Exh 2 Page 96

confer" and preparation of the Joint Stipulation), any party seeking to file a discovery motion must usually initiate meet and confer discussions at least seven (7) weeks before the discovery cut-off, i.e., the moving party's counsel must initiate the meet and confer process by preparing and serving the letter required by Local Rule 37-1.

       D.    <u>Expert Discovery</u>.

       All disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The final pretrial conference and trial dates will not be continued because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

III.    MOTIONS.

       The court has established a cut-off date for the filing and service of motions for the court's law and motion calendar. Counsel should consult the court's Standing Order, located on the Central District's website, to determine the court's requirements concerning motions and other matters. If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds **300 pages**, the documents shall be placed in a **binder**, with an index and with each item of evidence separated by a tab divider on the right side. Counsel shall ensure that all documents are legible. Counsel are strongly encouraged to cite to Docket numbers (and sub-numbers) when citing to the record.

       Counsel should also consult the Central District's website at www.cacd.uscourts.gov>Judges' Requirements>Judges' Procedures and Schedules>Hon. Fernando M. Olguin for further information regarding motion procedures.

IV.    SETTLEMENT.

       Pursuant to Local Rule 16-15, the parties must complete a settlement conference. **No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.**

       If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers. If the parties wish to

Exh 2 Page 97

1  dismiss class allegations prior to class certification, the parties must address in their Notice of

2  Settlement whether there is (1) potential prejudice to the class; or (2) evidence of a collusive

3  settlement agreement.  See Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1041, 1047 n. 3 (9th

4  Cir. 1989).    Otherwise, **the parties must, no later than 48 hours after the settlement**

5  **proceeding is completed, file a Status Report Re: Settlement**.  The Status Report shall not

6  disclose the parties' settlement positions, i.e., the terms of any offers or demands.  The Status

7  Report shall describe the efforts made by the parties to resolve the dispute, i.e., the occasions and

8  dates when the parties participated in mediation or settlement conferences.  The Status Report

9  shall also include the name of the Settlement Officer who assisted the parties with their settlement

10  conference.

11  V.     TRIAL PREPARATION.

12         A.     Final Pretrial Conference.

13         Unless excused for good cause, each party appearing in this action shall be represented

14  at the final pretrial conference by the attorney who is to serve as lead trial counsel.  Counsel must

15  be prepared to discuss streamlining the trial, including presentation of testimony by deposition

16  excerpts or summaries, time limits, stipulations as to undisputed facts and qualification of experts

17  by admitted resumes.

18         B.     Pretrial Documents.

19         The filing schedule for pretrial documents is set forth on the last few pages of this Order.

20  **Unless otherwise indicated, compliance with Local Rule 16 is required.  The court does not**

21  **exempt pro se parties from the requirements of this Order or Local Rule 16**.  Carefully

22  prepared memoranda of contentions of fact and law, witness lists, a pretrial exhibit stipulation and

23  a proposed pretrial conference order shall be submitted in accordance with the Local Rules.  All

24  pretrial document copies shall be delivered to the court "binder-ready" (three-hole punched on the

25  left side, without blue-backs and stapled only in the top left corner).  Failure to comply with these

26  requirements may result in the pretrial conference being taken off-calendar or continued, or in

27  other sanctions.

28

Exh 2 Page 98

1.  **Witness Lists.**

In addition to the requirements of Local Rule 16-5, the witness lists must include a brief description (one or two paragraphs) of the testimony and a time estimate for both direct and cross-examination (separately stated).

2.  **Pretrial Exhibit Stipulation.**[2]

**No later than 21 days before the final pretrial conference**, counsel shall conduct a good faith meet and confer in person and prepare a Pretrial Exhibit Stipulation.  The Pretrial Exhibit Stipulation shall contain each party's numbered list of trial exhibits, with objections, if any, to each exhibit, including the basis of the objection and the offering party's brief response.  All exhibits to which there is no objection shall be deemed admitted.  The parties shall stipulate to the authenticity and foundation of exhibits whenever possible, and the Pretrial Exhibit Stipulation shall identify any exhibits to which authenticity or foundation have not been stipulated and the specific reasons for the parties' failure to stipulate.

The Pretrial Exhibit Stipulation shall be substantially in the following form:

### Pretrial Exhibit Stipulation

### Plaintiff(s)'/Defendant(s)' Exhibits

| Exhibit No. | Description | Stip. to Adm.?[3] | Objection | Response to Objection |
| --- | --- | --- | --- | --- |

Failure to comply with this paragraph may be deemed a waiver of all objections.  **Do not submit** blanket or boilerplate objections to the opposing  party's exhibits.  These will be disregarded and overruled.

3.  **Proposed Pretrial Conference Order.**

The format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules.  In drafting the proposed pretrial conference order, the

---

[2]   It is not necessary to file the Joint Exhibit List required by Local Rule 16-6.1.

[3]  The Pretrial Exhibit Stipulation shall indicate in this column whether an exhibit is admitted for identification purposes only.

Exh 2 Page 99

parties shall attempt to agree on and set forth as many non-contested facts as possible.  The court will usually read the uncontested facts to the jury at the start of trial.  A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

C.    Joint Statement of the Case.

**At the time the proposed final pretrial conference order is lodged with the court**, counsel shall file an objective, non-argumentative statement of the case, which the court shall read to all prospective jurors at the beginning of voir dire.  The statement should not exceed one page.

D.    Motions In Limine.

Each party is allowed a maximum of five motions in limine, which must filed no later than the deadline set forth below.  In the event a party believes that more than five motions in limine are necessary, the party must obtain leave of court to file additional motions in limine. The court will not hear or resolve motions in limine that are disguised summary judgment motions.

Before filing any motion in limine, counsel for the parties shall confer in a good faith effort to eliminate the necessity for the filing of the motion in limine or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange for this conference.  The conference shall take place in person, with a court reporter present, within seven (7) calendar days of service upon opposing counsel of a letter requesting such conference, but in no event later than fourteen (14) days before the deadline for filing motions in limine.  Unless counsel agree otherwise, the conference shall take place at the office of counsel for the moving party.  The moving party's letter shall identify the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial, shall state thoroughly with respect to each such matter the moving party's position (and provide any legal authority which the moving party believes is dispositive), and shall specify the terms of the order to be sought.

If counsel are unable to resolve their differences, they shall prepare and file a separate, sequentially numbered joint motion in limine for each issue in dispute which contains a clear caption which identifies the moving party and the nature of the dispute (e.g., "Plaintiff's Motion in Limine No. 1 to Exclude the Testimony of Defendant's Expert").  Each joint motion in limine shall

Exh 2 Page 100

consist of one document signed by all counsel. The joint motion in limine shall contain a clear

identification of the testimony, exhibits, or other specific matters alleged to be inadmissible and/or

prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the

motion is not granted. The identification of the matters in dispute shall be followed by each party's

contentions and each party's memorandum of points and authorities. The title page of the joint

motion in limine must state the Pre-Trial Conference date, hearing date for the motions in limine,

and trial date.

Each separately-represented party shall be limited to ten (10) pages, exclusive of tables

of contents and authorities. Repetition shall be avoided and, as always, brevity is preferred.

Leave for additional space will be given only in extraordinary cases. The excessive use of

footnotes in an attempt to avoid the page limitation shall not be tolerated. All substantive material,

other than brief argument on tangential issues, shall be in the body of the brief.

The moving party must provide its portion of the joint motion in limine to the nonmoving

party, via e-mail, no later than nine (9) days before the deadline set forth below for filing motions

in limine. The nonmoving party shall then provide the integrated joint motion in limine, along with

any exhibits, to the moving party no later than two (2) days before the filing deadline. (The moving

party may not make any further revisions to the joint motion in limine other than finalizing it for

filing). The moving party shall be responsible for filing the joint motion in limine and preparing and

filing any supporting exhibits.

The moving party may file a reply memorandum of points and authorities no later than the

deadline set forth below. The reply memorandum shall not exceed five pages, unless otherwise

ordered by the court.

A motion in limine made for the purpose of precluding the mention or display of inadmissible

or prejudicial matter in the presence of the jury shall be accompanied by a declaration that

includes the following: (A) a clear identification of the specific matter alleged to be inadmissible

or prejudicial; (B) a representation to the court that the subject of the motion in limine has been

discussed with opposing counsel, and that opposing counsel has either indicated that such matter

will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that

Exh 2 Page 101

counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (C) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

The mandatory chambers copy of all evidence in support of or in opposition to a motion in limine, including declarations and exhibits to declarations, shall be submitted in a separately bound volume and shall include a Table of Contents. **The transcript of the meet and confer session shall be included as an exhibit to the motions in limine**. If the supporting evidence exceeds 50 pages, then each copy of the supporting evidence shall be placed in a slant D-ring binder with each item of evidence separated by a tab divider on the right side, and shall include a label on the spine of the binder identifying its contents.

The court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel: (A) failed to confer in a timely manner; (B) failed to provide the opposing party's portion of the joint motion in a timely manner; or (C) refused to sign and return the joint motion after the opposing party's portion was added.

E.   <u>Jury Instructions and Special Verdict Forms</u>.

1.   No later than thirty-five days (35) days before the deadline to file the required jury instructions and verdict forms, the parties shall exchange their respective proposed jury instructions and verdict forms. No later than thirty-one (31) days before the filing deadline, each party shall serve objections to the other party's instructions and verdict forms. No later than twenty-one (21) days before the deadline to file the required jury instructions and verdict forms, lead counsel for the parties shall meet and confer in person at an agreed-upon location within the Central District of California and attempt to come to agreement on the proposed jury instructions and verdict forms.

2.   **No later than the deadline set forth below**, counsel shall submit both general and substantive jury instructions in the form described below. Counsel must provide the documents described below in WordPerfect (the court's preference) or Word format. When the Ninth Circuit's <u>Manual of Model Civil Jury Instructions</u> provides an

Exh 2 Page 102

applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of this case.  If there is no applicable Ninth Circuit jury instruction, counsel should consult the current edition of O'Malley, et al., Federal Jury Practice and Instructions. Where California law applies, counsel should use the current edition of the Judicial Council of California Civil Jury Instructions ("CACI"). Each requested instruction shall:  (a) cite the authority or source of the instruction; (b) be set forth in full; (c) be on a separate page; (d) be numbered; (e) cover only one subject or principle of law; and (f) not repeat principles of law contained in any other requested instruction.

The proposed jury instructions shall be submitted as follows:

a. **Joint Jury Instructions:**  Counsel shall file a **joint set of jury instructions** on which there is agreement.  Jury instructions should be modified as necessary to fit the facts of the case, i.e., inserting names of defendant(s) or witness(es) to whom an instruction applies.  Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text. The court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.  If one party fails to comply with the provisions of this section, the other party must file a unilateral set of jury instructions.

b. **Disputed Jury Instructions:** Counsel shall file those instructions propounded by a party to which another party objects.  On a separate page following each disputed jury instruction, the party opposing the instruction shall briefly state the basis for the objection, any authority in support thereof and, if applicable, an alternative instruction. On the following page, the party proposing the disputed instruction shall briefly state its response to the objection, and any authority in support of the instruction. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

Exh 2 Page 103

3.      For both the Joint Jury Instructions and Disputed Jury Instructions, counsel must provide an index of all instructions submitted, which must include the following:

      a.      the number of the instruction;

      b.      the title of the instruction;

      c.      the source of the instruction and any relevant case citations; and

      d.      the page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

F.      Voir Dire.

1.      The court will conduct the voir dire.  Counsel may, but are not required to, file and submit (electronically to the chambers's e-mail address and in paper form) a list of proposed case-specific voir dire questions at the time they lodge the proposed final pretrial conference order.

2.      In most cases the court will conduct its initial voir dire of 14 prospective jurors who will be seated in the jury box.  Generally the court will select eight jurors.

3.      Each side will have three peremptory challenges.  If 14 jurors are seated in the box and all six peremptory challenges are exercised, the remaining eight jurors will constitute the jury panel.  If fewer than six peremptory challenges are exercised, the eight jurors in the lowest numbered seats will be the jury.  The court will not necessarily accept a stipulation to a challenge for cause.  If one or more challenges for cause are accepted, and all six peremptory challenges are exercised, the court may decide to proceed with six or seven jurors.

G.      Trial Exhibits.

Exh 2 Page 104

1.      Exhibits must be placed in three-ring binders indexed by exhibit number with tabs or dividers on the right side.   The spine portion of the binder shall indicate the volume number **and** contain an index of each exhibit included in the volume.

2.      The court requires that the following be submitted to the Courtroom Deputy Clerk ("CRD") on the **first day of trial**.

a.      **Four (4) copies** of each party's **witness list** in the order in which the witnesses may be called to testify.

b.      **Four (4) copies** of the **Pretrial Exhibit Stipulation** in the form specified in this Order, which shall be sent in WordPerfect or Word format to the chambers's e-mail box **no later than noon on the day before trial**.

c.      All of the exhibits (except those to be used for impeachment only), with official exhibit tags attached and bearing the same number shown on the exhibit list. Exhibit tags may be obtained from the Clerk's Office, located on the Main Street level of the courthouse at 312 North Spring Street.  Exhibits shall be numbered 1, 2, 3, etc., **not** 1.1, 1.2, etc.   The defense exhibit numbers shall not duplicate plaintiff's numbers. If a "blow-up" is an enlargement of an existing exhibit, it shall be designated with the number of the original exhibit followed by an "A."

d.      The binder of **original exhibits** with the court's exhibit tags, yellow tags for plaintiff and blue tags for defendant, stapled to the front of the exhibit at the upper right-hand corner with the case number, case name and exhibit number placed on each tag.

e.      Two binders with a **copy** of each exhibit tabbed with exhibit numbers, as described above, for use by the court and the CRD.

f.      A three-ring binder containing a copy of all exhibits for use by witnesses.

3.      Admitted exhibits will be given to the jury during deliberations.  Counsel shall review all admitted exhibits with the CRD before the jury retires to begin deliberations.

Exh 2 Page 105

4.     Where a significant number of exhibits will be admitted, the court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be made intelligible to the jury while it is being presented.  Counsel should consider such devices as overhead projectors, jury notebooks for admitted exhibits or enlargements of important exhibits. The court has an Elmo and other equipment available for use during trial.  Information concerning training or the use of electronic equipment is available on the Central District's website.  The court does not permit exhibits to be "published" by passing them up and down the jury box.  Exhibits may be displayed briefly using the screens in the courtroom, unless the process becomes too time-consuming.

VI.     JURY TRIAL.

A.     Generally.

On the first day of trial, court will commence at 8:30 a.m. and conclude at approximately 4:30 p.m., with two 15-minute breaks and a one-hour lunch break.  On the first day of trial, **counsel must appear at 8:15 a.m.** to discuss preliminary matters with the court.  Trial days are Monday through Wednesday and Friday from 8:30 a.m. to approximately 4:30 p.m., with two 15-minute breaks and a one-hour lunch break.

On the first day of trial, the jury panel will be called when the court is satisfied that the matter is ready for trial.  Jury selection usually takes only a few hours.  Counsel should be prepared to proceed with opening statements and witness examination immediately after jury selection.

B.     Advance Notice of Unusual or Difficult Issues.

If any counsel have reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the court advance notice.  Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion in limine.  See Fed. R. Evid. 103.  Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial. **The court will not keep jurors waiting**.

Exh 2 Page 106

C.   Opening Statements, Examining Witnesses and Summation.

    1.   Counsel must use the lectern at all times.

    2.   Counsel shall not discuss the law or argue the case in opening statements.

    3.   Counsel must not consume time by writing out words, drawing charts or diagrams, etc.  Counsel must prepare such materials in advance.

    4.   The court will honor (and may establish) reasonable time estimates for opening and closing arguments, examination of witnesses, etc.

D.   Objections to Questions.

    1.   Counsel must not use objections to make a speech, recapitulate testimony or attempt to guide the witness.

    2.   Counsel must speak up when making an objection.  The acoustics in the courtroom make it difficult for all to hear an objection when it is being made.

    3.   When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection.  If counsel wishes to argue an objection further, counsel must ask for permission to do so.

E.   General Decorum.

    1.   Counsel should not approach the CRD or the witness box, or enter the well of the court, without specific permission and must return to the lectern when the purpose for approaching has been accomplished.

    2.   Counsel should rise when addressing the court, and when the court or the jury enters or leaves the courtroom, unless directed otherwise.

    3.   Counsel should address all remarks to the court.  Counsel are not to address the CRD, the court reporter, persons in the audience or opposing counsel.  If counsel wish to speak with opposing counsel, counsel must ask permission to do so.  Any request for the re-reading of questions or answers or to have an exhibit placed in front of a witness shall be addressed to the court.

    4.   Counsel should not address or refer to witnesses or parties by first names alone, with the exception of witnesses under 14 years of age.

Exh 2 Page 107

5.      Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6.      While court is in session, counsel must not leave the counsel table to confer with any person in the back of the courtroom unless permission has been granted in advance.

7.      Counsel shall not make facial expressions; nod or shake their heads; comment or otherwise exhibit in any way any agreement, disagreement or other opinion or belief concerning the testimony of a witness. Counsel shall admonish their clients and witnesses not to engage in such conduct.

8.      Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9.      Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

10.     Water is permitted in the courtroom. Food is not permitted in the courtroom.

F.      <u>Promptness of Counsel and Witnesses</u>.

1.      Promptness is expected from counsel and witnesses.  Once counsel are engaged in trial, this trial is counsel's first priority.  The court will not delay the trial or inconvenience jurors.

2.      If a witness was on the stand at a recess or adjournment, counsel who called the witness shall ensure the witness is back on the stand and ready to proceed when trial resumes.

3.      Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

4.      No presenting party may be without a witness.  If a party's remaining witnesses are not immediately available and there is more than a brief delay, the court may deem that party to have rested.

Exh 2 Page 108

5.      The court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence.  Counsel must anticipate any such possibility and discuss it with opposing counsel.  If there is an objection, counsel must confer with the court in advance.

G.      Exhibits.

1.      Each counsel should keep counsel's own list of exhibits and should note when each exhibit has been admitted into evidence (if not already admitted pursuant to the pretrial exhibit stipulation).

2.      Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3.      An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that it be marked for identification.  Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4.      Counsel are to advise the CRD of any agreements with respect to the proposed exhibits and as to those exhibits that may be received without further motion to admit.

5.      When referring to an exhibit, counsel should refer to its exhibit number.  Witnesses should be asked to do the same.

6.      Counsel must neither ask witnesses to draw charts or diagrams nor ask the court's permission for a witness to do so.  Any graphic aids must be fully prepared before the court session starts.

H.      Depositions.

1.      All depositions to be used at trial, either as evidence or for impeachment, must be lodged with the CRD **on the first day of trial or such earlier date as the court may order**.  Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

2.      In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

Exh 2 Page 109

a.    If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

b.    If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness shall be told to read the relevant pages and lines silently.  Then counsel may: (a) ask the witness further questions on the matter and thereafter read the quotations; or (b) read the quotations and thereafter ask further questions.  Counsel should have an extra copy of the deposition for this purpose.

3.    Where a witness is absent and the witness's testimony is offered by deposition, counsel may:  (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions; or (b) have counsel read both the questions and answers.

I.    <u>Interrogatories and Requests for Admissions</u>.

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel must prepare a new document listing each question and answer and identifying the document from which it has been extracted.  Copies of this new document should be given to the court and opposing counsel.

VII.    COMPLIANCE WITH THIS ORDER, THE LOCAL RULES AND THE FEDERAL RULES OF CIVIL PROCEDURE.

All parties and their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California and the court's standing orders. The failure of any party or attorney to comply with the requirements of this Order, the Local Rules or the Federal Rules of Civil Procedure may result in sanctions being imposed.

///

///

Exh 2 Page 110

Case 2:15-cv-09225-FMO-RAO   Document 35-2   Filed 03/11/16   Page 17 of 18   Page ID #:156
Case 2:15-cv-09225-FMO-RAO   Document 35-2   Filed 09/15/16   Page 111 of 268   Page ID
#:482

Povilas Karcauskas v. Regreso Financial Services LLC, et al.
Case No. CV 15-9225 FMO (RAOx)

CASE DEADLINES

The court hereby enters the following scheduling order:

1.  Any stipulation or motion to amend as to any claims, defenses and/or parties shall be lodged/filed no later than **May 6, 2016**, failing which it shall be deemed that party's waiver of any such amendments in this action.  All "Doe" defendants are to be identified and named on or before **May 6, 2016**, on which date all remaining "Doe" defendants will be dismissed, unless otherwise ordered by the court upon a showing of good cause.

2.  All fact discovery shall be completed no later than **September 7, 2016**.

3.  All expert discovery shall be completed by **November 21, 2016**.  The parties must serve their Initial Expert Witness Disclosures no later than **September 21, 2016**.  Rebuttal Expert Witness Disclosures shall be served no later than **October 21, 2016**.  The parties should commence expert discovery shortly after the initial designation of experts, because Local Rules 7-3 and 37-1 require ample time to meet and confer as well as brief the matters, and because the final pretrial conference and trial dates will not be continued merely because expert discovery is still underway.

4.  The parties shall complete their settlement conference before a private mediator no later than **September 7, 2016**.  Plaintiff's counsel shall contact the mediator far enough in advance so that the settlement conference date is early enough to comply with the settlement completion deadline imposed by this court.  After obtaining available dates from the mediator, counsel for the parties shall confer with each other and select one of the proposed dates.  Plaintiff's counsel shall then advise the mediator of the settlement conference date selected by parties.  If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers.  Otherwise, **the parties must, no later than 48 hours after the settlement proceeding is completed, file a Status Report Re: Settlement**.  The Status Report shall not disclose the parties' settlement positions, _i.e._, the terms of any offers or demands.  The Status Report shall describe the efforts made by the parties to resolve the

Exh 2 Page 111

17

dispute informally, i.e., the occasions and dates when the parties participated in mediation.  The

Status Report shall also include the name of the mediator who assisted the parties with their

settlement conference.

5.  Any motion for summary judgment and/or other potentially dispositive motion shall be

filed no later than **December 21, 2016**, and noticed for hearing regularly under the Local Rules.

Any untimely or non-conforming motion will be denied.  *All potentially dispositive motions shall*

*comply with the requirements set forth in the Court's Order Re:  Summary Judgment Motions*

*issued contemporaneously with the filing of this Order.*  Each party is allowed one potentially

dispositive motion.

6.  Any motion for class certification shall be filed no later than **January 20, 2017**, and

noticed for hearing regularly under the Local Rules.  Any untimely or non-conforming motion will

be denied.  *The motion for class certification shall comply with the requirements set forth in the*

*Court's Order Re: Motions for Class Certification issued contemporaneously with the filing of this*

*Order.*

7.  The court will set pre-trial conference and trial dates, if necessary, after the resolution

of any dispositive motions and the class certification motion.

8.  Failure to comply with any provisions of this Order may result in sanctions being

imposed.

Dated this 11th day of March, 2016.

_____
/s/
Fernando M. Olguin
United States District Judge

Exh 2 Page 112

**Exhibit 9**

1

2

3

4

5

6

7

8     UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   POVILAS KARCAUSKAS,<br>on behalf of himself and all<br>12   others similarly situated, | Case No. 2:15-cv-09225-FMO-RAOx |
| 13       Plaintiff, | ORDER AMENDING SCHEDULING<br>AND CASE MANAGEMENT ORDER<br>AND ORDER RE MOTIONS FOR CLASS<br>CERTIFICATION [DKT. 35, 36] |
| 14     vs. | |
| 15   REGRESO FINANCIAL<br>SERVICES LLC;<br>16   GOLDSMITH & HULL, APC;<br>WILLIAM I. GOLDSMITH;<br>17   and DOES 1 to 10; | |
| 18      Defendants. | |

19

20    On stipulation of the seeking to amend the Amended Scheduling and Case

21 Management Order (see Dkt. 35) and the Order re Motions for Class Certification (see

22 Dkt. 36) and good cause appearing, those orders shall be amended as follows:

23    1.  Plaintiff's co-counsel, O. Randolph Bragg, who is located in Chicago,

24 may conduct the depositions set by Plaintiff via telephone, Skype, or some other

25 means of video or teleconferencing.

26    2.  The Scheduling and Case Management Order shall reflect a 90-day

27 continuance of the following dates and all associated dates:

28

Exh 2 Page 114

a.      Fact discovery completion date continued from September 7, 2016 to December 7, 2016;

b.      Settlement conference completion date continued from September 7, 2016 to December 7, 2016;

c.      Deadline to serve initial expert disclosures continued from September 21, 2016 to December 21, 2016;

d.      Deadline to serve rebuttal expert disclosures continued from October 21, 2016 to January 23, 2017;

e.      Expert discovery completion date continued from November 21, 2016 to February 21, 2017;

f.      Motion for summary judgment or other dispositive motions shall filing deadline continued from December 21, 2016 to March 21, 2017; and

g.      Deadline to file joint brief re class certification continued from January 20, 2017 to April 20, 2017.

**IT IS SO ORDERED**.

DATED: August 3, 2016

_____
/s/
Fernando M. Olguin
United States District Judge

**Exh 2 Page 115**

Robert Stempler, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
P.O. Box 7145; Oxnard, CA 93031-7145
Telephone (805) 246-2300
Fax: (805) 576-7800

O. Randolph Bragg, Attorney Admitted *Pro Hac Vice*
Email: rand@horwitzlaw.com
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900; Chicago, IL 60602
Telephone (312) 372-8822
Facsimile (312) 372-1673

Counsel for Plaintiff-Moving Party

LEWIS BRISBOIS BISGAARD & SMITH LLP
STEPHEN H. TURNER, SB# 89627
      E-Mail: Stephen.Turner,lewisbrisbois.com
LARISSA G. NEFULDA, SB# 201903
      E-Mail: Larissa.Nefulda.lewisbrisbois.com
633 West 5th Street, Ste. 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants-Opposing Parties,
GOLDSMITH & HULL, APC and WILLIAM I. GOLDSMITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POVILAS KARCAUSKAS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> REGRESO FINANCIAL SERVICES LLC; et al.; <br><br> Defendants. | Case No. 2:15-cv-09225-FMO-RAOx <br><br> JOINT STIPULATION OF COUNSEL ON PLAINTIFF POVILAS KARCAUSKAS' MOTION TO COMPEL FURTHER RESPONSES AND DOCUMENT PRODUCTION FROM GOLDSMITH & HULL, APC TO (1) INTERROGATORIES; (2) REQUESTS FOR ADMISSION; AND (3) REQUESTS FOR PRODUCTION OF DOCUMENTS <br><br> Discovery Cutoff Date: 12/07/2016 <br> Class Cert. Motion Deadline: 04/20/2017 <br> Pretrial Conference & Trial Date: Not set. |

- 1 -

# TABLE OF CONTENTS

Plaintiff-Moving Party's Introductory Statement

Defendant-Opposing Party's Introductory Statement

## JOINT STIPULATION

I.     Terms (all in UPPERCASE) and Instructions in Plaintiff's sets of discovery

II.    Numerosity of the L4AR form letters sent to California addressees since November 30, 2014

    A.   Interrogatories Nos. 10, 24

        1.   Interrogatory 10

        Verbatim request

        Verbatim response

        Moving party's contentions and points and authorities

Authorities re: Response Notwithstanding Objections Waives the Objections

Objections Must be Stated with Sufficient Specificity

Authorities re: Irrelevant, Beyond Scope, Overly Broad, Unduly Burdensome, and Relevance

Authorities re: Unduly Burdensome, Overbearing, Duplicative

Authorities re: Vague, Ambiguous, Unintelligible

Authorities re: Unspecified "Privilege" Without a Privilege Log

Authorities re: Witness Names, Addresses and Telephone Numbers

        Responding party's contentions and points and authorities

        2.   Interrogatory 24

        Verbatim request

        Verbatim response

- 2 -

1            Moving party's contentions and points and authorities

2            Responding party's contentions and points and authorities

3

4     B.     Document Demands No. 13

5            Verbatim request

6            Verbatim response

7            Moving party's contentions and points and authorities

8            Responding party's contentions and points and authorities

9

10    C.     Request for Admission Nos. 100-108

11            1.     Request for Admission 100

12            Verbatim request

13            Verbatim response

14            Moving party's contentions and points and authorities

15            Responding party's contentions and points and authorities

16            2.     Request for Admission 101

17            Verbatim request

18            Verbatim response

19            Moving party's contentions and points and authorities

20            Responding party's contentions and points and authorities

21            3.     Request for Admission 102

22            Verbatim request

23            Verbatim response

24            Moving party's contentions and points and authorities

25            Responding party's contentions and points and authorities

26            4.     Request for Admission 103

27            Verbatim request

28            Verbatim response

- 3 -

| | |
|---|---|
| 1 | Moving party's contentions and points and authorities |
| 2 | Responding party's contentions and points and authorities |
| 3 | 5.     Request for Admission 104 |
| 4 | Verbatim request |
| 5 | Verbatim response |
| 6 | Moving party's contentions and points and authorities |
| 7 | Responding party's contentions and points and authorities |
| 8 | 6.     Request for Admission 105 |
| 9 | Verbatim request |
| 10 | Verbatim response |
| 11 | Moving party's contentions and points and authorities |
| 12 | Responding party's contentions and points and authorities |
| 13 | 7.     Request for Admission 106 |
| 14 | Verbatim request |
| 15 | Verbatim response |
| 16 | Moving party's contentions and points and authorities |
| 17 | Responding party's contentions and points and authorities |
| 18 | 8.     Request for Admission 107 |
| 19 | Verbatim request |
| 20 | Verbatim response |
| 21 | Moving party's contentions and points and authorities |
| 22 | Responding party's contentions and points and authorities |
| 23 | 9.     Request for Admission 108 |
| 24 | Verbatim request |
| 25 | Verbatim response |
| 26 | Moving party's contentions and points and authorities |
| 27 | Responding party's contentions and points and authorities |
| 28 | |

Exh 3 Page 119

III.   Net Worth of G&H for purposes of FDCPA & RFDCPA class damages

    A.   Interrogatories Nos. 18, 20

        1.   Interrogatory 18

        Verbatim request

        Verbatim response

        Moving party's contentions and points and authorities

Authorities re: Defendant's Net Worth and Financial Statements

Authorities re: Available Information and Documents

        Responding party's contentions and points and authorities

        2.   Interrogatory 20

        Verbatim request

        Verbatim response

        Moving party's contentions and points and authorities

        Responding party's contentions and points and authorities

    B.   Document Demands Nos. 43, 44

        1.   Document Demand 43

        Verbatim request

        Verbatim response

        Moving party's contentions and points and authorities

        Responding party's contentions and points and authorities

        2.   Document Demand 44

        Verbatim request

        Verbatim response

        Moving party's contentions and points and authorities

        Responding party's contentions and points and authorities

1     C.    Request for Admission No.  79

2         Verbatim request

3         Verbatim response

4         Moving party's contentions and points and authorities

5         Responding party's contentions and points and authorities

6

7  IV.    Approval and use of the L4AR form letters sent to consumers in California

8     A.    Document Demands Nos. 20, 27, 34

9         1.    Document Demand 20

10        Verbatim request

11        Verbatim response

12        Moving party's contentions and points and authorities

13        Responding party's contentions and points and authorities

14        2.    Document Demand 27

15        Verbatim request

16        Verbatim response

17        Moving party's contentions and points and authorities

18        Responding party's contentions and points and authorities

19        3.    Document Demand 34

20        Verbatim request

21        Verbatim response

22        Moving party's contentions and points and authorities

23        Responding party's contentions and points and authorities

24

25  V.    Affirmative defense of bona fide error

26     A.    Interrogatory No. 15

27        Verbatim request

28        Verbatim response

Moving party's contentions and points and authorities

Responding party's contentions and points and authorities

B.  Document Demands Nos. 39, 53

    1.  Document Demand 39

Verbatim request

Verbatim response

Moving party's contentions and points and authorities

Responding party's contentions and points and authorities

    2.  Document Demand 53

Verbatim request

Verbatim response

Moving party's contentions and points and authorities

Responding party's contentions and points and authorities

TABLE OF EXHIBITS

Exh 3 Page 122

Pursuant to Local Civil Rule 37-2 et seq., counsel for the parties indicated above submit the attached Joint Stipulation for Plaintiff's motion to compel further responses and document production from defendant GOLDSMITH & HULL, APC (referred to as "G&H") and from defendant WILLIAM I. GOLDSMITH (referred to as "Goldsmith") (referred to collectively as "Defendants") to Plaintiff's written discovery requests consisting of: (1) interrogatories, (2) requests for admission, and (3) requests for production of documents.   Responding party in this motion is Defendant G&H.  Defendant Regreso Financial Services, LLC is referred to simply as "Regreso" is not a part of this motion.

Plaintiff also seeks an award of attorney's fees, pursuant to rule 37(a)(5) of the Federal Rules of Civil Procedure, against the responding party and its counsel.

Plaintiff-Moving Party's Introductory Statement

Plaintiff requests an order of the Court compelling G&H to provide (1) its electronic records which indicate any letters sent to debtors in the form of Exhibit A in order that the records may be searched to determine numerosity and (2) financial documents in order to determine Defendants' net worth for computing statutory damages under the FDCPA. Defendants assert that they don't have the information or refuse to conduct a manual search of their records to provide information for numerosity.  Defendants objected to discovery related to their net worth.

Plaintiff's complaint alleges a class action under the Fair Debt Collection Practices Act,  15 U.S.C. § 1692, *et seq.* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.10, *et seq.* ("RFDCPA") for the written communications to Plaintiff and members of the class (see complaint's Exhibits A, B, C and D).  In particular, Exhibit A attached to Plaintiff's complaint misrepresented, contrary to FDCPA §§ 1692e, 1692e(2)(A), and 1692e(10), the status and involvement of the alleged original creditor, Chase Manhattan Bank.  Also, Exhibit A misrepresented, contrary to FDCPA §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10), that the collection case included "the wage assignment as ordered by the Court," though there was no wage assignment order pending in the case.

In their amended answers to complaint, the defendants admit their status as a debt collection agency or debt collectors, subject to both FDCPA and RFDCPA, and the subject matter jurisdiction of this court for this case.  Also, defendants admit in their answer to complaint that Regreso was suspended by the Cal. Secretary of State from April 2, 2015 through July 14, 2015 and that Chase Manhattan Bank was not their client and that letters sent to Plaintiff misstate the case was improperly styled as "Chase Manhattan Bank" as the judgment creditor in the California Superior Court. In their answer to complaint, the defendants deny violating any section of the FDCPA and the RFDCPA and deny each of the allegations for class certification. Defendants

- 9 -

1   assert the bona fide error defense, which the District Judge did not strike, following

2   Plaintiff's motion to strike the affirmative defense.

3   Despite specific requests for the class size or the number of letters sent in the

4   form of Exhibit A, the defendants have failed and refused to produce that information

5   or documentation and refuse to search their records for all persons sent Exhibit A.

6   Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so

7   numerous that joinder of all members is impracticable." *Gay v. Waiters and Dairy*

8   *Lunchmen's Union*, 549 F.2d. 1330 (9th Cir. 1977).   Defendants also refused to

9   produce their financial information, though the basis to compute the statutory

10   damages under the FDCPA is 1% and under the RFDCPA is also 1% of a defendant's

11   net worth.   Defendants have stated that six individuals were the subject of the

12   deceptive communications in the form of Exhibits B, C and D.

13   With their responses to sets 1 and 2, Defendants G&H and Goldsmith produced

14   only a copy of their insurance policies (Bates Nos. GH 01-40) and the entire file from

15   the collection case against Plaintiff (Bates Nos. GH 41-164) regarding California

16   Superior Court in Sonoma County.   After entry of the stipulated protective order,

17   Defendants G&H and Goldsmith produced only a copy of the FDCPA (Bates Nos.

18   GH 165-189) and Bates Nos. GH 190 thru 200, which Defendants designated as

19   confidential, but which Plaintiff disputed on July 14, 2016, as it was merely part of

20   an FDCPA "Consumer Compliance Handbook."  G&H produced a redacted copy of

21   G&H's financial statement for 2014/2015 as Bates Nos. GH 201-4 subject to the

22   Protective Order and G&H's collection files for Plaintiff as Bates Nos. GH 205-222.)

23   This stipulation is organized by subject matter, as many of the interrogatories,

24   requests for admission, and document demands correspond by particular subjects, as

25   follows: (I) definitions applicable to the items in dispute, (II) numerosity of class

26   members, (III) responding party's net worth, (IV) approval and use of form letters,

27   (V) the defendants' affirmative defense of bona fide error.

28

- 10 -

Exh 3 Page 125

Many general and boilerplate objections were asserted by the defendants to Plaintiff's discovery. Plaintiff's counsel has had two rounds of meet and confer letters and telephone conversations with defendants' counsel as to sets 1 and 2, which has resulted in partly amended responses, as stated below.  Many of the objections have been withdrawn, yet many of the requests have not been answered completely and responsive documents have been withheld improperly.

Previous litigation involving defendant Goldsmith & Hull, APC, reveals that defendant (including Goldsmith, as its attorney) uses form objections to improperly withhold documents from production. *De Amaral v. Goldsmith & Hull, APC*, Case No. 12–cv–03580–WHO, 2014 WL 572268, *3 (N.D. Cal., Feb. 11, 2014) ["*De Amaral*"] ["Suffice it to say, the defendants show a stark misunderstanding of their obligations in discovery. . . . Defendants objected to the request for being, among other things, burdensome and harassing, and later said that after a reasonable search and diligent inquiry no documents were known to exist other than ones that were produced."].  This misconduct appears to be a legitimate concern in the instant case, in which defendant has interposed improper/boilerplate objections, failed to comply with the duty to search for responsive documents (including ESI), given responses that fail to comply with the FRCP, and failed to serve a privilege log.

Accordingly, this motion to compel is needed, for which Plaintiff also seeks an award of attorney's fees as part of the order, per FRCP Rule 37(a)(5), as each of Plaintiff's meet and confer letters indicated not only the relevant rules and case law applicable to the disputed items, but also the rules applicable to monetary sanctions for the continued assertion of meritless objections and the responding party's refusal to provide: (a) non-evasive complete responses, (b) agreement to produce all responsive documents, ( c) complete document production, and (d) a privilege log. In particular, Plaintiff needs defendant to completely answer interrogatories and produce documents that identify the persons to whom G&H sent the form letter of Exhibit A (for numerosity) and each defendant's net worth (for statutory damages).

1

<u>Defendant-Opposing Party's Introductory Statement</u>

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION

I.   <u>Terms (all in UPPERCASE) defined and instructions re privilege for the discovery in dispute</u>

<u>Definitions</u>

"DOCUMENT" or "DOCUMENTS" means and includes every means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, including any handwriting, typewriting, printing, photostating, photographing, and/or any other means of communication.

"PERSON" or "PERSONS" means and includes any man, woman, individual, auctioneer, corporation, organization, association, partnership, firm, joint venture, governmental body, agency, governing board, department, division, trust, business trust, or any other entity.

"EMPLOYEE" or "EMPLOYEES" means and includes any and all current and former employees, managers, agents, and "in-house" attorneys of an organization.

"FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o.

"RFDCPA" refers to the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.10 *et seq.*

"YOU" or "YOUR" means and includes RESPONDING PARTY and RESPONDING PARTY's EMPLOYEES. If "you(r)" is not capitalized, then it shall be limited to and mean the RESPONDING PARTY only.

"COMMUNICATION" means and includes written correspondence, recordings, and state court pleadings.

"RESPONDING PARTY" means G&H.

"PLAINTIFF" means POVILAS KARCAUSKAS.

"REGRESO" means Regreso Financial Services LLC.

"G&H" means Goldsmith & Hull, APC.

- 13 -

1    "COMPLAINT" means PLAINTIFF's complaint in this matter.

2    "EXHIBIT A" means Exhibit A attached to the COMPLAINT.

3    "EXHIBIT B" means Exhibit B attached to the COMPLAINT.

4    "EXHIBIT C" means Exhibit C attached to the COMPLAINT.

5    "EXHIBIT D" means Exhibit D attached to the COMPLAINT.

6    "DEBT" means the purported obligation referenced in EXHIBIT A.

7    "CONSUMER" has the same meaning as defined in the FDCPA.

8

9                        Instructions re Privilege

10   Production of Documents. In the event that any DOCUMENT called for by this request is withheld on the basis of a claim of privilege, please identify that DOCUMENT by stating its author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, number of pages, attachments or appendices, all PERSONS to whom distributed, shown or explained, present custodian, and the nature of the claimed privilege.  Such information is sometimes referred to as a "Privilege Log."

17   Interrogatories. If you decline to respond to any interrogatory in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

- 14 -

Exh 3 Page 129

II.   Numerosity of the L4AR form letters sent to California addressees since November 30, 2014

     A.   Interrogatories Nos. 10, 24

          1.   Interrogatory 10.

     Verbatim Request

For each letter in the form of Exhibit A mailed at any time on or after November 30, 2014, state the total number, names and addresses of persons in California.

     Verbatim response

Objection.  The interrogatory is overly broad, unduly burdensome, harassing, vague and ambiguous.  The interrogatory calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses.  The interrogatory calls for confidential and private information and violates the right to privacy of third parties. Subject to and without waiving said objections, Defendant responds as follows: Aside from Exhibit A, Defendant is not aware of any letter that Defendant sent where the original creditor was listed as plaintiff incorrectly as opposed to the debt buyer.

     Moving party's contentions and points and authorities

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, harassing, confidential, private, and third party privacy lack merit, are merely boilerplate and not specific. *Mancia, supra*;  *Beach v. City of Olathe, Kans*. 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1).  Also, these objections are waived by answering "subject to

- 15 -

Exh 3 Page 130

1   . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications,*

2   *LLC, supra.* The intent of this interrogatory is to get the total number of collection

3   letters sent to persons in California for purposes of obtaining the number of class

4   members in connection with Plaintiff's motion for class certification, which requires

5   numerosity be stated in the motion. It also seeks each person's name and address.

6   "The disclosure of names, addresses, and telephone numbers is a common practice

7   in the class action context." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352–53 (N.D. Cal.

8   2011). The answer to this interrogatory is appropriate for numerosity and probative

9   on this issue of commonality. Rule 23(a)(1) of the Federal Rules of Civil Procedure

10  requires that the class be "so numerous that joinder of all members is impracticable."

11  *Gay v. Waiters and Dairy Lunchmen's Union*, 549 F.2d. 1330 (9th Cir. 1977).

12  Moreover, the stated answer ("subject to . . . said objections") is false in that

13  it states that Defendant can identify only  one letter as having been sent. In fact,

14  Defendant sent two form letters directly to Plaintiff according to Defendant's internal

15  collection records, a copy of which is attached here as Exhibit 6, which shows that

16  an L4AR form letter has been sent to Plaintiff dated September 9, 2015 as well as

17  January 4, 2016. In fact, Plaintiff received both form letters. Thus, Defendant has

18  given false discovery responses in this case, as it did in *De Amaral*, *supra*.

19  During the meet and confer attempts to get Defendant to amend, Plaintiff

20  proposed to limit the answer to all persons in California to whom the form letter was

21  sent for any debt buyer client (Defendant's phrase) in which the original creditor was

22  falsely listed as the plaintiff, rather than the correct debt buyer's name, but Defendant

23  did not amend and would not agree to any amendments, nor would Defendant agree

24  to withdraw any of the objections asserted. During the meet and confer process,

25  Plaintiff advised Defendant's counsel of the following citations that apply here,

26  which Plaintiff submits also in support of this motion to compel further response:

27

28

Exh 3 Page 131

<u>Authorities re: Response Notwithstanding Objections Waives the Objections</u>

The court, in *Sprint Communications Co., L.P. v. Comcast Cable Communications, LLC*, Nos. 11–2684, 11–2685, 11–2686, 2014 WL 545544, \*2-3 (D. Kan., Feb. 11, 2014), *citing Haeger v. Goodyear Tire & Rubber Co.*, 906 F.Supp.2d 938, 976-77 (D.Ariz. 2012):

> The court recognizes that it has become common practice among many practitioners to respond to discovery requests by asserting objections and then answering "subject to" or "without waiving" their objections. This practice, however, is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure. The court joins a growing number of federal district courts in concluding that such conditional answers are invalid and unsustainable.
>
> . . . .
>
> In addition to their failure to convey any information, conditional responses are not permitted by the Federal Rules of Civil Procedure. Rule 34(b)(2) permits only three responses to a request for production of documents: produce the documents as requested, "state an objection to the request" as a whole, or state an "objection to part of [the] request" provided that the response specifies the part objected to and responds to the non-objectionable portion. [footnote omitted] "Objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules." [footnote omitted] Thus, no objections maybe "reserved" under the rules; "they are either raised or they are waived." [footnote omitted]

- 17 -

Exh 3 Page 132

Finally, courts have recognized that conditional responses violate common sense. In *Haeger v. Goodyear Tire and Rubber Co.*, U.S. District Judge Roslyn O. Silver of the District of Arizona concluded that if Rule 34 were read to allow parties to combine objections with a partial response that does not specify whether other potentially responsive material is being withheld, "discovery would break down in practically every case." [footnote omitted] Judge Silver explained,

A litigant with any viable objection to a discovery request would make that objection and then produce whatever portion of otherwise responsive documents it wished to produce. Under this approach, a party would have no obligation to indicate that its production was partial and the opposing party would have no way of knowing the production was partial. Absent an indication of what, exactly, the responding party was objecting to, courts would have no way of assessing the propriety of the objections. Instead, courts would be flooded with motions to compel by litigants seeking to confirm that undisclosed responsive documents did not exist. And courts would then be forced to ask counsel, over and over again, "Do other documents exist?" [footnote omitted]

. . . .

For these reasons, the court follows its sister courts in holding, "whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands." [footnote omitted]

Exh 3 Page 133

<u>Objections Must be Stated with Sufficient Specificity</u>

The Rutter Group treatise by James M. Wagstaffe, Cal. Practice Guide: Federal Civil Procedure Before Trial, Cal. & 9th Circuit Edition (Rutter Group Thomson Reuters Westlaw) [cited as "Rutter"], states (bolding and italics in treatise):

> (4) [11:1733] **Sufficiency of objection**: All grounds for objection to an interrogatory must be stated "with specificity." [FRCP 33(b)(4); see *Nagele v. Electronic Data Systems Corp.* (WD NY 2000) 193 FRD 94, 109—objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" basis for objection; see also *Mancia v. Mayflower Textile Services Co.* (D MD 2008) 253 FRD 354, 357—boilerplate objections waived any legitimate objections responding party may have had; *Deere v. American Water Works Co., Inc.* (SD IN 2015) 306 FRD 208, 215—"general objections are entitled to little if any weight"]

> > If required to make the objection understandable, the objecting party must state *reasons* for any objection. [See FRCP 33(b)(4); *Chubb Integrated Sys. Ltd. v. National Bank of Wash.* (D DC 1984) 103 FRD 52, 58—"irrelevant" did not fulfill party's burden to explain its objections]

Federal Rules of Civil Procedure rule 33(b)(4) states that "the grounds for objecting to an interrogatory must be stated with specificity." The Ninth Circuit, in *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981), stated:

> Moreover, objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable. Appellant never identified, with any specificity, the interrogatories to which the claim of privilege pertained. Appellant's blanket claim of privilege is simply not sufficient.

The Eleventh Circuit, in *Panola Land Buyers' Association v. Sherman*, 762 F.2d 1550, 1559 (11th Cir. 1985), stated:

> To be adequate, objections which serve as the basis of a motion for protective order under Fed.R.Civ.P. 26 should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981). *See Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir.1982) (quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296–97 (E.D.Pa.1980)) ("party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive....' ").

In *Burns v. Imagine Films Entertainment Inc.*, 164 F.R.D. 589, 592-3 (W.D.N.Y. 1996), the court stated:

> Defendants also filed objections stating that the Discovery Request is overbroad, vague and unduly burdensome. However, these objections were not sufficiently specific to allow the court to ascertain the claimed objectionable character of the Discovery Request, further, this type of general objection is not proper. As objections to interrogatories must be specific and supported by detailed explanation of why the interrogatories are objectionable. *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 296–97 (E.D.Pa.1980) (to successfully object to an interrogatory, a defendant cannot simply state that the interrogatory is overly broad, burdensome, oppressive and irrelevant, rather, the party opposing discovery must specifically demonstrate how each interrogatory was overly broad, burdensome, oppressive or irrelevant). Additionally, the fact that answering the interrogatories will require the objecting party to expend considerable time, effort and expense

consulting, reviewing and analyzing "huge volumes of documents and information" is an insufficient basis to object. *Roesberg, supra*, at 296–97. Therefore, Defendants did not meet their burden under Rule 33(a) of making a specific showing of reasons why the interrogatories should not be answered or documents not produced where they merely made conclusory objections. Accordingly, these objections shall not prevent the Defendants from providing the information sought in the Discovery Request.

In *Burns, supra.*, 164 F.R.D. at 594, the district court stated:

The party asserting the privilege and resisting discovery has the burden of establishing the existence of the privilege.  Fed.R.Civ.P. 26(b)(5); *National Union Fire Insurance Company of Pittsburgh v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan.1994). See, e.g., Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir.), cert. denied, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987). Blanket assertions of privilege are insufficient to satisfy this burden. *National Union Fire, supra*, at 567.  The party claiming the privilege must supply opposing counsel with sufficient information to assess the applicability of the privilege or protection, without revealing information which is privileged or protected. *First Savings Bank, F.S.B. v. First Bank System, Inc.*, 1995 WL 250394, *4 (D.Kan.1995);   *Johnson v. City of Philadelphia*, 1994 WL 665718, *5 (E.D. Pa.1994).

Exh 3 Page 136

<u>The Responding Party Has the Burden To Provide Support for Each Objection</u>

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Nadler v. Nature's Way Products, LLC*, No. EDCV 13–100–TJH (KKx), 2014 WL 5761122, at *2 (C.D. Cal. Nov. 5, 2014); *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002)  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

<u>Authorities re: Irrelevant, Beyond Scope, Overly Broad,</u>

<u>Unduly Burdensome, and Relevance</u>

FRCP Rule 26(b)(1) states:

**Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Court, in *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006), stated:

As an initial matter, general or boilerplate objections such as "overly burdensome and harassing" are improper--especially when a party fails to submit any evidentiary declarations supporting such

- 22 -

objections.   *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D.Cal.1996); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable). [footnote omitted]   Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.

Rutter, *supra*, states (bolding and italics in treatise):

[11:1734] **Overbroad questions**: Where an interrogatory is overbroad, the responding party should answer whatever part of the question is proper, object to the balance and provide some *meaningful explanation* of the basis for the objection. [*Mitchell v. National R.R. Passenger Corp.* (D DC 2002) 208 FRD 455, 458, fn. 4; *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512--objections must explain how request or interrogatory is overbroad or unduly burdensome; *Gassaway v. Jarden Corp.* (D KS 2013) 292 FRD 676, 682]

For example:

Interrogatory: "State the names of any doctors who treated you or *with whom you have consulted* regarding your injuries."

Response: "I was treated by Doctor Janet Jones. OBJECTED TO *insofar as this Interrogatory asks for* names of nontreating doctors

Exh 3 Page 138

1    whom I may have consulted because their identities are protected as

2    attorney work product."

3

4

5    <u>Authorities re: Unduly Burdensome, Overbearing, Duplicative</u>

6    In *Biovail Labs. Inc. v. Anchen Pharmaceuticals, Inc.*, 233 F.R.D. 648, 651-652

7    (C.D. Cal. 2006), the court stated:

8    " 'Generally, the purpose of discovery is to remove surprise from trial

9    preparation so the parties can obtain evidence necessary to evaluate and

10   resolve their dispute.'" *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636

11   (C.D.Cal.2005) (*quoting Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D.

12   281, 283 (C.D.Cal.1998)). "Toward this end, Rule 26(b) is liberally

13   interpreted to permit wide-ranging discovery of information even though

14   the information may not be admissible at the trial." *Id. (citing Jones v.*

15   *Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250

16   (D.Kan.1993)). All discovery, and federal litigation generally, is subject

17   to Rule 1, which directs that the rules "shall be construed and

18   administered to secure the just, speedy, and inexpensive determination

19   of every action." Fed.R.Civ.P. 1; *Moon*, 232 F.R.D. at 636.

20

21   "[T]he mere statement by a party that [an] interrogatory was overly broad,

22   burdensome, oppressive and irrelevant is not adequate to voice a successful objection

23   to an interrogatory." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). In

24   *Alexander v. Parsons*, 75 F.R.D. 536, 538-39 (W.D. Mich. 1977), the court held that

25   discovery which would "require 2,000 man-hours of labor to search some 57,000

26   records" would not support a protective order against such request.

27

28

- 24 -

The court, in *Chubb Integrated Systems v. Nat's Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984), stated:

> Labelling plaintiff's effort as repetitious, does not support its objection. Standing alone, the fact that defendants conducted a search does not support plaintiff's claim of burdensomeness. An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden. *See Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296–297 (E.D.Pa.1980); *see generally*, 4A J. Moore and J. Lucas, Moore's Federal Practice ¶ 33.27 (2d ed. 1983). Plaintiff's objections do not reveal the nature of its burden. Without more, this Court cannot conclude that Chubb will be unduly burdened by the interrogatories. Accordingly, we reject this argument.

In *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 417, 419 (N.D. Ill. 1977), the court stated:

> It should first be noted that the interrogatories are classic first-wave discovery. They seek information as to the identity of events and the individuals participating in them which is necessary as a prelude to second-wave depositions of the identified individuals. They are clearly within the scope of first-wave discovery previously delineated by the court.
>
> Nor are they unduly burdensome. The more events and the more individuals involved, of course, the more burdensome answering the interrogatories will be. It can hardly be seriously contended, however, that the volume of possibly illegal activity at some point becomes so great as to make its disclosure unreasonably burdensome. The degree of

- 25 -

Exh 3 Page 140

burden will depend on the extent of the various defendants' activities and not on the interrogatories.

Authorities re: Vague, Ambiguous, Unintelligible

Rutter, *supra*, states (bolding and italics in treatise):

[11:1735] **Vague and ambiguous questions**: Objections to interrogatories as vague and ambiguous are not likely to be upheld.

1) [11:1736] **Interpretation**: First of all, respondents must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. If necessary, *they may include any necessary, reasonable definition* of such terms or phrases in order to clarify their answers. [*Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996) 168 FRD 295, 310]

For example:
> --'Interrogatory: Did you speak to anyone following the accident?
> --'Answer: Treating the question as calling only for conversations at the scene of the accident (rather than at any other time or place after the accident), the answer is: NO.'

2) [11:1737] **Effort to clarify**: Moreover, where the ambiguity can easily be resolved by conferring with the propounding party, courts are likely to overrule an objection that the interrogatory is vague and ambiguous.

1    [*Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489,

2    497]

3    . . . .

4    [11:2059] *Ambiguous*: It is *not* ground for objection that the request is

5    "ambiguous" unless so ambiguous that the responding party cannot, in

6    good faith, frame an intelligent reply. Parties should "admit to the fullest

7    extent possible, and *explain in detail* why other portions of a request

8    may not be admitted." Failure to do so may result in sanctions (below).

9    [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938]

10

11   [11:2060] **PRACTICE POINTER**: If you decide to object on the

12   ground that an RFA is "too ambiguous to frame a response," *include* an

13   explanation of what you feel is ambiguous and why it prevents any

14   intelligent reply.

15

16   Authorities re: Unspecified "Privilege" Without a Privilege Log

17   The Ninth Circuit, in *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981),

18   stated:

19   Moreover, objections should be plain enough and specific enough so

20   that the court can understand in what way the interrogatories are alleged

21   to be objectionable. Appellant never identified, with any specificity, the

22   interrogatories to which the claim of privilege pertained. Appellant's

23   blanket claim of privilege is simply not sufficient.

24

25   Rutter, *supra*, states (bolding and italics in treatise):

26   (b) [11:1918] **Documents withheld as privileged; privilege log**

27   **requirement**: Parties withholding documents as privileged should

28   identify and describe the documents in sufficient detail to enable the

- 27 -

Exh 3 Page 142

demanding party "to assess the applicability of the privilege or protection." [FRCP 26(b)(5); and see FRCP 45(e)(2)(A) (applicable to documents withheld under subpoena); *Ramirez v. County of Los Angeles* (CD CA 2005) 231 FRD 407, 410—failure to provide sufficient information may constitute waiver of privilege]

*Providing a "privilege log" (see* ¶11:1919) has become "an almost universal method of asserting privilege under the Federal Rules." [*Caudle v. District of Columbia* (D DC 2009) 263 FRD 29, 35; *Novelty, Inc. v. Mountain View Marketing, Inc.* (SD IN 2009) 265 FRD 370, 380-381]

. . . .

[11:1918.1] **PRACTICE POINTER**: To avoid any uncertainty, serve your privilege log within the 30 days allowed for response to the discovery request (see ¶11:1902). If unable to do so, ask opposing parties to stipulate to an extension; if they refuse your request, seek a court order. Otherwise, you risk having the court find your privilege claims waived.

. . . .

1) [11:1919] **Privilege log content**: To satisfy this requirement, the responding party should maintain a "privilege log," setting forth:

The general nature of the document (without disclosing its contents);

The identity and position of its author;

The date it was written;

The identity and position of all addressees and recipients;

The document's present location;

The specific reason(s) it was withheld (which privilege claimed, etc.).

[*United States v. Construction Products Research, Inc.* (2nd Cir. 1996) 73 F3d 464, 473; see discussion at ¶11:795]

- 28 -

Exh 3 Page 143

*Comment*: Listing each e-mail separately is crucial where different e-mails in the strand potentially raise different privilege grounds.

*Waiver*: Keep in mind that if one message in the strand has been disclosed to someone outside the scope of privilege, the privilege is waived with respect to that message *and all attached* e-mails. [See *United States v. ChevronTexaco Corp.* (ND CA 2002) 241 F.Supp.2d 1065, 1074-1075 & fn. 6]

In *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005), the court stated:

Under Fed.R.Civ.P. 26(b)(5), a party who withholds discovery materials because of a claim of privilege or work product protection must notify the other party that it is withholding material. 1993 *Notes of Adv. Comm. to Fed.R.Civ.P. 26(b)*. The party who withholds discovery materials must provide sufficient information (i.e., a privilege log) to enable the other party to evaluate the applicability of the privilege or protection. *Id.; see also Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992). Failure to provide sufficient information may constitute a waiver of the privilege. *See Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 182-83 (E.D.Cal.1991) (a "blanket objection" to each document on the ground of attorney-client privilege with no further description is clearly insufficient); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984) (*per curiam* ), *cert. dismissed*, 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985) (attorney-client privilege waived when defendant did not make a timely and sufficient showing that the documents were protected by privilege).

- 29 -

<u>Authorities re: Witness Names, Addresses and Telephone Numbers</u>

In granting a motion to compel credit reporting data pertaining to other consumers, the court in *Shaw v. Experian Information Solutions, Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015), *citing Artis v. Deere & Co.*, 276 F.R.D. 348, 352–53 (N.D.Cal.2011) (*citing Wiegele v. FedEx Ground Package Sys.*, 2007 WL 628041, at *2 (S.D.Cal. Feb. 8, 2007), stated:

> In class action suits, the disclosure of names, addresses, and telephone numbers is commonly allowed, because such disclosure "does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy." *Artis*, 276 F.R.D. at 353 (*citing Khalilpour v. CELLCO Partnership*, 2010 WL 1267749, at *3 (N.D.Cal. Apr. 1, 2010)).

In *Artis v. Deere & Co.*, 276 F.R.D. 348, 352–53 (N.D. Cal. 2011), the court stated:

> The disclosure of names, addresses, and telephone numbers is a common practice in the class action context. *See Currie–White v. Blockbuster, Inc.*, 2010 WL 1526314, at *2 (N.D.Cal. Apr. 15, 2010); *see also Babbitt v. Albertson's Inc.*, 1992 WL 605652, at *6 (N.D.Cal. Nov. 30, 1992) (at pre-certification stage of Title VII class action, defendant employer ordered to disclose names, addresses, telephone numbers and social security numbers of current and past employees); *Putnam v. Eli Lilly & Co.*, 508 F.Supp.2d 812, 814 (C.D.Cal.2007) (ordering production of the names, addresses, and telephone numbers of putative class members, subject to a protective order, including those who worked in a sales division other than the plaintiff's own). Given this standard, the Court finds that Plaintiff is entitled to the contact

information of putative class members. Plaintiff seeks this information in order to substantiate class allegations and to meet the certification requirements under Rule 23. The contact information and subsequent contact with potential class members is necessary to determine whether Plaintiff's claims are typical of the class, and ultimately whether the action may be maintained as a class action.

In reviewing Defendants' arguments, the Court notes that, with the exception of the applicants' right to privacy, their arguments tend to focus on whether Plaintiff will ultimately satisfy her burden of establishing that a class action is proper under Rule 23. However, the Court need not concern itself with these arguments here as Plaintiff's burden at this stage is to make a prima facie showing that the Rule 23 class action requirements are satisfied, which the Court finds that she has done. *Mantolete*, 767 F.2d at 1424.

. . . .

Here, the putative class members may possess relevant discoverable information concerning issues dealing with Plaintiff's gender discrimination claims, as well as other class certification issues. Further, the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such as compelled disclosure of medical records and personal histories. *Id*. While the putative class members have a legally protected interest in the privacy of their contact information and a reasonable expectation of privacy the information sought by Plaintiff is not particularly sensitive. *See, e.g., Khalilpour v. CELLCO Partnership*, 2010 WL 1267749, at *3 (N.D.Cal. Apr. 1, 2010) ("the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal

secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy"). As a result, Defendant's privacy objections must yield to Plaintiff's request for the information.

In granting a plaintiff's motion to compel class member information, the Central District, in *Putnam v. Eli Lilly & Co.*, 508 F.Supp.2d 812, 813-14 (C.D. Cal. 2007), stated:

> In order to certify a class under Rule 23 of the Federal Rules of Civil Procedure, plaintiff must set forth facts that support four requirements: 1. numerosity; 2. common questions of law or fact; 3. typicality of the claims or defenses; and 4. adequacy of the representation. Fed.R.Civ.P. 23(a), *see also In re Mego Financial Corporation Securities Litigation*, 213 F.3d 454, 462 (9th Cir.2000). The question here is whether the contact information for 348 employees of defendant—employees both inside and outside of plaintiff's sales division—is needed by plaintiff to present its certification motion. While the Court recognizes that courts throughout the country have come out on both sides of this issue, this Court finds that, on balance, the information should be provided. [footnote omitted] *See, e.g., Babbitt v. Albertson's. Inc.*, 1992 WL 605652, *5–6 (N.D.Cal. Nov. 30, 1992) (court ordered production at pre-certification stage of names, addresses, telephone numbers and social security numbers of current and past employees, commenting that "[d]efendant has access to this information, and plaintiff should have the same access. Furthermore, the information could lead to the discovery of admissible evidence relevant to the class certification issue.") (emphasis added).

Defendant offers no adequate explanation as to why information about pharmaceutical representatives in sales divisions other than the

- 32 -

one in which plaintiff worked is not relevant to the inquiry. Instead, it seems to the Court that contact with those individuals could well be useful for plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23. Defendant also argues that even if the Court were to find the contact information relevant at this stage, the privacy rights of these individuals outweigh the relevance. While defendant is correct that individuals have a privacy interest in not having their names and addresses disclosed to third parties, the Court has balanced defendant's asserted right to privacy against the relevance and necessity of the information being sought by plaintiff. *See, e.g., Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir.1992); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604–05 (C.D.Cal.1995) (the right to privacy is not absolute, but is "subject to invasion depending upon the circumstances."). In doing so, special attention has been paid to defendant's concern over its perceived duty to protect its employees, as well as plaintiff's need to contact potential plaintiffs. As in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) (abuse of discretion for district court to ban communications concerning class action between parties and potential class members without court approval; "mere possibility of abuses" in class action litigation does not justify communications ban), the Court finds that plaintiff's needs here outweigh the concerns of defendant. Plaintiff has shown a legitimate need for the requested information to determine, among other things, whether common questions of law or fact exist and if plaintiff's claims are typical. The need is especially compelling here where the information to be disclosed concerns not disinterested third parties, but rather potential plaintiffs themselves. This information must be disclosed to enable plaintiff to proceed; a protective order can strike the

- 33 -

Exh 3 Page 148

appropriate balance between the need for the information and the privacy concerns. [footnote omitted]

Despite being made aware during meet and confer of the foregoing authorities, Defendant's refusal to withdraw the objections and failure to amend its answer to be straightforward and complete has resulted in this motion.  There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and amending the response, per the meet and confer.   It is unclear what (if any) documents or information Defendant has withheld, as explained in *Ramirez v. County of Los Angeles*, *supra*, 231 F.R.D. at 410. Since July 7, 2016, this court has had in place a stipulated protective order, under which any confidential documents and information could have been produced. Thus, not only should the court grant the motion to compel this answer, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

### Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

2.   Interrogatory 24.

### Verbatim request

State the state the total number, names, phone numbers and addresses of persons having an address in the state of California, to whom YOU sent letters, at any time on or after November 30, 2014, that stated "an employer must fully cooperate and follow the wage assignment as ordered by the Court," when there was no wage assignment order in that person's case at the time the letter was sent.

### Verbatim response

- 34 -

Exh 3 Page 149

Objection. The interrogatory is overly broad, unduly burdensome, harassing, vague and ambiguous. The interrogatory calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses. The interrogatory calls for confidential and private information and violates the right to privacy of third parties.

### Moving party's contentions and points and authorities

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous, privacy of third parties, confidential and private, overly broad, unduly burdensome and harassing each lack merit, are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). "The former provision for discovery of relevant but inadmissible information that appears `reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the `reasonably calculated' phrase to define the scope of discovery `might swallow any other limitation on the scope of discovery.'" Fed. R. Civ. P. 26. Advisory Committee Notes 2015 Amendment.

No answer was given, not even as to the form letters sent to Plaintiff, as indicated in Exhibit 6. The intent of this interrogatory is to get the total number of collection letters to persons in California with the particular sentence fragment which appears to violate the FDCPA, for purposes of evaluating the number of class members in connection with Plaintiff's motion for class certification, which requires numerosity. Rule 23(a)(1). It also seeks each person's name and address. "The disclosure of names, addresses, and telephone numbers is a common practice in the class action context." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352–53 (N.D. Cal. 2011).

1   The answer to this interrogatory is appropriate for numerosity and probative on this

2   issue of commonality.

3          Despite being made aware during meet and confer of the foregoing authorities

4   (as stated in interrogatory 10, Moving Party's Contentions and P&As), Defendant's

5   refusal to withdraw the objections and answer this interrogatory has resulted in this

6   motion. There was no justification given by Defendant's counsel during the meet and

7   confer for not withdrawing the objections and responding, per the meet and confer,

8   other than advising that they are unable to perform an electronic search of their

9   computerized records, to which Plaintiff's counsel asked what had been done to

10  search the records, to which Responding Party's counsel asserted that she did not

11  know.  It is unclear what (if any) documents or information Defendant are being

12  withheld under the objections, as explained in *Ramirez v. County of Los Angeles*,

13  *supra*, 231 F.R.D. at 410.  Since July 7, 2016, this court has had in place a stipulated

14  protective order, under which any confidential documents and information could have

15  been produced. Thus, not only should the court grant the motion to compel this

16  answer, but the court should require Defendant and its counsel to pay Plaintiff's

17  attorney's fees, pursuant to Rule 37(a)(5).

18

19          Responding party's contentions and points and authorities

20  (Please provide this information within 7 days of receipt of this stipulation)

21

22

23  B.      Document Demands No. 13

24

25          Verbatim request

26          All DOCUMENTS showing the number, names and addresses of persons in the

27  state of California who were sent a collection letter in the form of EXHIBIT A, at any

28  time on or after November 30, 2014.

- 36 -

Exh 3 Page 151

Verbatim response

Objection. The request is overly broad, unduly burdensome, oppressive, vague and ambiguous.  The request calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses.  The request calls for confidential and private information and violates the right to privacy of third parties.  Subject to and without waiving said objections, Defendant responds as follows: All non-privileged documents which are within Defendant's possession, custody and control will be produced.

Moving party's contentions and points and authorities

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, oppressive, vague, ambiguous, confidential, proprietary, and the right of third parties to privacy lack merit, are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Also, they are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.*  These objections are also meritless, as this is to get the total number of collection letters to persons in California sent this particular form letter, which appears to violate the FDCPA, for purposes of evaluating the number of class members in connection with Plaintiff's motion for class certification, which requires numerosity.  Rule 23(a)(1).   It also seeks documents that show each person's name and address, which is permitted. *Artis v. Deere, supra*. These documents are appropriate for numerosity and probative on this issue of commonality.

The response states: "All *non-privileged* documents which are within Defendant's possession, custody and control will be produced." No privilege log was

produced, so Plaintiff cannot evaluate what documents have been withheld based on "privilege." It is unclear what (if any) documents or information Defendant has withheld, as explained in *Ramirez v. County of Los Angeles*, *supra*, 231 F.R.D. at 410.

Rule 34 requires a party (entity) to respond whether it will agree to produce all documents within the possession, custody or control. The amended response is unclear because the term "and" is used to join possession, custody and control, rather than "or." Rutter, *supra*, ¶ 11:1915, states: "the response must state the extent to which the responding party is willing to comply and the extent to which it is unable or unwilling to comply. Ambiguity about these matters often leads to unnecessary motions to compel and sanctions." See, above, for Plaintiff's concerns from *De Amaral, supra*, related to this specific defendant being caught objecting to production of documents, responding "notwithstanding," then trying to produce responsive documents later in a case. The objections should be overruled, as Plaintiff submits that this response is unclear. *See* Rutter, *supra*, ¶ 11:1912, which states:

(1) [11:1912] **Agreement to comply**: For each item or category, the response must state that inspection will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. [FRCP 34(b)(2)(B)]

[11:1912.1] **PRACTICE POINTER**: Ambiguous responses are a common source of discovery disputes. E.g., agreeing to produce "responsive documents" creates an ambiguity as to whether some documents are being withheld on the basis of objections. Avoid the problem by either agreeing to produce "all documents requested in the demand" or specifying the particular documents and records that will be produced.

- 38 -

In *City of Colton v American Promotional Events, Inc.*, 277 F.R.D. 578, 583 (C.D. Cal. 2011), *quoting United States v. O'Keefe*, 537 F.Supp.2d 14, 23 (D.D.C. 2008), the court explained ESI's relation within Rule 34:

> Under Rule 34 of the Federal Rules of Civil Procedure, a distinction between documents and electronically stored information is made in terms of the form of production. As established above, a party is obligated to either produce documents as they are kept in the usual course of business or it 'must organize and label them to correspond to the categories in the request.' Fed.R.Civ.P. 34(b)(2)(E)(i). But if, as occurred here, electronically-stored information is demanded but the request does not specify a form of production, the responding party must produce the electronically-stored information in the form in which it is ordinarily maintained or in a reasonably useable form. Fed.R.Civ.P. 34(b)(2)(E)(ii).... [¶] If one were to apply these rules to this case, it appears that the government's production of the electronically stored information in PDF or TIFF format would suffice, unless defendants can show that those formats are not 'reasonably useable' and that the native format, with accompanying metadata, meet the criteria of 'reasonably useable' whereas the PDF or TIFF formats do not."

Despite being made aware during meet and confer of the foregoing authorities (as stated in interrogatory 10, Moving Party's Contentions and P&As), Defendant's refusal to withdraw the objections and respond unambiguously has resulted in this motion. There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer, other than advising that they are unable to perform an electronic search of their computerized records (such as Exhibit 6, collection history as to Plaintiff), to which Plaintiff's counsel asked what had been done to search the records, to which

Exh 3 Page 154

Responding Party's counsel asserted that she did not know.  Since July 7, 2016, this court has had in place a stipulated protective order, under which any confidential documents and information could have been produced. Thus, not only should the court grant the motion to compel these documents, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

### Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

### C.     Requests for Admission Nos. 100-108
#### 1.     Request for Admission 100

### Verbatim request

Admit that YOU sent over 40 (in total) letters, from November 30, 2014 thru the present date,  to persons having an address in the state of California, which included the statement, "an employer must fully cooperate and follow the wage assignment as ordered by the Court."

### Verbatim response

Objection.  The request is overly broad, unduly burdensome, oppressive and not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims or Defendant's defenses.

### Moving party's contentions and points and authorities

This and the other RFAs in this series (numbers 100 thru 108) are relevant on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1).  Only objections were asserted, with no answer. Objections of not relevant,

- 40 -

not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and oppressive are waived as not specific. FRCP 36(a)(4). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1).  "The former provision for discovery of relevant but inadmissible information that appears `reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the `reasonably calculated' phrase to define the scope of discovery `might swallow any other limitation on the scope of discovery.'" Fed. R. Civ. P. 26. Advisory Committee Notes 2015 Amendment.

There was extensive meet and confer on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1).  There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer, other than advising that they are unable to perform an electronic search of their computerized records, to which Plaintiff's counsel asked what had been done to search the records, to which Responding Party's counsel asserted that she did not know.

Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions (below). [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938]." Thus, not only should the court grant the motion to compel an answer to this request and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

## Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

2.    Request for Admission 101

- 41 -

Exh 3 Page 156

1         <u>Verbatim request</u>

2       Admit that YOU sent over 100 (in total) letters, from November 30, 2014 thru

3 the present date,  to persons having an address in the state of California, which

4 included the statement, "an employer must fully cooperate and follow the wage

5 assignment as ordered by the Court."

6

7         <u>Verbatim response</u>

8       Objection.  The request is overly broad, unduly burdensome, oppressive and

9 not relevant and not reasonably calculated to lead to the discovery of admissible

10 evidence regarding Plaintiff's claims or Defendant's defenses. Subject to and without

11 waiving said objections, Defendant responds as follows: Deny.

12

13      <u>Moving party's contentions and points and authorities</u>

14       This and the other RFAs in this series (numbers 100 thru 108) are relevant on

15 the subject of numerosity, for purposes of fulfilling the requirements under Rule

16 23(a)(1).   This was denied, notwithstanding the boilerplate objections asserted.

17 Objections of not relevant, not reasonably calculated to lead to the discovery of

18 admissible evidence, overly broad, unduly burdensome, and oppressive, lack merit,

19 are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of Olathe,*

20 *Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably

21 calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Also, they are

22 waived by answering "subject to . . . said objections." *Communications Co., L.P. v.*

23 *Comcast Cable Communications, LLC, supra.*  See, above, for Plaintiff's concerns

24 from *De Amaral, supra*, related to this specific defendant being caught objecting to

25 production of documents, responding "notwithstanding," then trying to produce

26 responsive documents later in a case.

27       There was extensive meet and confer on the subject of numerosity, for purposes

28 of fulfilling the requirements under Rule 23(a)(1).  There was no justification given

by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer, other than advising that they are unable to perform an electronic search of their computerized records, to which Plaintiff's counsel asked what had been done to search the records, to which Responding Party's counsel asserted that she did not know.

Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions (below). [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938]." Thus, not only should the court grant the motion to compel an answer to this request and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

## Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

### 3.   Request for Admission 102

#### Verbatim request

Admit that YOU sent over 1000 (in total) letters, from November 30, 2014 thru the present date, to persons having an address in the state of California, which included the statement, "an employer must fully cooperate and follow the wage assignment as ordered by the Court."

#### Verbatim response

Objection. The request is overly broad, unduly burdensome, oppressive and not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims or Defendant's defenses. Subject to and without waiving said objections, Defendant responds as follows: Deny.

<u>Moving party's contentions and points and authorities</u>

Same response and objections as to admission 101. This and the other RFAs in this series (numbers 100 thru 108) are relevant on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1).    This was denied, notwithstanding the boilerplate objections asserted. Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and oppressive, lack merit, are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Also, they are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.* See, above, for Plaintiff's concerns from *De Amaral, supra,* related to this specific defendant being caught objecting to production of documents, responding "notwithstanding," then trying to produce responsive documents later in a case.

There was extensive meet and confer on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1). There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer, other than advising that they are unable to perform an electronic search of their computerized records, to which Plaintiff's counsel asked what had been done to search the records, to which Responding Party's counsel asserted that she did not know.

Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions (below). [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F2d 933, 938]." Thus, not only should the court grant the motion to compel an answer to this request and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

- 44 -

Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

4.     Request for Admission 103

Verbatim request

Admit that YOU sent over 5000 (in total) letters, from November 30, 2014 thru the present date,   to persons having an address in the state of California, which included the statement, "an employer must fully cooperate and follow the wage assignment as ordered by the Court."

Verbatim response

Objection.  The request is overly broad, unduly burdensome, oppressive and not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims or Defendant's defenses. Subject to and without waiving said objections, Defendant responds as follows: Deny.

Moving party's contentions and points and authorities

Same response and objections as to admission 101.  This and the other RFAs in this series (numbers 100 thru 108) are relevant on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1).     This was denied, notwithstanding the boilerplate objections asserted. Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and oppressive, lack merit, are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Also, they are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications,*

- 45 -

Exh 3 Page 160

*LLC, supra.* See, above, for Plaintiff's concerns from *De Amaral, supra*, related to this specific defendant being caught objecting to production of documents, responding "notwithstanding," then trying to produce responsive documents later in a case.

There was extensive meet and confer on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1). There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer, other than advising that they are unable to perform an electronic search of their computerized records, to which Plaintiff's counsel asked what had been done to search the records, to which Responding Party's counsel asserted that she did not know.

Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions (below). [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938]." Thus, not only should the court grant the motion to compel an answer to this request and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

<u>Responding party's contentions and points and authorities</u>

(Please provide this information within 7 days of receipt of this stipulation)

5.    <u>Request for Admission 104</u>

<u>Verbatim request</u>

Admit that YOU sent letters, at any time on or after November 30, 2014, to persons having an address in the state of California, which included the statement, "an employer must fully cooperate and follow the wage assignment as ordered by the Court," when there was no wage assignment order in that person's case at the time the letter was sent.

- 46 -

Exh 3 Page 161

Verbatim response

Objection.  The request is overly broad, unduly burdensome, oppressive and not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims or Defendant's defenses.  Subject to and without waiving said objections, Defendant responds as follows: Defendant admits that it sent a letter to Plaintiff having an address in the state of California, which included the statement, "an employer must fully cooperate and follow the wage assignment as ordered by the Court," when there was no wage assignment order in Plaintiff's case at the time the letter was sent.

Moving party's contentions and points and authorities

Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

6.    Request for Admission 105

Verbatim request

Admit that YOU sent over 40 (in total) letters, from November 30, 2014 thru the present date,  to persons having an address in the state of California, which included the statement, "an employer must fully cooperate and follow the wage assignment as ordered by the Court," when there was no wage assignment order in that person's case at the time the letter was sent.

Verbatim response

Objection.  The request is overly broad, unduly burdensome, oppressive and not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims or Defendant's defenses.

<u>Moving party's contentions and points and authorities</u>

Same objections and refusal to make any answer as to admission 100. This and the other RFAs in this series (numbers 100 thru 108) are relevant on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1). Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and oppressive are waived as not specific. FRCP 36(a)(4). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). "The former provision for discovery of relevant but inadmissible information that appears `reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the `reasonably calculated' phrase to define the scope of discovery `might swallow any other limitation on the scope of discovery.'"   Fed. R. Civ. P. 26. Advisory Committee Notes 2015 Amendment.

There was extensive meet and confer on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1).  There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer, other than advising that they are unable to perform an electronic search of their computerized records, to which Plaintiff's counsel asked what had been done to search the records, to which Responding Party's counsel asserted that she did not know.

Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions (below). [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938]." Thus, not only should the court grant the motion to compel an answer to this request and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

Exh 3 Page 163

<u>Responding party's contentions and points and authorities</u>

(Please provide this information within 7 days of receipt of this stipulation)

## 7.   <u>Request for Admission 106</u>

<u>Verbatim request</u>

Admit that YOU sent over 100 (in total) letters, from November 30, 2014 thru the present date,  to persons having an address in the state of California, which included the statement, "an employer must fully cooperate and follow the wage assignment as ordered by the Court," when there was no wage assignment order in that person's case at the time the letter was sent.

<u>Verbatim response</u>

Objection.  The request is overly broad, unduly burdensome, oppressive and not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims or Defendant's defenses. Subject to and without waiving said objections, Defendant responds as follows: Deny

<u>Moving party's contentions and points and authorities</u>

Same response and objections as to admission 101.  This and the other RFAs in this series (numbers 100 thru 108) are relevant on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1).    This was denied, notwithstanding the boilerplate objections asserted. Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and oppressive, lack merit, are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Also, they are waived by answering "subject to . .

- 49 -

. said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.* See, above, for Plaintiff's concerns from *De Amaral, supra,* related to this specific defendant being caught objecting to production of documents, responding "notwithstanding," then trying to produce responsive documents later in a case.

There was extensive meet and confer on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1). There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer, other than advising that they are unable to perform an electronic search of their computerized records, to which Plaintiff's counsel asked what had been done to search the records, to which Responding Party's counsel asserted that she did not know.

Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions (below). [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938]." Thus, not only should the court grant the motion to compel an answer to this request and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

<u>Responding party's contentions and points and authorities</u>

(Please provide this information within 7 days of receipt of this stipulation)

8.   <u>Request for Admission 107</u>

<u>Verbatim request</u>

Admit that YOU sent over 1000 (in total) letters, from November 30, 2014 thru the present date, to persons having an address in the state of California, which included the statement, "an employer must fully cooperate and follow the wage

Exh 3 Page 165

1  assignment as ordered by the Court," when there was no wage assignment order in
2  that person's case at the time the letter was sent.

3

4                      <u>Verbatim response</u>

5      Objection.  The request is overly broad, unduly burdensome, oppressive and
6  not relevant and not reasonably calculated to lead to the discovery of admissible
7  evidence regarding Plaintiff's claims or Defendant's defenses.  Subject to and without
8  waiving said objections, Defendant responds as follows: Deny.

9

10            <u>Moving party's contentions and points and authorities</u>

11      Same response and objections as to admission 101.  This and the other RFAs
12  in this series (numbers 100 thru 108) are relevant on the subject of numerosity, for
13  purposes of fulfilling the requirements under Rule 23(a)(1).    This was denied,
14  notwithstanding the boilerplate objections asserted. Objections of not relevant, not
15  reasonably calculated to lead to the discovery of admissible evidence, overly broad,
16  unduly burdensome, and oppressive, lack merit, are merely boilerplate, and not
17  specific. *Mancia, supra*; *Beach v. City of Olathe, Kans*. 203 F.R.D. 489, 497 (D. Kan.
18  2001). The old boilerplate of "not reasonably calculated to lead" is no longer the
19  standard in FRCP Rule 26(b)(1). Also, they are waived by answering "subject to . .
20  . said objections." *Communications Co., L.P. v. Comcast Cable Communications,*
21  *LLC, supra.*  See, above, for Plaintiff's concerns from *De Amaral, supra*, related to
22  this specific defendant being caught objecting to production of documents,
23  responding "notwithstanding," then trying to produce responsive documents later in
24  a case.

25      There was extensive meet and confer on the subject of numerosity, for purposes
26  of fulfilling the requirements under Rule 23(a)(1).  There was no justification given
27  by Defendant's counsel during the meet and confer for not withdrawing the
28  objections and responding, per the meet and confer, other than advising that they are

1  unable to perform an electronic search of their computerized records, to which

2  Plaintiff's counsel asked what had been done to search the records, to which

3  Responding Party's counsel asserted that she did not know.

4       Parties should "admit to the fullest extent possible, and explain in detail why

5  other portions of a request may not be admitted." Failure to do so may result in

6  sanctions (below). [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938]."

7  Thus, not only should the court grant the motion to compel an answer to this request

8  and overrule (or strike) the objections, but the court should require Defendant and its

9  counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

10

11  <u>Responding party's contentions and points and authorities</u>

12  (Please provide this information within 7 days of receipt of this stipulation)

13

14       9.    <u>Request for Admission 108</u>

15

16       <u>Verbatim request</u>

17       Admit that YOU sent over 5000 (in total) letters, from November 30, 2014 thru

18  the present date, to persons having an address in the state of California, which

19  included the statement, "an employer must fully cooperate and follow the wage

20  assignment as ordered by the Court," when there was no wage assignment order in

21  that person's case at the time the letter was sent.

22

23       <u>Verbatim response</u>

24       Objection. The request is overly broad, unduly burdensome, oppressive and

25  not relevant and not reasonably calculated to lead to the discovery of admissible

26  evidence regarding Plaintiff's claims or Defendant's defenses. Subject to and without

27  waiving said objections, Defendant responds as follows: Deny.

28

Exh 3 Page 167

## Moving party's contentions and points and authorities

Same response and objections as to admission 101. This and the other RFAs in this series (numbers 100 thru 108) are relevant on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1).   This was denied, notwithstanding the boilerplate objections asserted. Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and oppressive, lack merit, are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Also, they are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.* See, above, for Plaintiff's concerns from *De Amaral, supra*, related to this specific defendant being caught objecting to production of documents, responding "notwithstanding," then trying to produce responsive documents later in a case.

There was extensive meet and confer on the subject of numerosity, for purposes of fulfilling the requirements under Rule 23(a)(1). There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer, other than advising that they are unable to perform an electronic search of their computerized records, to which Plaintiff's counsel asked what had been done to search the records, to which Responding Party's counsel asserted that she did not know.

Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions (below). [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938]." Thus, not only should the court grant the motion to compel an answer to this request and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

III.   Net Worth of G&H for purposes of FDCPA & RFDCPA class damages

A.   Interrogatories Nos. 18, 20

1.   Interrogatory 18

Verbatim request

State William I. Goldsmith's net worth, including how it was calculated.

Verbatim response

Objection.   The interrogatory seeks information which is confidential, proprietary, and which is protected by Defendant's right to privacy.   Further, the interrogatory seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Moreover, Defendant objects to the extent this request calls for privileged information.

Moving party's contentions and points and authorities

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, confidential, proprietary, "to the extent privileged," and right to privacy lack merit, are merely boilerplate, and not specific. *Mancia, supra*;  *Beach v. City of Olathe, Kans*. 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Each defendant's net worth is relevant in an FDCPA class action (see 15 U.S.C. § 1692k(a), *Trevino, infra*), as that is the basis on which the statutory damages for the class are to be calculated (see below for "Authorities re: Defendant's Net Worth and

- 54 -

Exh 3 Page 169

Financial Statements"). As to these interrogatories, defendant William I. Goldsmith signed the verification. Thus, responsive information is available to Defendant (see below for "Authorities re: Available Information and Documents"). Defendant is not an entity that is traded on any stock exchange, so the information needed for net worth is neither available from public sources nor is the information analyzed by any public agency, such as the SEC, or a group of investors. According to the deposition of G&H, only Mr. Goldsmith owns any stock in G&H.

Despite Plaintiff's instructions to provide a privilege log and the foregoing meet and confer which explains the requirement for a log, no privilege log was produced, so Plaintiff cannot evaluate what documents are subject to the claim of "privilege." It is unclear what (if any) documents or information Defendant has withheld, as explained in *Ramirez v. County of Los Angeles*, *supra*, 231 F.R.D. at 410.

There was extensive meet and confer on the subject of the defendants' net worth, but no justification was given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, other than it is private. As of this date, no information or documents stating Goldsmith's net worth or how it is calculated have been produced in this case. In connection with the 2015/2014 financial statements produced by Defendant G&H and discussed during its Rule 30(b)(6) deposition, it revealed some financial information about Mr. Goldsmith, due to his extensive relationship and dealings with G&H, but it did not reveal Mr. Goldsmith's current net worth or calculations. Thus, this information or documents have not been provided to Plaintiff for Mr. Goldsmith.

In *Lucas v. G.C. Services, L.P.*, 226 F.R.D. 328, 334 (N.D.Ind. 2004), the Court resolved a discovery dispute in an FDCPA class action as follows:

Interrogatories No. 11–13 and Document Requests 19 and 21 seek financial information regarding the defendants' net worth. In response, the defendants provided a two-page unaudited balance sheet for GC Services and cited case law for the proposition that no other information

- 55 -

Exh 3 Page 170

is relevant in FDCPA cases. *See Sanders v. Jackson*, 209 F.3d 998 (7th Cir.2000). On December 14, 2004, the defendants untimely provided an audited two-page balance sheet for GC Services. However, this court ordered the defendants to provide full and complete responses. The defendants have waived all legal defenses and must comply in full with the plaintiffs' requests. Specifically, the defendants are to provide an audited balance sheet for each defendant, an identification of each lawsuit in which the defendants have provided or produced financial statements or net worth information, an identification of each instance in which the defendants have provided their net worth to any government agency, and financial statements, annual reports, semiannual and quarterly financial statements, credit applications, and tax returns for the last three years.

During the meet and confer on discovery disputes, Plaintiff provided the following analysis and authorities for this subject matter (net worth) and Defendant's objections, in addition to the many authorities cited above, which Plaintiff submits also in support of this motion to compel further response:

Authorities re: Defendant's Net Worth and Financial Statements

Rutter, *supra*, states (bolding and italics in treatise):

a. [11:991] **Privacy**: Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. [*Johnson by Johnson v. Thompson* (10th Cir. 1992) 971 F2d 1487, 1497; *DeMasi v. Weiss* (3rd Cir. 1982) 669 F2d 114, 119-120]

Unlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against

Exh 3 Page 171

the claimed privacy right. [*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy); *West Bay One, Inc. v. Does 1-1,653* (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc.* (SD CA 2015) 306 FRD 293, 301]

Courts consider various factors in performing the balancing analysis, including "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." [See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47]

In *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1995), the court stated:

> The discovery of financial information relevant to a punitive damages claim is permissible under the Federal Rules of Civil Procedure, whether or not such evidence would be admissible at trial. *CEH*, 153 F.R.D. at 498–99. Moreover, as discussed above, one of the purposes behind the broad federal discovery rules is to facilitate settlement, and such financial information is valuable in assisting both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation. *Id.* at 499.

In *Hawecker v. Sorenson*, No. 1:10–cv–00085 OWW JLT, 2011 WL 98598 *2 (E.D. Cal. Jan. 12, 2011), the court granted the plaintiff's motion to compel further

Exh 3 Page 172

interrogatories, document production, and amended document responses regarding the defendant's net worth, as follows:

> According to the "Joint Statement" filed by the parties, the disputes concern primarily the production of documents related to Defendant's net worth and documents created in the course of his rental business. (Doc. 50 at 5). Plaintiffs seek the discovery "to (1) determine defendant's financial condition; (2) test defendant's assertions concerning the drop in his net worth; (3) make informed settlement decisions; and (4) prepare for trial on their punitive damages claim." *Id.* at 3.

## A. *Requests related to Defendant's net worth*

> Plaintiffs argued Defendant's responses "are insufficient to enable plaintiffs to calculate his net worth and determine whether his claims to reduced monetary means are meritorious." (Doc. 50 at 9). Plaintiffs have stated a claim for punitive damages, and as such argue that information relating to Defendant's financial condition is relevant to their case. *Id.* at 4.

> In *Gonzalez v. Totah Family Partnership*, No. 10cv2012–MMA (CAB), 2011 WL 2135344 *1-3 (S.D. Cal., May 31, 2011), the court stated:

> **Interrogatory No. 2** requests the defendant's net worth. Plaintiffs seek this as relevant to their punitive damage claims. Defendant does not deny that the information is relevant, however Defendant represents that it intends to challenge plaintiffs' punitive damages allegations by motion practice. The motion to compel further a response to Interrogatory No. 2 is GRANTED . . . .

> . . . .

1    **Document Requests Nos. 16–20** seek documents regarding the

2    defendant's net worth. Responsive documents will be produced in

3    accordance with the schedule set forth regarding further responses to

4    Interrogatory No. 2, above.

5

6    In *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 617 (N.D. Cal., 2006), the

7    court stated:

8    **E. Discovery Related to Damages (Hilco Interrogatory no. 16; ACB**

9    **Interrogatory no. 10; Hilco and ACB RFA nos. 1–9; Hilco and ACB**

10   **RFP nos. 8, 19)**

11   Plaintiffs seek information about defendants' net worth, and the

12   production of financial statements and tax returns for the last three years

13   and two years, respectively.

14   The FDCPA explicitly states that damages in a class action case may be

15   calculated based on defendants' net worth. *See* 15 U.S.C. § 1692k(a).

16   Therefore, such information is relevant, and potentially useful in

17   determining whether this case is appropriate for class certification.

18   Accordingly, *defendants are ordered to produce complete annual*

19   *financial statements for the past three years, including, but not limited*

20   *to, balance sheets, and profit and loss statements with notes.* [footnote

21   omitted] *Plaintiffs' motions to compel the production of tax returns are*

22   *denied without prejudice* and may be renewed later upon a better

23   showing.

24

25   In *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191-92 (C.D. Cal.

26   2006), the court stated:

27   Here, plaintiff has met its burden of showing the information sought is

28   relevant, especially to plaintiff's civil RICO claims. *See, e.g., State Farm*

- 59 -

Exh 3 Page 174

*Mut. Ins. Co. v. CPT Med. Servs., P.C.*, 375 F.Supp.2d 141, 156 (E.D.N.Y.2005) (financial records, including tax returns, relevant in civil RICO action); *U.S. v. Bonanno Organized Crime Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y.1988) (tax returns "clearly relevant" in civil RICO litigation). On the other hand, defendant Garber has not shown, or even attempted to show, the information sought is available from other sources. *Cotracom Commodity Trading Co.*, 189 F.R.D. at 665; *Bonanno Organized Crime Family of La Cosa Nostra*, 119 F.R.D. at 627. Therefore, defendant Garber's tax returns and related documents are discoverable in this action, subject to an appropriate protective order as discussed herein.

## Authorities re: Available Information and Documents

Rutter, *supra*, states (bolding and italics in treatise):

b. [11:1673] **Information known or available to entity party**: Interrogatories propounded to a public or private corporation, partnership, association or governmental agency must be answered by "any officer or agent, who must furnish the information *available to the party*" (not just known by the responding officer or agent). [FRCP 33(b)(1)(B) (emphasis added); see ¶11:1747 ff.]

(1) [11:1674] **Effect**: Thus, for example, the responding party cannot plead lack of knowledge of matters *known to its employees or agents*; or data contained in its files or records.

(2) [11:1675] **Compare—depositions**: At a deposition, the deponent need answer only according to his or her *own knowledge* at that time; there is no duty to furnish "available" information (unless designated to

- 60 -

testify on behalf of a corporation pursuant to FRCP 30(b)(6); see ¶11:1413 ff.).

. . . .

c. [11:1747] **Entity must furnish information known or available to it**: In answering interrogatories propounded to a corporation, partnership, association or governmental agency, the officer or agent responding on its behalf "must furnish the information *available* to the party." [FRCP 33(b)(1)(B) (emphasis added)]

(1) [11:1748] **Effect**: The person responding on behalf of the entity is under a duty *to obtain and provide* nonprivileged information known to anyone in the entity's employ or over whom it has *control*. This includes information known to the entity's agents or lawyers (assuming the information is otherwise discoverable and neither privileged nor protected work product). [See *General Dynamics Corp. v. Selb Mfg. Co.* (8th Cir. 1973) 481 F2d 1204, 1210]

(2) Application

• [11:1749] A corporate party must furnish information known to its officers, directors and other sources under its control. [*Brunswick Corp. v. Suzuki Motor Co., Ltd.* (ED WI 1983) 96 FRD 684, 686—information known to subsidiary; *FDIC v. Halpern* (D NV 2010) 271 FRD 191, 193—information sought from bank of which FDIC was receiver]

• [11:1750] Where interrogatories are served on an unincorporated association, Rule 33(a)(1)(B) allows it to select an officer or agent to respond on its behalf. [See *University of Texas at Austin v. Vratil* (10th Cir. 1996) 96 F3d 1337, 1340]

Despite being made aware during meet and confer of the foregoing authorities, Defendant's refusal to withdraw the objections and provide an answer has resulted

- 61 -

Exh 3 Page 176

1  in this motion.  There was no valid justification given by Defendant's counsel during

2  the meet and confer for not withdrawing the objections and answering, per the meet

3  and confer (other than stating that this is private).   It is unclear what (if any)

4  documents or information Defendant has withheld, as explained in *Ramirez v. County*

5  *of Los Angeles, supra*, 231 F.R.D. at 410. Since July 7, 2016, this court has had in

6  place a stipulated protective order, under which any confidential documents and

7  information could have been produced. Thus, not only should the court grant the

8  motion to compel this answer, but the court should require Defendant and its counsel

9  to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

10

11

12          <u>Responding party's contentions and points and authorities</u>

13  (Please provide this information within 7 days of receipt of this stipulation)

14

15          2.     <u>Interrogatory 20</u>

16

17          <u>Verbatim request</u>

18  State G&H's net worth, including how it was calculated.

19

20          <u>Verbatim response</u>

21          Objection.    The interrogatory seeks information which is confidential,

22  proprietary, and which is protected by Defendant's right to privacy.  Further, the

23  interrogatory seeks information which is neither relevant nor reasonably calculated

24  to lead to the discovery of admissible evidence.  Moreover, Defendant objects to the

25  extent this request calls for privileged information.  Subject to and without waiving

26  said objections, Defendant responds as follows: Once an appropriate protective order

27  is entered, Defendant will produce documents with the requested information.

28

- 62 -

Exh 3 Page 177

<u>Moving party's contentions and points and authorities</u>

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, harassing, confidential, proprietary, right to privacy lack merit, are merely boilerplate and not specific. *Mancia, supra*;  *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1).  Also, these objections are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.*

Despite Plaintiff's instructions to provide a privilege log and the foregoing meet and confer which explains the requirement for a log, no privilege log was produced, so Plaintiff cannot evaluate what documents are subject to the claim of "privilege."  It is unclear what (if any) documents or information Defendant has withheld, as explained in *Ramirez v. County of Los Angeles, supra,* 231 F.R.D. at 410.

Subject to the court's Protective Order entered July 7, 2016, Defendant sent a redacted copy of G&H's financial statements for the years 2015 and 2014, including notes and Plaintiff's counsel asked about them at the Rule 30(b)(6) deposition of G&H. The redactions and confidentiality designation prevent Plaintiff from attaching those financial statements to this motion, so Plaintiff may submit the documents separately under seal to be able to discuss why they are insufficient for Plaintiff to calculate the net worth of G&H, to answer this interrogatory.   During the meet and confer process, Defendant's counsel stated it would not produce any further financial statements, though Mr. Goldsmith stated that he has had the same (unspecified) CPA firm prepare G&H's financial statements for over 30 years. Thus, not only should the court grant the motion to compel this be answered fully and with seven years of complete, unredacted financial statements, supporting schedules and CPA report, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

Exh 3 Page 178

<u>Responding party's contentions and points and authorities</u>

(Please provide this information within 7 days of receipt of this stipulation)

B.    <u>Request for Production of Documents Nos. 43, 44</u>

　　　　1.    <u>Document Demand 43</u>

<u>Verbatim request</u>

All DOCUMENTS, including but not limited to financial statements, relating to the calculation of G&H's net worth.

<u>Verbatim response</u>

All non-privileged documents which are within Defendant's possession, custody and control will be produced once an appropriate protective order is entered.

<u>Moving party's contentions and points and authorities</u>

Despite Plaintiff's instructions to provide a privilege log and the foregoing meet and confer which explains the requirement for a log, no privilege log was produced, so Plaintiff cannot evaluate what documents are subject to the claim of "privilege."  It is unclear what (if any) documents or information Defendant has withheld, as explained in *Ramirez v. County of Los Angeles, supra*, 231 F.R.D. at 410. However, from the Rule 30(b)(6) deposition, it is evident that many years of financial statements have been withheld that would help calculate Defendant's net worth, in that Mr. Goldsmith testified that the CPA has prepared financial statements for G&H for over 30 years.  Also, the financial statement produced was heavily redacted, even the accountant's report and name have been omitted from production.  Thus, not only

- 64 -

should the court grant the motion to compel this be answered fully and with seven years of complete, unredacted financial statements (see *Lucas v. G.C. Services, L.P., supra*, 226 F.R.D. at 334, supporting schedules and CPA report, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

### Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

2.      Document Demand 44

### Verbatim request

All DOCUMENTS, including but not limited to financial statements, relating to the calculation of William I. Goldsmith's net worth.

### Verbatim response

Objection.  The request seeks information which is confidential, proprietary, and which is protected by Defendant's right to privacy.  Further, the request is overly broad, unduly burdensome, harassing and seeks information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent this request calls for privileged information.

### Moving party's contentions and points and authorities

As with Interrogatory 18, Defendant has asserted only objections and refused to amend or provide any responsive documents to this.  Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, confidential, proprietary, "to the extent privileged," and right to privacy lack merit, are merely boilerplate, and not specific. *Mancia, supra*;   *Beach v. City of Olathe,*

Exh 3 Page 180

1   *Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably

2   calculated to lead" is no longer the standard in FRCP Rule 26(b)(1).   Each

3   defendant's net worth is relevant in an FDCPA class action (see 15 U.S.C. §

4   1692k(a), *Trevino, supra*), as that is the basis on which the statutory damages for the

5   class are to be calculated (see above for "Authorities re: Defendant's Net Worth and

6   Financial Statements"). As to G&H's interrogatories, defendant William I. Goldsmith

7   signed the verification.  Thus, responsive information is available to Defendant (see

8   above for "Authorities re: Available Information and Documents"). Defendant is not

9   an entity that is traded on any stock exchange, so the information needed for net

10  worth is neither available from public sources nor is the information analyzed by any

11  public agency, such as the SEC, or a group of investors. According to the deposition

12  of G&H, only Mr. Goldsmith owns any stock in G&H.

13   Despite Plaintiff's instructions to provide a privilege log and the foregoing

14  meet and confer which explains the requirement for a log, no privilege log was

15  produced, so Plaintiff cannot evaluate what documents are subject to the claim of

16  "privilege."  It is unclear what (if any) documents or information Defendant has

17  withheld, as explained in *Ramirez v. County of Los Angeles, supra*, 231 F.R.D. at 410.

18   There was extensive meet and confer on the subject of the defendants' net

19  worth, but no justification was given by Defendant's counsel during the meet and

20  confer for not withdrawing the objections and responding, other than it is private. As

21  of this date, no information or documents stating Goldsmith's net worth or how it is

22  calculated have been produced in this case. In connection with the 2015/2014

23  financial statements produced by Defendant G&H and discussed during its Rule

24  30(b)(6) deposition, it revealed some financial information about Mr. Goldsmith, due

25  to his extensive relationship and dealings with G&H, but it did not reveal Mr.

26  Goldsmith's current net worth or calculations.  Thus, this information or documents

27  have not been provided to Plaintiff for Mr. Goldsmith and the information provided

28  for G&H is insufficient and the redactions of the financial statements made it

Exh 3 Page 181

incomplete.  Thus, not only should the court grant the motion to compel production of all responsive documents, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

### Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

C.    Requests for Admission No. 79

### Verbatim request

Admit that your net worth is $500,000.00 or greater.

### Verbatim response

Objection.  The requests seeks information which is confidential, proprietary, and which is protected by Defendant's right to privacy.  Further, the interrogatory seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Defendant objects to the extent this request calls for privileged information.

### Moving party's contentions and points and authorities

Defendant has asserted only objections and refused to amend.  Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, confidential, proprietary, "to the extent privileged," and right to privacy lack merit, are merely boilerplate, and not specific. *Mancia, supra*;  *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Each defendant's net worth is relevant in an FDCPA class action (see 15 U.S.C. §

1692k(a), *Trevino, supra*), as that is the basis on which the statutory damages for the class are to be calculated (see above for "Authorities re: Defendant's Net Worth and Financial Statements").

Despite Plaintiff's instructions to provide a privilege log and the foregoing meet and confer which explains the requirement for a log, no privilege log was produced, so Plaintiff cannot evaluate what documents are subject to the claim of "privilege."  It is unclear what (if any) documents or information Defendant has withheld, as explained in *Ramirez v. County of Los Angeles, supra*, 231 F.R.D. at 410.

Subject to the court's Protective Order entered July 7, 2016, Defendant sent a redacted copy of G&H's financial statements for the years 2015 and 2014, including notes and Plaintiff's counsel asked about them at the Rule 30(b)(6) deposition of G&H. The redactions and confidentiality designation prevent Plaintiff from attaching those financial statements to this motion, so Plaintiff may submit the documents separately under seal to be able to explain why they are insufficient for Plaintiff to calculate the net worth of G&H and what further document should be produced.

Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions (below). [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938]." Thus, not only should the court grant the motion to compel an answer to this request and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

<u>Responding party's contentions and points and authorities</u>

(Please provide this information within 7 days of receipt of this stipulation)

IV.    <u>Approval and use of the L4AR form letters sent to consumers in California</u>

    A.    <u>Request for Production of Documents Nos. 20, 27, 34</u>

1.   <u>Document Demand 20</u>

<u>Verbatim request</u>

All DOCUMENTS that refer to the approval and use of collection letters in the form of EXHIBIT A.

<u>Verbatim response</u>

Objection.  The request is overly broad, unduly burdensome and harassing. The request is vague, ambiguous, and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses.  Subject to and without waiving said objections, Defendant responds as follows: A good faith diligent search and a reasonable inquiry have been made in an effort to comply with this demand. Nevertheless, Defendant lacks the ability to comply with this request because the requested documents have never been in Defendant's possession, custody or control.

<u>Moving party's contentions and points and authorities</u>

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, harassing, vague and ambiguous lack merit, are merely boilerplate and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Also, these objections are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.* Despite being advised of these authorities, Defendant refused to withdraw these objections.

This information is relevant to the case against Mr. Goldsmith and possibly others who approved the letter.  The Sixth Circuit held, in *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, that an officer or employee "may be

- 69 -

Exh 3 Page 184

personally liable on the basis of his participation in the debt collection activities of the [debt collection company] more generally."

See, above, for Plaintiff's concerns from *De Amaral, supra,* related to this specific defendant (including Goldsmith, as its counsel) being caught objecting to production of documents, responding "notwithstanding," then trying to produce responsive documents later in a case. At the Rule 30(b)(6) deposition of G&H's only witness, William I Goldsmith testified that he could not recall where they obtained the language used in the form letter attached to the complaint as Exhibit A or who approved of it, but it was probably from a letter. (Deposition Transcript on August 11, 2016, at 29:20-30:19.) In this response, Defendant asserts that no document has ever existed related to the approval or use of the form letter, Exhibit A, so that there is nothing to be produced. Thus, not only should the court grant the motion to compel production of all responsive documents and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5), for interposing meritless and improper objections to discovery.

<u>Responding party's contentions and points and authorities</u>

(Please provide this information within 7 days of receipt of this stipulation)

2.      <u>Document Demand 27</u>

<u>Verbatim request</u>

All DOCUMENTS that refer to any complaint or criticism by any person who was sent a collection letter in the form of EXHIBIT A.

<u>Verbatim response</u>

Exh 3 Page 185

Objection. The request is overly broad, unduly burdensome, oppressive, vague and ambiguous.  The request calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses.  The request calls for confidential and private information and violates the right to privacy of third parties.  Subject to and without waiving said objections, Defendant responds as follows: All non-privileged documents which are within Defendant's possession, custody and control will be produced.

## Moving party's contentions and points and authorities

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, harassing, vague and ambiguous lack merit, are merely boilerplate and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Also, these objections are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.* Despite being advised of these authorities, Defendant refused to withdraw these objections.

This response, "notwithstanding the objections," is improper, as the response must either be that the document production "will be permitted as requested" or the objections.  *Aikens v. Deluxe Fin'l Services, Inc., supra*, 217 F.R.D. at 539 (responding party still has duty to respond to extent request not objectionable). Rule 34 requires a party (entity) respond whether it will agree to produce all documents within the possession, custody or control. The response is unclear because the term "and" is used to join possession, custody and control, rather than "or." Rutter, *supra*, ¶ 11:1915, states: "the response must state the extent to which the responding party is willing to comply and the extent to which it is unable or unwilling to comply.

- 71 -

Exh 3 Page 186

Ambiguity about these matters often leads to unnecessary motions to compel and sanctions." See, above, for Plaintiff's concerns from *De Amaral, supra.*

This response is relevant in that it may not only reveal other victims of the working of the letter but it also goes to the dispute in this case that Exhibit A violates the FDCPA because it was likely to confuse debtors who received it.

In this response, Defendant states that responsive documents will be produced, but no responsive documents were produced as to debtors other than Plaintiff. Thus, not only should the court grant the motion to compel production of all responsive documents and to amend the response to comply with Rule 34, and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5), for interposing meritless and improper objections to discovery.

### Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

### 3.    Document Demand 34

### Verbatim request

All manuals, instructions, guidelines, and other DOCUMENTS setting forth policies and procedures to be used by EMPLOYEES of G&H on sending letters in the form of Exhibit A.

### Verbatim response

Objection. The request calls for confidential and proprietary information. Subject to and without waiving said objections, Defendant responds as follows: Once an appropriate protective order is entered, all non-privileged documents which are

- 72 -

Exh 3 Page 187

within Defendant's possession, custody and control and which relate to Plaintiff's claims and Defendant's defenses will be produced.

### Moving party's contentions and points and authorities

Objections of confidential and proprietary are merely boilerplate and not specific. *Mancia, supra*;   *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). This response, "notwithstanding the objections," is improper, as the response must either be that the document production "will be permitted as requested" or the objections. *Aikens v. Deluxe Fin'l Services, Inc., supra*, 217 F.R.D. at 539 (responding party still has duty to respond to extent request not objectionable). Rule 34 requires a party (entity) respond whether it will agree to produce all documents within the possession, custody or control. The response is unclear because the term "and" is used to join possession, custody and control, rather than "or." Rutter, *supra*, ¶ 11:1915, states: "the response must state the extent to which the responding party is willing to comply and the extent to which it is unable or unwilling to comply.  Ambiguity about these matters often leads to unnecessary motions to compel and sanctions." See, above, for Plaintiff's concerns from *De Amaral, supra*.

After the Protective Order was entered on July 7, 2016, Defendant produced what appears to be an annotated copy of the FDCPA statutory text and marked it "confidential." Plaintiff's counsel disputed the designation, met and conferred with counsel, who never filed a motion to designate the document confidential, thus the designation of confidential of those pages has been lifted.  Nevertheless, Plaintiff is unclear whether or not other documents might be produced at a later time or if documents have been withheld, as they were in *De Amaral, supra*.  Thus, not only should the court grant the motion to compel production of all responsive documents and to amend the response to comply with Rule 34, and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's

- 73 -

1 attorney's fees, pursuant to Rule 37(a)(5), for interposing meritless and improper

2 objections to discovery.

3

4                <u>Responding party's contentions and points and authorities</u>

5 (Please provide this information within 7 days of receipt of this stipulation)

6

7

8 V.      <u>Affirmative defense of bona fide error</u>

9

10      A.      <u>Interrogatory No. 15</u>

11

12            <u>Verbatim request</u>

13      Describe YOUR maintenance of procedures reasonably adapted to avoid

14 violation of the FDCPA or the RFDCPA.

15

16            <u>Verbatim response</u>

17      Objection. The interrogatory is overly broad, unduly burdensome and

18 harassing. The interrogatory calls for information which is not relevant and not

19 reasonably calculated to lead to the discovery of admissible evidence regarding

20 Plaintiff's claims and Defendant's defenses. Subject to and without waiving said

21 objections, Defendant responds as follows:

22      With regards to Plaintiff's allegation that Defendant violated the FDCPA and

23 the Rosenthal Act when it misrepresented the status and involvement of the original

24 creditor, Chase Manhattan Bank, in its September 9, 2015 letter, Defendant responds

25 as follows:

26      When Defendant's employee wants to send a letter to a consumer, the

27 following steps are taken: the employee pulls up the consumer's account in

28 Defendant's computer system; the employee enters a code for the letter the employee

1   wants to send (a code is assigned to each of Defendant's letters); the employee

2   presses a "merge" button which causes information related to a consumer, including

3   information related to the debt, to be automatically entered into various fields in the

4   letter; the employee then presses a "print" button and the letter is printed with the

5   consumer's information; the employee verifies the case information, including names

6   of parties; the employee signs the letter and arranges for it to be sent to the consumer.

7   Defendant advises and trains its employees that they cannot make any changes to the

8   letter after the employee presses the "merge" button unless he or she first speaks with

9   a supervisor  and the supervisor approves the change(s) to the letter.  Defendant

10  regularly trains its employees to follow the above procedures.

11          For accounts Defendant receives from its debt buyer clients, Defendant's policy

12  and procedure is to sue in the name of the debt buyer client, and not the name of the

13  original creditor.  In these situations, when the employee presses the "merge" button

14  to create a letter to a consumer, the debt buyer's name is automatically entered as the

15  plaintiff's name in the "Re" line.

16          In the present action, Defendant received Plaintiff's account from Regreso.

17  Regreso is a debt buyer.  Based on Defendant's policy and procedure, when the

18  September 9, 2015 letter was created (after the "merge" button was pressed), Regreso

19  was automatically identified as the plaintiff.  However, unbeknownst to Defendants,

20  Defendant's employee then manually changed the plaintiff's name from Regreso to

21  Chase Manhattan Bank.  Defendant's employee made this change without first

22  speaking with a supervisor and without first obtaining a supervisor's approval.

23  Defendant alleges that as a result of its employee manually changing the plaintiff's

24  name from Regreso to Chase Manhattan Bank, it unintentionally and mistakenly

25  misrepresented the status and involvement of the original creditor, Chase Manhattan

26  Bank, in its September 9, 2015 letter to Plaintiff.  The error occurred due to the failure

27  of Defendant's employee to follow Defendant's policy and procedure of speaking

28  with a supervisor and obtain supervisor approval for the name change in the letter,

Exh 3 Page 190

failing to identify Regreso as the plaintiff in the September 9, 2015 letter and failing to verify the case information, including names of parties, before the letter was sent.

With regards to Plaintiff's allegation that Defendant violated the FDCPA and the Rosenthal Act when it sought a renewal of the judgment during a time that Regreso was suspended by the California Secretary of State, Defendant responds as follows:

Defendants' policy and procedure is to rely on their clients' representation that the clients are in good standing with the California Secretary of State. Clients represent to Goldsmith & Hull that they are in good standing. If there is any issue in this regard, then Goldsmith & Hull asks their clients to provide proof. Typically either Michael Goldsmith or Jack Hull (now deceased) would be involved in this process.

## Moving party's contentions and points and authorities

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome and harassing each lack merit, are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). Also, they are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.* The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). "The former provision for discovery of relevant but inadmissible information that appears `reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the `reasonably calculated' phrase to define the scope of discovery `might swallow any other limitation on the scope of discovery.'" Fed. R. Civ. P. 26. Advisory Committee Notes 2015 Amendment.

Despite being made aware during meet and confer of the foregoing authorities (as stated in interrogatory 10, Moving Party's Contentions and P&As), Defendant's refusal to withdraw the objections and answer this interrogatory without objection has resulted in this motion.  There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer.  During meet and confer, Plaintiff agreed to limit defendant's response to the procedures that would have prevented the violations alleged in the complaint. It is unclear what (if any) information Defendant has failed to state under the objections, as explained in *Ramirez v. County of Los Angeles*, *supra*, 231 F.R.D. at 410.  See, above, for Plaintiff's concerns from *De Amaral, supra.*

This is probative on Defendant's bona fide error (BFE) defense alleged in the amended answer to complaint. Particular instructive is the Ninth Circuit's *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008), *quoting Johnson v Riddle*, 443 F.3d 723, 729 (10th Cir. 2006), which stated: "As the text of § 1692k(c) indicates, the procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector 'maintained'-i.e., actually employed or implemented-procedures to avoid errors; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." Thus, this interrogatory is relevant and the objections based on relevance or scope of discovery are meritless.

The allegations in the complaint cover three types of errors of which this answer addresses only two, with no analysis as to the form letter (Complaint, Exhibit A) referring to a wage assignment order, when no such order was entered in the state collection case.  The response is not a full answer, contrary to Rule 33(b)(3).

Thus, not only should the court grant the motion to compel a further response and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5), for interposing meritless and improper objections to valid discovery requests.

<u>Responding party's contentions and points and authorities</u>

(Please provide this information within 7 days of receipt of this stipulation)

B.   <u>Request for Production of Documents Nos. 39, 53</u>

1.   <u>Document Demand 39</u>

<u>Verbatim request</u>

All DOCUMENTS relating to the maintenance of procedures by any named defendant to ensure compliance with and to avoid violation of the FDCPA or to create a bona fide error defense.

<u>Verbatim response</u>

Objection. The request is overly broad, unduly burdensome and harassing. The request calls for confidential and proprietary information and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses. Subject to and without waiving said objections, Defendant responds as follows: Once an appropriate protective order is entered, all non-privileged documents which are within Defendant's possession, custody and control and which relate to Plaintiff's claims and Defendant's defenses will be produced.

<u>Moving party's contentions and points and authorities</u>

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, confidential, proprietary, overly broad, unduly burdensome and harassing each lack merit, are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). Also, they are waived by answering "subject to . . . said objections." *Communications Co., L.P.*

Exh 3 Page 193

*v. Comcast Cable Communications, LLC, supra.* The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). "The former provision for discovery of relevant but inadmissible information that appears `reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the `reasonably calculated' phrase to define the scope of discovery `might swallow any other limitation on the scope of discovery.'" Fed. R. Civ. P. 26. Advisory Committee Notes 2015 Amendment.

This response, "notwithstanding the objections," is improper, as the response must either be that the document production "will be permitted as requested" or the objections. *Aikens v. Deluxe Fin'l Services, Inc.*, *supra*, 217 F.R.D. at 539 (responding party still has duty to respond to extent request not objectionable). Rule 34 requires a party (entity) respond whether it will agree to produce all documents within the possession, custody or control. The response is unclear because the term "and" is used to join possession, custody and control, rather than "or." Rutter, *supra*, ¶ 11:1915, states: "the response must state the extent to which the responding party is willing to comply and the extent to which it is unable or unwilling to comply. Ambiguity about these matters often leads to unnecessary motions to compel and sanctions." See, above, for Plaintiff's concerns from *De Amaral, supra.*

Despite being made aware during meet and confer of the foregoing authorities (as stated in interrogatory 10, Moving Party's Contentions and P&As), Defendant's refusal to withdraw the objections and answer this interrogatory without objection has resulted in this motion. There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer. During meet and confer, Plaintiff agreed to limit defendant's response to the procedures that would have prevented the violations alleged in the complaint.

- 79 -

This is probative on Defendant's bona fide error (BFE) defense alleged in the amended answer to complaint. Particular instructive is the Ninth Circuit's *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008), *quoting Johnson v Riddle*, 443 F.3d 723, 729 (10th Cir. 2006).   Thus, not only should the court grant the motion to compel a further response, document production, and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5), for interposing meritless and improper objections to valid discovery requests.

### Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

2.    Document Demand 53

### Verbatim request

All DOCUMENTS on which you base the bona fide error defense, as alleged in RESPONDING PARTY's amended answer to complaint.

### Verbatim response

All non-privileged documents which are within Defendant's possession, custody and control will be produced.

### Moving party's contentions and points and authorities

The response states: "All *non-privileged* documents which are within Defendant's possession, custody and control will be produced." No privilege log was produced, so Plaintiff cannot evaluate what documents have been withheld based on "privilege."   It is unclear what (if any) documents or information Defendant has withheld, as explained in *Ramirez v. County of Los Angeles*, *supra*, 231 F.R.D. at 410.

Exh 3 Page 195

1  Rule 34 requires a party (entity) to respond whether it will agree to produce all

2  documents within the possession, custody or control. The amended response is

3  unclear because the term "and" is used to join possession, custody and control, rather

4  than "or." Rutter, *supra*, ¶ 11:1915, states: "the response must state the extent to

5  which the responding party is willing to comply and the extent to which it is unable

6  or unwilling to comply. Ambiguity about these matters often leads to unnecessary

7  motions to compel and sanctions."   See, above, for Plaintiff's concerns from

8  *De Amaral, supra.*

9  This is probative on Defendant's bona fide error (BFE) defense alleged in the

10  amended answer to complaint. Particular instructive is the Ninth Circuit's *Reichert*

11  *v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008).   Thus, not only should

12  the court grant the motion to compel a further response and document production, but

13  the court should require Defendant and its counsel to pay Plaintiff's attorney's fees,

14  pursuant to Rule 37(a)(5) for refusing to amend following meet and confer.

15

16  Responding party's contentions and points and authorities

17  (Please provide this information within 7 days of receipt of this stipulation)

18

19

20  Dated: September 13, 2016

HORWITZ, HORWITZ & ASSOC.

21

22  CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC

23

24  By: Robert Stempler,
Co-Counsel for Plaintiff and

25  Moving/Requesting Party

26

27  Dated: September 13, 2016

LEWIS BRISBOIS BISGAARD &

28  SMITH LLP

- 81 -

Exh 3 Page 196

1

2          By: LARISSA G. NEFULDA,
STEPHEN H TURNER

3          Counsel for defendant and
Opposing/Responding Party

4          GOLDSMITH & HULL, APC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 82 -

# TABLE OF EXHIBITS

1. Plaintiff's complaint
2. Second Amended Answer to Complaint of Defendants G&H and William I. Goldsmith
3. First Amended Answer to Complaint of Defendant Regreso
4. Declaration of Robert Stempler in Support of Motion to Compel
5. Declaration of Larissa Nefulda in Opposition to Motion to Compel
6. Printout pertaining to Plaintiff from G&H's computer collection system
7. Scheduling and Case Management Order re Jury Trial (Dkt. # 31)
8. Amended Scheduling and Case Management Order re Jury Trial (Dkt. # 35)
9. Order Amending Scheduling And Case Management Order And Order re Motions for Class Certification [DKT. 35, 36] (Dkt. # 56)

1  Robert Stempler, Cal. Bar No. 160299
   Email: Robert@StopCollectionHarassment.com
2  CONSUMER LAW OFFICE OF
   ROBERT STEMPLER, APC
3  P.O. Box 7145; Oxnard, CA 93031-7145
   Telephone (805) 246-2300
4  Fax: (805) 576-7800

5  O. Randolph Bragg, Attorney Admitted *Pro Hac Vice*
   Email: rand@horwitzlaw.com
6  HORWITZ, HORWITZ & ASSOCIATES
   25 East Washington Street, Suite 900; Chicago, IL 60602
7  Telephone (312) 372-8822
   Facsimile (312) 372-1673
8
   Counsel for Plaintiff-Moving Party
9

10 LEWIS BRISBOIS BISGAARD & SMITH LLP
   STEPHEN H. TURNER, SB# 89627
11        E-Mail: Stephen.Turner,lewisbrisbois.com
   LARISSA G. NEFULDA, SB# 201903
12        E-Mail: Larissa.Nefulda.lewisbrisbois.com
   633 West 5th Street, Ste. 4000
13 Los Angeles, CA 90071
   Telephone: 213.250.1800
14 Facsimile: 213.250.7900

15 Attorneys for Defendants-Opposing Parties,
   GOLDSMITH & HULL, APC and WILLIAM I. GOLDSMITH
16

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19

20 POVILAS KARCAUSKAS,                )  Case No. 2:15-cv-09225-FMO-RAOx
   on behalf of himself and all       )
21 others similarly situated,         )  JOINT STIPULATION OF COUNSEL ON
                                       )  PLAINTIFF POVILAS KARCAUSKAS'
22              Plaintiff,             )  MOTION  TO  COMPEL  FURTHER
                                       )  RESPONSES   AND   DOCUMENT
23      vs.                            )  PRODUCTION  FROM  WILLIAM  I.
                                       )  G O L D S M I T H   T O   (1)
24 R E G R E S O   F I N A N C I A L   )  INTERROGATORIES;  (2)  REQUESTS
   SERVICES LLC; et al.;              )  FOR ADMISSION; AND (3) REQUESTS
25                                     )  FOR PRODUCTION OF DOCUMENTS
                Defendants.           )
26                                     )  Discovery Cutoff Date: 12/07/2016
                                       )  Class Cert. Motion Deadline: 04/20/2017
27 _____)  Pretrial Conference & Trial Date: Not set.

28

                              - 1 -

# TABLE OF CONTENTS

Plaintiff-Moving Party's Introductory Statement

Defendant-Opposing Party's Introductory Statement

## JOINT STIPULATION

I.   Terms (all in UPPERCASE) and Instructions in Plaintiff's sets of discovery

II.  Numerosity of the L4AR form letters sent to California addressees since November 30, 2014

    A.   Interrogatories No. 10

        Verbatim request

        Verbatim response

        Moving party's contentions and points and authorities

Authorities re: Response Notwithstanding Objections Waives the Objections

Objections Must be Stated with Sufficient Specificity

Authorities re: Irrelevant, Beyond Scope, Overly Broad, Unduly Burdensome, and Relevance

Authorities re: Unduly Burdensome, Overbearing, Duplicative

Authorities re: Vague, Ambiguous, Unintelligible

Authorities re: Unspecified "Privilege" Without a Privilege Log

Authorities re: Witness Names, Addresses and Telephone Numbers

        Responding party's contentions and points and authorities

    B.   Document Demands No. 13

        Verbatim request

        Verbatim response

        Moving party's contentions and points and authorities

- 2 -

1                    Responding party's contentions and points and authorities

2

3    III.      Net Worth of G&H for purposes of FDCPA & RFDCPA class damages

4

5          A.      Interrogatories Nos. 18, 20

6                  1.     Interrogatory 18

7                  Verbatim request

8                  Verbatim response

9                  Moving party's contentions and points and authorities

10   Authorities re: Defendant's Net Worth and Financial Statements

11   Authorities re: Available Information and Documents

12                  Responding party's contentions and points and authorities

13                  2.     Interrogatory 20

14                  Verbatim request

15                  Verbatim response

16                  Moving party's contentions and points and authorities

17                  Responding party's contentions and points and authorities

18

19          B.      Document Demands Nos. 43, 44

20                  1.     Document Demand 43

21                  Verbatim request

22                  Verbatim response

23                  Moving party's contentions and points and authorities

24                  Responding party's contentions and points and authorities

25                  2.     Document Demand 44

26                  Verbatim request

27                  Verbatim response

28                  Moving party's contentions and points and authorities

Exh 4 Page 201

1    Responding party's contentions and points and authorities

2

3    C.    Request for Admission No. 79

4          Verbatim request

5          Verbatim response

6          Moving party's contentions and points and authorities

7          Responding party's contentions and points and authorities

8

9    IV.   Approval and use of the L4AR form letters sent to consumers in California

10         A.    Document Demands Nos. 20, 27, 34

11               1.    Document Demand 20

12               Verbatim request

13               Verbatim response

14               Moving party's contentions and points and authorities

15               Responding party's contentions and points and authorities

16               2.    Document Demand 27

17               Verbatim request

18               Verbatim response

19               Moving party's contentions and points and authorities

20               Responding party's contentions and points and authorities

21               3.    Document Demand 34

22               Verbatim request

23               Verbatim response

24               Moving party's contentions and points and authorities

25               Responding party's contentions and points and authorities

26

27   V.    Affirmative defense of bona fide error

28         A.    Interrogatory No. 15

- 4 -

Exh 4 Page 202

1    Verbatim request

2    Verbatim response

3    Moving party's contentions and points and authorities

4    Responding party's contentions and points and authorities

5

6    B.    Document Demands No. 39

7    Verbatim request

8    Verbatim response

9    Moving party's contentions and points and authorities

10   Responding party's contentions and points and authorities

11

12   TABLE OF EXHIBITS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Local Civil Rule 37-2 et seq., counsel for the parties indicated above submit the attached Joint Stipulation for Plaintiff's motion to compel further responses and document production from defendant GOLDSMITH & HULL, APC (referred to as "G&H") and from defendant WILLIAM I. GOLDSMITH (referred to as "Goldsmith") (referred to collectively as "Defendants") to Plaintiff's written discovery requests consisting of: (1) interrogatories, (2) requests for admission, and (3) requests for production of documents.   Responding party in this motion is Defendant Goldsmith.   Defendant Regreso Financial Services, LLC is referred to simply as "Regreso" is not a part of this motion.

Plaintiff also seeks an award of attorney's fees, pursuant to rule 37(a)(5) of the Federal Rules of Civil Procedure, against the responding party and his counsel.

- 6 -

<u>Plaintiff-Moving Party's Introductory Statement</u>

Plaintiff requests an order of the Court compelling Goldsmith to provide (1) electronic records which indicate any letters sent to debtors in the form of Exhibit A in order that the records may be searched to determine numerosity and (2) financial documents in order to determine Defendants' net worth for computing statutory damages under the FDCPA. Defendants assert that they don't have the information or refuse to conduct a manual search of their records to provide information for numerosity.  Defendants objected to discovery related to their net worth.

Plaintiff's complaint alleges a class action under the Fair Debt Collection Practices Act,  15 U.S.C. § 1692, *et seq.* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.10, *et seq.* ("RFDCPA") for the written communications to Plaintiff and members of the class (see complaint's Exhibits A, B, C and D).  In particular, Exhibit A attached to Plaintiff's complaint misrepresented, contrary to FDCPA §§ 1692e, 1692e(2)(A), and 1692e(10), the status and involvement of the alleged original creditor, Chase Manhattan Bank.  Also, Exhibit A misrepresented, contrary to FDCPA §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10), that the collection case included "the wage assignment as ordered by the Court," though there was no wage assignment order pending in the case.

In their amended answers to complaint, Goldsmith admits his status as a debt collection agency or debt collector, subject to the FDCPA and the subject matter jurisdiction of this court for this case; G&H admitted it is subject to the FDCPA and RFDCPA as a debt collection agency.  Also, the defendants admit in their answer to complaint that Regreso was suspended by the Cal. Secretary of State from April 2, 2015 through July 14, 2015 and that Chase Manhattan Bank was not their client and that letters sent to Plaintiff misstate the case was improperly styled as "Chase Manhattan Bank" as the judgment creditor in the California Superior Court. In their answer to complaint, the defendants deny violating any section of the FDCPA and the RFDCPA and deny each of the allegations for class certification.  Defendants assert

the bona fide error defense, which the District Judge did not strike, following Plaintiff's motion to strike the affirmative defense.

Despite specific requests for the class size or the number of letters sent in the form of Exhibit A, the defendants have failed and refused to produce that information or documentation and refuse to search their records for all persons sent Exhibit A. Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." *Gay v. Waiters and Dairy Lunchmen's Union*, 549 F.2d. 1330 (9th Cir. 1977).   Defendants also refused to produce their financial information, though the basis to compute the statutory damages under the FDCPA is 1% and under the RFDCPA is also 1% of a defendant's net worth.   Defendants have stated that six individuals were the subject of the deceptive communications in the form of Exhibits B, C and D.

With their responses to sets 1 and 2, Defendants G&H and Goldsmith produced only a copy of their insurance policies (Bates Nos. GH 01-40) and the entire file from the collection case against Plaintiff (Bates Nos. GH 41-164) regarding California Superior Court in Sonoma County.  After entry of the stipulated protective order, Defendants G&H and Goldsmith produced only a copy of the FDCPA (Bates Nos. GH 165-189) and Bates Nos. GH 190 thru 200, which Defendants designated as confidential, but which Plaintiff disputed on July 14, 2016, as it was merely part of an FDCPA "Consumer Compliance Handbook." G&H produced a redacted copy of G&H's financial statement for 2014/2015 as Bates Nos. GH 201-4 subject to the Protective Order and G&H's collection files for Plaintiff as Bates Nos. GH 205-222.)

This stipulation is organized by subject matter, as many of the interrogatories, requests for admission, and document demands correspond by particular subjects, as follows: (I) definitions applicable to the items in dispute, (II) numerosity of class members, (III) responding party's net worth, (IV) approval and use of form letters, (V) the defendants' affirmative defense of bona fide error.

Many general and boilerplate objections were asserted by the defendants to Plaintiff's discovery. Plaintiff's counsel has had two rounds of meet and confer letters and telephone conversations with defendants' counsel as to sets 1 and 2, which has resulted in partly amended responses, as stated below.  Many of the objections have been withdrawn, yet many of the requests have not been answered completely and responsive documents have been withheld improperly.

Previous litigation involving defendant Goldsmith & Hull, APC, reveals that defendant G&H (including Goldsmith, as its attorney) used form objections to improperly withhold documents from production. *De Amaral v. Goldsmith & Hull, APC*, Case No. 12–cv–03580–WHO, 2014 WL 572268, *3 (N.D. Cal., Feb. 11, 2014) ["*De Amaral*"] ["Suffice it to say, the defendants show a stark misunderstanding of their obligations in discovery. . . . Defendants objected to the request for being, among other things, burdensome and harassing, and later said that after a reasonable search and diligent inquiry no documents were known to exist other than ones that were produced."].  This misconduct appears to be a legitimate concern in the instant case, in which defendant has interposed improper/boilerplate objections, failed to comply with the duty to search for responsive documents (including ESI), given responses that fail to comply with the FRCP, and failed to serve a privilege log.

Accordingly, this motion to compel is needed, for which Plaintiff also seeks an award of attorney's fees as part of the order, per FRCP Rule 37(a)(5), as each of Plaintiff's meet and confer letters indicated not only the relevant rules and case law applicable to the disputed items, but also the rules applicable to monetary sanctions for the continued assertion of meritless objections and the responding party's refusal to provide: (a) non-evasive complete responses, (b) agreement to produce all responsive documents, ( c) complete document production, and (d) a privilege log. In particular, Plaintiff needs defendant to completely answer interrogatories and produce documents that identify the persons to whom G&H sent the form letter of Exhibit A (for numerosity) and each defendant's net worth (for statutory damages).

- 9 -

Exh 4 Page 207

1

<u>Defendant-Opposing Party's Introductory Statement</u>

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION

I.  <u>Terms (all in UPPERCASE) defined and instructions re privilege for the discovery in dispute</u>

<u>Definitions</u>

"DOCUMENT" or "DOCUMENTS" means and includes every means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, including any handwriting, typewriting, printing, photostating, photographing, and/or any other means of communication.

"PERSON" or "PERSONS" means and includes any man, woman, individual, auctioneer, corporation, organization, association, partnership, firm, joint venture, governmental body, agency, governing board, department, division, trust, business trust, or any other entity.

"EMPLOYEE" or "EMPLOYEES" means and includes any and all current and former employees, managers, agents, and "in-house" attorneys of an organization.

"FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o.

"RFDCPA" refers to the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.10 *et seq.*

"YOU" or "YOUR" means and includes RESPONDING PARTY and RESPONDING PARTY's EMPLOYEES. If "you(r)" is not capitalized, then it shall be limited to and mean the RESPONDING PARTY only.

"COMMUNICATION" means and includes written correspondence, recordings, and state court pleadings.

"RESPONDING PARTY" means WILLIAM I. GOLDSMITH.

"PLAINTIFF" means POVILAS KARCAUSKAS.

"REGRESO" means Regreso Financial Services LLC.

"G&H" means Goldsmith & Hull, APC.

- 11 -

1      "COMPLAINT" means PLAINTIFF's complaint in this matter.

2      "EXHIBIT A" means Exhibit A attached to the COMPLAINT.

3      "EXHIBIT B" means Exhibit B attached to the COMPLAINT.

4      "EXHIBIT C" means Exhibit C attached to the COMPLAINT.

5      "EXHIBIT D" means Exhibit D attached to the COMPLAINT.

6      "DEBT" means the purported obligation referenced in EXHIBIT A.

7      "CONSUMER" has the same meaning as defined in the FDCPA.

### Instructions re Privilege

_Production of Documents._ In the event that any DOCUMENT called for by this request is withheld on the basis of a claim of privilege, please identify that DOCUMENT by stating its author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, number of pages, attachments or appendices, all PERSONS to whom distributed, shown or explained, present custodian, and the nature of the claimed privilege.  Such information is sometimes referred to as a "Privilege Log."

_Interrogatories._ If you decline to respond to any interrogatory in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

Exh 4 Page 210

II.   Numerosity of the L4AR form letters sent to California addressees since November 30, 2014

    A.   Interrogatories No. 10

        Verbatim Request

For each letter in the form of Exhibit A mailed at any time on or after November 30, 2014, state the total number, names and addresses of persons in California.

        Verbatim response

Objection. The interrogatory is overly broad, unduly burdensome, harassing, vague and ambiguous. The interrogatory calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses. The interrogatory calls for confidential and private information and violates the right to privacy of third parties. Subject to and without waiving said objections, Defendant responds as follows: Aside from Exhibit A, Defendant is not aware of any letter that Defendant sent where the original creditor was listed as plaintiff incorrectly as opposed to the debt buyer.

        Moving party's contentions and points and authorities

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, harassing, confidential, private, and third party privacy lack merit, are merely boilerplate and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Also, these objections are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.* The intent of this interrogatory is to get the total number of collection

- 13 -

Exh 4 Page 211

letters sent to persons in California for purposes of obtaining the number of class members in connection with Plaintiff's motion for class certification, which requires numerosity be stated in the motion. It also seeks each person's name and address. "The disclosure of names, addresses, and telephone numbers is a common practice in the class action context." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352–53 (N.D. Cal. 2011). The answer to this interrogatory is appropriate for numerosity and probative on this issue of commonality. Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." *Gay v. Waiters and Dairy Lunchmen's Union*, 549 F.2d. 1330 (9th Cir. 1977).

Moreover, the stated answer ("subject to . . . said objections") is false in that it states that Defendant can identify only one letter as having been sent. In fact, Defendant sent two form letters directly to Plaintiff according to Defendant's internal collection records, a copy of which is attached here as Exhibit 6, which shows that an L4AR form letter has been sent to Plaintiff dated September 9, 2015 as well as January 4, 2016. In fact, Plaintiff received both form letters. Thus, Defendant has given false discovery responses in this case, as G&H did in *De Amaral*, *supra*.

During the meet and confer attempts to get Defendant to amend, Plaintiff proposed to limit the answer to all persons in California to whom the form letter was sent for any debt buyer client (Defendant's phrase) in which the original creditor was falsely listed as the plaintiff, rather than the correct debt buyer's name, but Defendant did not amend and would not agree to any amendments, nor would Defendant agree to withdraw any of the objections asserted. During the meet and confer process, Plaintiff advised Defendant's counsel of the following citations that apply here, which Plaintiff submits also in support of this motion to compel further response:

- 14 -

Exh 4 Page 212

<u>Authorities re: Response Notwithstanding Objections Waives the Objections</u>

The court, in *Sprint Communications Co., L.P. v. Comcast Cable Communications, LLC*, Nos. 11–2684, 11–2685, 11–2686, 2014 WL 545544, *2-3 (D. Kan., Feb. 11, 2014), *citing Haeger v. Goodyear Tire & Rubber Co.*, 906 F.Supp.2d 938, 976-77 (D.Ariz. 2012):

> The court recognizes that it has become common practice among many practitioners to respond to discovery requests by asserting objections and then answering "subject to" or "without waiving" their objections. This practice, however, is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure. The court joins a growing number of federal district courts in concluding that such conditional answers are invalid and unsustainable.
>
> . . . .
>
> In addition to their failure to convey any information, conditional responses are not permitted by the Federal Rules of Civil Procedure. Rule 34(b)(2) permits only three responses to a request for production of documents: produce the documents as requested, "state an objection to the request" as a whole, or state an "objection to part of [the] request" provided that the response specifies the part objected to and responds to the non-objectionable portion. [footnote omitted] "Objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules." [footnote omitted] Thus, no objections maybe "reserved" under the rules; "they are either raised or they are waived." [footnote omitted]

- 15 -

Finally, courts have recognized that conditional responses violate common sense. In *Haeger v. Goodyear Tire and Rubber Co.*, U.S. District Judge Roslyn O. Silver of the District of Arizona concluded that if Rule 34 were read to allow parties to combine objections with a partial response that does not specify whether other potentially responsive material is being withheld, "discovery would break down in practically every case." [footnote omitted] Judge Silver explained,

A litigant with any viable objection to a discovery request would make that objection and then produce whatever portion of otherwise responsive documents it wished to produce. Under this approach, a party would have no obligation to indicate that its production was partial and the opposing party would have no way of knowing the production was partial. Absent an indication of what, exactly, the responding party was objecting to, courts would have no way of assessing the propriety of the objections. Instead, courts would be flooded with motions to compel by litigants seeking to confirm that undisclosed responsive documents did not exist. And courts would then be forced to ask counsel, over and over again, "Do other documents exist?" [footnote omitted]

. . . .

For these reasons, the court follows its sister courts in holding, "whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands." [footnote omitted]

<u>Objections Must be Stated with Sufficient Specificity</u>

The Rutter Group treatise by James M. Wagstaffe, Cal. Practice Guide: Federal Civil Procedure Before Trial, Cal. & 9th Circuit Edition (Rutter Group Thomson Reuters Westlaw) [cited as "Rutter"], states (bolding and italics in treatise):

> (4) [11:1733] **Sufficiency of objection**: All grounds for objection to an interrogatory must be stated "with specificity." [FRCP 33(b)(4); see *Nagele v. Electronic Data Systems Corp.* (WD NY 2000) 193 FRD 94, 109—objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" basis for objection; see also *Mancia v. Mayflower Textile Services Co.* (D MD 2008) 253 FRD 354, 357—boilerplate objections waived any legitimate objections responding party may have had; *Deere v. American Water Works Co., Inc.* (SD IN 2015) 306 FRD 208, 215—"general objections are entitled to little if any weight"]
>
> > If required to make the objection understandable, the objecting party must state *reasons* for any objection. [See FRCP 33(b)(4); *Chubb Integrated Sys. Ltd. v. National Bank of Wash.* (D DC 1984) 103 FRD 52, 58—"irrelevant" did not fulfill party's burden to explain its objections]

Federal Rules of Civil Procedure rule 33(b)(4) states that "the grounds for objecting to an interrogatory must be stated with specificity." The Ninth Circuit, in *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981), stated:

> Moreover, objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable. Appellant never identified, with any specificity, the interrogatories to which the claim of privilege pertained. Appellant's blanket claim of privilege is simply not sufficient.

- 17 -

The Eleventh Circuit, in *Panola Land Buyers' Association v. Sherman*, 762 F.2d 1550, 1559 (11th Cir. 1985), stated:

> To be adequate, objections which serve as the basis of a motion for protective order under Fed.R.Civ.P. 26 should be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981). *See Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir.1982) (quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296–97 (E.D.Pa.1980)) ("party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive....' ").

In *Burns v. Imagine Films Entertainment Inc.*, 164 F.R.D. 589, 592-3 (W.D.N.Y. 1996), the court stated:

> Defendants also filed objections stating that the Discovery Request is overbroad, vague and unduly burdensome. However, these objections were not sufficiently specific to allow the court to ascertain the claimed objectionable character of the Discovery Request, further, this type of general objection is not proper. As objections to interrogatories must be specific and supported by detailed explanation of why the interrogatories are objectionable. *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 296–97 (E.D.Pa.1980) (to successfully object to an interrogatory, a defendant cannot simply state that the interrogatory is overly broad, burdensome, oppressive and irrelevant, rather, the party opposing discovery must specifically demonstrate how each interrogatory was overly broad, burdensome, oppressive or irrelevant). Additionally, the fact that answering the interrogatories will require the objecting party to expend considerable time, effort and expense

Exh 4 Page 216

consulting, reviewing and analyzing "huge volumes of documents and information" is an insufficient basis to object. *Roesberg, supra,* at 296–97. Therefore, Defendants did not meet their burden under Rule 33(a) of making a specific showing of reasons why the interrogatories should not be answered or documents not produced where they merely made conclusory objections. Accordingly, these objections shall not prevent the Defendants from providing the information sought in the Discovery Request.

In *Burns, supra.,* 164 F.R.D. at 594, the district court stated:

The party asserting the privilege and resisting discovery has the burden of establishing the existence of the privilege.  Fed.R.Civ.P. 26(b)(5); *National Union Fire Insurance Company of Pittsburgh v. Midland Bancor, Inc.,* 159 F.R.D. 562, 567 (D. Kan.1994).  See, e.g., Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *von Bulow by Auersperg v. von Bulow,* 811 F.2d 136, 144 (2d Cir.), cert. denied, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987). Blanket assertions of privilege are insufficient to satisfy this burden. *National Union Fire, supra,* at 567.  The party claiming the privilege must supply opposing counsel with sufficient information to assess the applicability of the privilege or protection, without revealing information which is privileged or protected. *First Savings Bank, F.S.B. v. First Bank System, Inc.,* 1995 WL 250394, *4 (D.Kan.1995);  *Johnson v. City of Philadelphia,* 1994 WL 665718, *5 (E.D. Pa.1994).

- 19 -

Exh 4 Page 217

<u>The Responding Party Has the Burden To Provide Support for Each Objection</u>

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Nadler v. Nature's Way Products, LLC*, No. EDCV 13–100–TJH (KKx), 2014 WL 5761122, at *2 (C.D. Cal. Nov. 5, 2014); *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002)  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

<u>Authorities re: Irrelevant, Beyond Scope, Overly Broad,</u>
<u>Unduly Burdensome, and Relevance</u>

FRCP Rule 26(b)(1) states:

**Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Court, in *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006), stated:

As an initial matter, general or boilerplate objections such as "overly burdensome and harassing" are improper--especially when a party fails to submit any evidentiary declarations supporting such

- 20 -

Exh 4 Page 218

objections.   *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D.Cal.1996); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable). [footnote omitted]  Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.

*Rutter, supra,* states (bolding and italics in treatise):

[11:1734] **Overbroad questions**: Where an interrogatory is overbroad, the responding party should answer whatever part of the question is proper, object to the balance and provide some *meaningful explanation* of the basis for the objection. [*Mitchell v. National R.R. Passenger Corp.* (D DC 2002) 208 FRD 455, 458, fn. 4; *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512--objections must explain how request or interrogatory is overbroad or unduly burdensome; *Gassaway v. Jarden Corp.* (D KS 2013) 292 FRD 676, 682]

For example:

Interrogatory: "State the names of any doctors who treated you or *with whom you have consulted* regarding your injuries."

Response: "I was treated by Doctor Janet Jones. OBJECTED TO *insofar as this Interrogatory asks for* names of nontreating doctors

whom I may have consulted because their identities are protected as attorney work product."

Authorities re: Unduly Burdensome, Overbearing, Duplicative

In *Biovail Labs. Inc. v. Anchen Pharmaceuticals, Inc.*, 233 F.R.D. 648, 651-652 (C.D. Cal. 2006), the court stated:

" 'Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.'" *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D.Cal.2005) (*quoting Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal.1998)). "Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." *Id. (citing Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D.Kan.1993)). All discovery, and federal litigation generally, is subject to Rule 1, which directs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *Moon*, 232 F.R.D. at 636.

"[T]he mere statement by a party that [an] interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). In *Alexander v. Parsons*, 75 F.R.D. 536, 538-39 (W.D. Mich. 1977), the court held that discovery which would "require 2,000 man-hours of labor to search some 57,000 records" would not support a protective order against such request.

The court, in *Chubb Integrated Systems v. Nat's Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984), stated:

> Labelling plaintiff's effort as repetitious, does not support its objection. Standing alone, the fact that defendants conducted a search does not support plaintiff's claim of burdensomeness. An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden. *See Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296–297 (E.D.Pa.1980); *see generally*, 4A J. Moore and J. Lucas, Moore's Federal Practice ¶ 33.27 (2d ed. 1983). Plaintiff's objections do not reveal the nature of its burden. Without more, this Court cannot conclude that Chubb will be unduly burdened by the interrogatories. Accordingly, we reject this argument.

In *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 417, 419 (N.D. Ill. 1977), the court stated:

> It should first be noted that the interrogatories are classic first-wave discovery. They seek information as to the identity of events and the individuals participating in them which is necessary as a prelude to second-wave depositions of the identified individuals. They are clearly within the scope of first-wave discovery previously delineated by the court.
>
> Nor are they unduly burdensome. The more events and the more individuals involved, of course, the more burdensome answering the interrogatories will be. It can hardly be seriously contended, however, that the volume of possibly illegal activity at some point becomes so great as to make its disclosure unreasonably burdensome. The degree of

- 23 -

burden will depend on the extent of the various defendants' activities and not on the interrogatories.

Authorities re: Vague, Ambiguous, Unintelligible

Rutter, *supra*, states (bolding and italics in treatise):

[11:1735] **Vague and ambiguous questions**: Objections to interrogatories as vague and ambiguous are not likely to be upheld.

1) [11:1736] **Interpretation**: First of all, respondents must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. If necessary, *they may include any necessary, reasonable definition* of such terms or phrases in order to clarify their answers. [*Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996) 168 FRD 295, 310]

For example:
> --'Interrogatory: Did you speak to anyone following the accident?
> --'Answer: Treating the question as calling only for conversations at the scene of the accident (rather than at any other time or place after the accident), the answer is: NO.'
> 2) [11:1737] **Effort to clarify**: Moreover, where the ambiguity can easily be resolved by conferring with the propounding party, courts are likely to overrule an objection that the interrogatory is vague and ambiguous.

1    [*Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489,

2    497]

3    . . . .

4    [11:2059] *Ambiguous*: It is *not* ground for objection that the request is

5    "ambiguous" unless so ambiguous that the responding party cannot, in

6    good faith, frame an intelligent reply. Parties should "admit to the fullest

7    extent possible, and *explain in detail* why other portions of a request

8    may not be admitted." Failure to do so may result in sanctions (below).

9    [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938]

10

11   [11:2060] **PRACTICE POINTER**: If you decide to object on the

12   ground that an RFA is "too ambiguous to frame a response," *include* an

13   explanation of what you feel is ambiguous and why it prevents any

14   intelligent reply.

15

16   Authorities re: Unspecified "Privilege" Without a Privilege Log

17   The Ninth Circuit, in *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981),

18   stated:

19   Moreover, objections should be plain enough and specific enough so

20   that the court can understand in what way the interrogatories are alleged

21   to be objectionable. Appellant never identified, with any specificity, the

22   interrogatories to which the claim of privilege pertained. Appellant's

23   blanket claim of privilege is simply not sufficient.

24

25   Rutter, *supra*, states (bolding and italics in treatise):

26   (b) [11:1918] **Documents withheld as privileged; privilege log**

27   **requirement**: Parties withholding documents as privileged should

28   identify and describe the documents in sufficient detail to enable the

- 25 -

Exh 4 Page 223

demanding party "to assess the applicability of the privilege or protection." [FRCP 26(b)(5); and see FRCP 45(e)(2)(A) (applicable to documents withheld under subpoena); *Ramirez v. County of Los Angeles* (CD CA 2005) 231 FRD 407, 410—failure to provide sufficient information may constitute waiver of privilege]

*Providing a "privilege log" (see* ¶11:1919) has become "an almost universal method of asserting privilege under the Federal Rules." [*Caudle v. District of Columbia* (D DC 2009) 263 FRD 29, 35; *Novelty, Inc. v. Mountain View Marketing, Inc.* (SD IN 2009) 265 FRD 370, 380-381]

. . . .

[11:1918.1] **PRACTICE POINTER**: To avoid any uncertainty, serve your privilege log within the 30 days allowed for response to the discovery request (see ¶11:1902). If unable to do so, ask opposing parties to stipulate to an extension; if they refuse your request, seek a court order. Otherwise, you risk having the court find your privilege claims waived.

. . . .

1) [11:1919] **Privilege log content**: To satisfy this requirement, the responding party should maintain a "privilege log," setting forth:

The general nature of the document (without disclosing its contents);

The identity and position of its author;

The date it was written;

The identity and position of all addressees and recipients;

The document's present location;

The specific reason(s) it was withheld (which privilege claimed, etc.).

[*United States v. Construction Products Research, Inc.* (2nd Cir. 1996) 73 F3d 464, 473; see discussion at ¶11:795]

Exh 4 Page 224

*Comment*: Listing each e-mail separately is crucial where different e-mails in the strand potentially raise different privilege grounds.

*Waiver*: Keep in mind that if one message in the strand has been disclosed to someone outside the scope of privilege, the privilege is waived with respect to that message *and all attached* e-mails. [See *United States v. ChevronTexaco Corp.* (ND CA 2002) 241 F.Supp.2d 1065, 1074-1075 & fn. 6]

In *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005), the court stated:

> Under Fed.R.Civ.P. 26(b)(5), a party who withholds discovery materials because of a claim of privilege or work product protection must notify the other party that it is withholding material. 1993 *Notes of Adv. Comm. to Fed.R.Civ.P. 26(b)*. The party who withholds discovery materials must provide sufficient information (i.e., a privilege log) to enable the other party to evaluate the applicability of the privilege or protection. *Id.; see also Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992). Failure to provide sufficient information may constitute a waiver of the privilege. *See Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 182-83 (E.D.Cal.1991) (a "blanket objection" to each document on the ground of attorney-client privilege with no further description is clearly insufficient); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984) (*per curiam*), *cert. dismissed*, 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985) (attorney-client privilege waived when defendant did not make a timely and sufficient showing that the documents were protected by privilege).

1    <u>Authorities re: Witness Names, Addresses and Telephone Numbers</u>

2

3    In granting a motion to compel credit reporting data pertaining to other

4    consumers, the court in *Shaw v. Experian Information Solutions, Inc.*, 306 F.R.D.

5    293, 301 (S.D. Cal. 2015), *citing Artis v. Deere & Co.*, 276 F.R.D. 348, 352–53

6    (N.D.Cal.2011) (*citing Wiegele v. FedEx Ground Package Sys.*, 2007 WL 628041,

7    at *2 (S.D.Cal. Feb. 8, 2007), stated:

8    > In class action suits, the disclosure of names, addresses, and telephone

9    > numbers is commonly allowed, because such disclosure "does not

10   > involve revelation of personal secrets, intimate activities, or similar

11   > private information, which have been found to be serious invasions of

12   > privacy." *Artis*, 276 F.R.D. at 353 (*citing Khalilpour v. CELLCO*

13   > *Partnership*, 2010 WL 1267749, at *3 (N.D.Cal. Apr. 1, 2010)).

14

15   In *Artis v. Deere & Co.*, 276 F.R.D. 348, 352–53 (N.D. Cal. 2011), the court

16   stated:

17   > The disclosure of names, addresses, and telephone numbers is a

18   > common practice in the class action context. *See Currie–White v.*

19   > *Blockbuster, Inc.*, 2010 WL 1526314, at *2 (N.D.Cal. Apr. 15, 2010);

20   > *see also Babbitt v. Albertson's Inc.*, 1992 WL 605652, at *6 (N.D.Cal.

21   > Nov. 30, 1992) (at pre-certification stage of Title VII class action,

22   > defendant employer ordered to disclose names, addresses, telephone

23   > numbers and social security numbers of current and past employees);

24   > *Putnam v. Eli Lilly & Co.*, 508 F.Supp.2d 812, 814 (C.D.Cal.2007)

25   > (ordering production of the names, addresses, and telephone numbers of

26   > putative class members, subject to a protective order, including those

27   > who worked in a sales division other than the plaintiff's own). Given this

28   > standard, the Court finds that Plaintiff is entitled to the contact

- 28 -

Exh 4 Page 226

information of putative class members. Plaintiff seeks this information in order to substantiate class allegations and to meet the certification requirements under Rule 23. The contact information and subsequent contact with potential class members is necessary to determine whether Plaintiff's claims are typical of the class, and ultimately whether the action may be maintained as a class action.

In reviewing Defendants' arguments, the Court notes that, with the exception of the applicants' right to privacy, their arguments tend to focus on whether Plaintiff will ultimately satisfy her burden of establishing that a class action is proper under Rule 23. However, the Court need not concern itself with these arguments here as Plaintiff's burden at this stage is to make a prima facie showing that the Rule 23 class action requirements are satisfied, which the Court finds that she has done. *Mantolete*, 767 F.2d at 1424.

. . . .

Here, the putative class members may possess relevant discoverable information concerning issues dealing with Plaintiff's gender discrimination claims, as well as other class certification issues. Further, the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such as compelled disclosure of medical records and personal histories. *Id*. While the putative class members have a legally protected interest in the privacy of their contact information and a reasonable expectation of privacy the information sought by Plaintiff is not particularly sensitive. *See, e.g., Khalilpour v. CELLCO Partnership*, 2010 WL 1267749, at *3 (N.D.Cal. Apr. 1, 2010) ("the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal

- 29 -

secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy"). As a result, Defendant's privacy objections must yield to Plaintiff's request for the information.

In granting a plaintiff's motion to compel class member information, the Central District, in *Putnam v. Eli Lilly & Co.*, 508 F.Supp.2d 812, 813-14 (C.D. Cal. 2007), stated:

> In order to certify a class under Rule 23 of the Federal Rules of Civil Procedure, plaintiff must set forth facts that support four requirements: 1. numerosity; 2. common questions of law or fact; 3. typicality of the claims or defenses; and 4. adequacy of the representation. Fed.R.Civ.P. 23(a), *see also In re Mego Financial Corporation Securities Litigation*, 213 F.3d 454, 462 (9th Cir.2000). The question here is whether the contact information for 348 employees of defendant—employees both inside and outside of plaintiff's sales division—is needed by plaintiff to present its certification motion. While the Court recognizes that courts throughout the country have come out on both sides of this issue, this Court finds that, on balance, the information should be provided. [footnote omitted] *See, e.g., Babbitt v. Albertson's. Inc.*, 1992 WL 605652, *5–6 (N.D.Cal. Nov. 30, 1992) (court ordered production at pre-certification stage of names, addresses, telephone numbers and social security numbers of current and past employees, commenting that "[d]efendant has access to this information, and plaintiff should have the same access. Furthermore, the information could lead to the discovery of admissible evidence relevant to the class certification issue.") (emphasis added).

Defendant offers no adequate explanation as to why information about pharmaceutical representatives in sales divisions other than the

Exh 4 Page 228

one in which plaintiff worked is not relevant to the inquiry. Instead, it seems to the Court that contact with those individuals could well be useful for plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23. Defendant also argues that even if the Court were to find the contact information relevant at this stage, the privacy rights of these individuals outweigh the relevance. While defendant is correct that individuals have a privacy interest in not having their names and addresses disclosed to third parties, the Court has balanced defendant's asserted right to privacy against the relevance and necessity of the information being sought by plaintiff. *See, e.g., Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir.1992); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604–05 (C.D.Cal.1995) (the right to privacy is not absolute, but is "subject to invasion depending upon the circumstances."). In doing so, special attention has been paid to defendant's concern over its perceived duty to protect its employees, as well as plaintiff's need to contact potential plaintiffs. As in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) (abuse of discretion for district court to ban communications concerning class action between parties and potential class members without court approval; "mere possibility of abuses" in class action litigation does not justify communications ban), the Court finds that plaintiff's needs here outweigh the concerns of defendant. Plaintiff has shown a legitimate need for the requested information to determine, among other things, whether common questions of law or fact exist and if plaintiff's claims are typical. The need is especially compelling here where the information to be disclosed concerns not disinterested third parties, but rather potential plaintiffs themselves. This information must be disclosed to enable plaintiff to proceed; a protective order can strike the

1  appropriate balance between the need for the information and the
2  privacy concerns. [footnote omitted]

3

4  Despite being made aware during meet and confer of the foregoing authorities,
5  Defendant's refusal to withdraw the objections and failure to amend its answer to be
6  straightforward and complete has resulted in this motion.  There was no justification
7  given by Defendant's counsel during the meet and confer for not withdrawing the
8  objections and amending the response, per the meet and confer.   It is unclear what
9  (if any) documents or information Defendant has withheld, as explained in *Ramirez*
10  *v. County of Los Angeles*, *supra*, 231 F.R.D. at 410. Since July 7, 2016, this court has
11  had in place a stipulated protective order, under which any confidential documents
12  and information could have been produced. Thus, not only should the court grant the
13  motion to compel this answer, but the court should require Defendant and its counsel
14  to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

15

16          Responding party's contentions and points and authorities
17  (Please provide this information within 7 days of receipt of this stipulation)

18

19

20      B.      Document Demands No. 13

21

22          Verbatim request
23      All DOCUMENTS showing the number, names and addresses of persons in the
24  state of California who were sent a collection letter in the form of EXHIBIT A, at any
25  time on or after November 30, 2014.

26

27          Verbatim response

28

- 32 -

Exh 4 Page 230

1  Objection. The request is overly broad, unduly burdensome, oppressive, vague

2  and ambiguous.  The request calls for information which is not relevant and not

3  reasonably calculated to lead to the discovery of admissible evidence regarding

4  Plaintiff's claims and Defendant's defenses.  The request calls for confidential and

5  private information and violates the right to privacy of third parties.  Subject to and

6  without waiving said objections, Defendant responds as follows: All non-privileged

7  documents which are within Defendant's possession, custody and control will be

8  produced.

9

10            Moving party's contentions and points and authorities

11  Objections of not relevant, not reasonably calculated to lead to the discovery

12  of admissible evidence, overly broad, unduly burdensome, oppressive, vague,

13  ambiguous, confidential, proprietary, and the right of third parties to privacy lack

14  merit, are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of*

15  *Olathe, Kans*. 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not

16  reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Also,

17  they are waived by answering "subject to . . . said objections." *Communications Co.,*

18  *L.P. v. Comcast Cable Communications, LLC, supra*.  These objections are also

19  meritless, as this is to get the total number of collection letters to persons in

20  California sent this particular form letter, which appears to violate the FDCPA, for

21  purposes of evaluating the number of class members in connection with Plaintiff's

22  motion for class certification, which requires numerosity.  Rule 23(a)(1).    It also

23  seeks documents that show each person's name and address, which is permitted. *Artis*

24  *v. Deere, supra*. These documents are appropriate for numerosity and probative on

25  this issue of commonality.

26            The response states: "All *non-privileged* documents which are within

27  Defendant's possession, custody and control will be produced." No privilege log was

28  produced, so Plaintiff cannot evaluate what documents have been withheld based on

- 33 -

Exh 4 Page 231

"privilege." It is unclear what (if any) documents or information Defendant has withheld, as explained in *Ramirez v. County of Los Angeles*, *supra*, 231 F.R.D. at 410.

Rule 34 requires a party (entity) to respond whether it will agree to produce all documents within the possession, custody or control. The amended response is unclear because the term "and" is used to join possession, custody and control, rather than "or." Rutter, *supra*, ¶ 11:1915, states: "the response must state the extent to which the responding party is willing to comply and the extent to which it is unable or unwilling to comply. Ambiguity about these matters often leads to unnecessary motions to compel and sanctions." See, above, for Plaintiff's concerns from *De Amaral, supra*, related to defendant G&H being caught objecting to production of documents, responding "notwithstanding," then trying to produce responsive documents later in a case. The objections should be overruled, as Plaintiff submits that this response is unclear. *See* Rutter, *supra*, ¶ 11:1912, which states:

> (1) [11:1912] **Agreement to comply**: For each item or category, the response must state that inspection will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. [FRCP 34(b)(2)(B)]

> [11:1912.1] **PRACTICE POINTER**: Ambiguous responses are a common source of discovery disputes. E.g., agreeing to produce "responsive documents" creates an ambiguity as to whether some documents are being withheld on the basis of objections. Avoid the problem by either agreeing to produce "all documents requested in the demand" or specifying the particular documents and records that will be produced.

In *City of Colton v American Promotional Events, Inc.*, 277 F.R.D. 578, 583 (C.D. Cal. 2011), *quoting United States v. O'Keefe*, 537 F.Supp.2d 14, 23 (D.D.C. 2008), the court explained ESI's relation within Rule 34:

- 34 -

Under Rule 34 of the Federal Rules of Civil Procedure, a distinction between documents and electronically stored information is made in terms of the form of production. As established above, a party is obligated to either produce documents as they are kept in the usual course of business or it 'must organize and label them to correspond to the categories in the request.' Fed.R.Civ.P. 34(b)(2)(E)(i). But if, as occurred here, electronically-stored information is demanded but the request does not specify a form of production, the responding party must produce the electronically-stored information in the form in which it is ordinarily maintained or in a reasonably useable form. Fed.R.Civ.P. 34(b)(2)(E)(ii).... [¶] If one were to apply these rules to this case, it appears that the government's production of the electronically stored information in PDF or TIFF format would suffice, unless defendants can show that those formats are not 'reasonably useable' and that the native format, with accompanying metadata, meet the criteria of 'reasonably useable' whereas the PDF or TIFF formats do not."

Despite being made aware during meet and confer of the foregoing authorities (as stated in interrogatory 10, Moving Party's Contentions and P&As), Defendant's refusal to withdraw the objections and respond unambiguously has resulted in this motion. There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer, other than advising that they are unable to perform an electronic search of their computerized records (such as Exhibit 6, collection history as to Plaintiff), to which Plaintiff's counsel asked what had been done to search the records, to which Responding Party's counsel asserted that she did not know. Since July 7, 2016, this court has had in place a stipulated protective order, under which any confidential documents and information could have been produced. Thus, not only should the

- 35 -

Exh 4 Page 233

1   court grant the motion to compel these documents, but the court should require
2   Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

3

4   <u>Responding party's contentions and points and authorities</u>
5   (Please provide this information within 7 days of receipt of this stipulation)

6

7

8   III.   <u>Net Worth of G&H for purposes of FDCPA & RFDCPA class damages</u>

9

10       A.   <u>Interrogatories Nos. 18, 20</u>

11

12            1.   <u>Interrogatory 18</u>

13

14            <u>Verbatim request</u>
15   State William I. Goldsmith's net worth, including how it was calculated.

16

17            <u>Verbatim response</u>
18       Objection.   The interrogatory seeks information which is confidential,
19   proprietary, and which is protected by Defendant's right to privacy.   Further, the
20   interrogatory seeks information which is neither relevant nor reasonably calculated
21   to lead to the discovery of admissible evidence.   Moreover, Defendant objects to the
22   extent this request calls for privileged information.

23

24            <u>Moving party's contentions and points and authorities</u>
25       Objections of not relevant, not reasonably calculated to lead to the discovery
26   of admissible evidence, confidential, proprietary, "to the extent privileged," and right
27   to privacy lack merit, are merely boilerplate, and not specific. *Mancia, supra*;   *Beach*
28   *v. City of Olathe, Kans*. 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of

Exh 4 Page 234

"not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1).
Each defendant's net worth is relevant in an FDCPA class action (see 15 U.S.C. §
1692k(a), *Trevino, infra*), as that is the basis on which the statutory damages for the
class are to be calculated (see below for "Authorities re: Defendant's Net Worth and
Financial Statements"). As to these interrogatories, defendant William I. Goldsmith
signed the verification.  Thus, responsive information is available to Defendant (see
below for "Authorities re: Available Information and Documents"). Defendant is not
an entity that is traded on any stock exchange, so the information needed for net
worth is neither available from public sources nor is the information analyzed by any
public agency, such as the SEC, or a group of investors. According to the deposition
of G&H, only Mr. Goldsmith owns any stock in G&H.

Despite Plaintiff's instructions to provide a privilege log and the foregoing
meet and confer which explains the requirement for a log, no privilege log was
produced, so Plaintiff cannot evaluate what documents are subject to the claim of
"privilege."  It is unclear what (if any) documents or information Defendant has
withheld, as explained in *Ramirez v. County of Los Angeles*, *supra*, 231 F.R.D. at 410.

There was extensive meet and confer on the subject of the defendants' net
worth, but no justification was given by Defendant's counsel during the meet and
confer for not withdrawing the objections and responding, other than it is private. As
of this date, no information or documents stating Goldsmith's net worth or how it is
calculated have been produced in this case.  In connection with the 2015/2014
financial statements produced by Defendant G&H and discussed during its Rule
30(b)(6) deposition, it revealed some financial information about Mr. Goldsmith, due
to his extensive relationship and dealings with G&H, but it did not reveal Mr.
Goldsmith's current net worth or calculations.  Thus, this information or documents
have not been provided to Plaintiff for Mr. Goldsmith.

In *Lucas v. G.C. Services, L.P.*, 226 F.R.D. 328, 334 (N.D.Ind. 2004), the Court
resolved a discovery dispute in an FDCPA class action as follows:

Exh 4 Page 235

Interrogatories No. 11–13 and Document Requests 19 and 21 seek financial information regarding the defendants' net worth. In response, the defendants provided a two-page unaudited balance sheet for GC Services and cited case law for the proposition that no other information is relevant in FDCPA cases. *See Sanders v. Jackson*, 209 F.3d 998 (7th Cir.2000). On December 14, 2004, the defendants untimely provided an audited two-page balance sheet for GC Services. However, this court ordered the defendants to provide full and complete responses. The defendants have waived all legal defenses and must comply in full with the plaintiffs' requests. Specifically, the defendants are to provide an audited balance sheet for each defendant, an identification of each lawsuit in which the defendants have provided or produced financial statements or net worth information, an identification of each instance in which the defendants have provided their net worth to any government agency, and financial statements, annual reports, semiannual and quarterly financial statements, credit applications, and tax returns for the last three years.

During the meet and confer on discovery disputes, Plaintiff provided the following analysis and authorities for this subject matter (net worth) and Defendant's objections, in addition to the many authorities cited above, which Plaintiff submits also in support of this motion to compel further response:

<u>Authorities re: Defendant's Net Worth and Financial Statements</u>

Rutter, *supra*, states (bolding and italics in treatise):

a. [11:991] **Privacy**: Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. [*Johnson*

- 38 -

by *Johnson v. Thompson* (10th Cir. 1992) 971 F2d 1487, 1497; *DeMasi v. Weiss* (3rd Cir. 1982) 669 F2d 114, 119-120]

Unlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against the claimed privacy right. [*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy); *West Bay One, Inc. v. Does 1-1,653* (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc.* (SD CA 2015) 306 FRD 293, 301]

Courts consider various factors in performing the balancing analysis, including "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." [See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47]

In *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1995), the court stated:

The discovery of financial information relevant to a punitive damages claim is permissible under the Federal Rules of Civil Procedure, whether or not such evidence would be admissible at trial. *CEH*, 153 F.R.D. at 498–99. Moreover, as discussed above, one of the purposes behind the broad federal discovery rules is to facilitate settlement, and such financial information is valuable in assisting both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation. *Id.* at 499.

- 39 -

Exh 4 Page 237

In *Hawecker v. Sorenson*, No. 1:10–cv–00085 OWW JLT, 2011 WL 98598 *2 (E.D. Cal. Jan. 12, 2011), the court granted the plaintiff's motion to compel further interrogatories, document production, and amended document responses regarding the defendant's net worth, as follows:

According to the "Joint Statement" filed by the parties, the disputes concern primarily the production of documents related to Defendant's net worth and documents created in the course of his rental business. (Doc. 50 at 5). Plaintiffs seek the discovery "to (1) determine defendant's financial condition; (2) test defendant's assertions concerning the drop in his net worth; (3) make informed settlement decisions; and (4) prepare for trial on their punitive damages claim." *Id.* at 3.

A. *Requests related to Defendant's net worth*

Plaintiffs argued Defendant's responses "are insufficient to enable plaintiffs to calculate his net worth and determine whether his claims to reduced monetary means are meritorious." (Doc. 50 at 9). Plaintiffs have stated a claim for punitive damages, and as such argue that information relating to Defendant's financial condition is relevant to their case. *Id.* at 4.

In *Gonzalez v. Totah Family Partnership*, No. 10cv2012–MMA (CAB), 2011 WL 2135344 *1-3 (S.D. Cal., May 31, 2011), the court stated:

**Interrogatory No. 2** requests the defendant's net worth. Plaintiffs seek this as relevant to their punitive damage claims. Defendant does not deny that the information is relevant, however Defendant represents that it intends to challenge plaintiffs' punitive damages allegations by

- 40 -

motion practice. The motion to compel further a response to Interrogatory No. 2 is GRANTED . . . .

. . . .

**Document Requests Nos. 16–20** seek documents regarding the defendant's net worth. Responsive documents will be produced in accordance with the schedule set forth regarding further responses to Interrogatory No. 2, above.

In *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 617 (N.D. Cal., 2006), the court stated:

**E. Discovery Related to Damages (Hilco Interrogatory no. 16; ACB Interrogatory no. 10; Hilco and ACB RFA nos. 1–9; Hilco and ACB RFP nos. 8, 19)**

Plaintiffs seek information about defendants' net worth, and the production of financial statements and tax returns for the last three years and two years, respectively.

The FDCPA explicitly states that damages in a class action case may be calculated based on defendants' net worth. *See* 15 U.S.C. § 1692k(a). Therefore, such information is relevant, and potentially useful in determining whether this case is appropriate for class certification.

Accordingly, *defendants are ordered to produce complete annual financial statements for the past three years, including, but not limited to, balance sheets, and profit and loss statements with notes.* [footnote omitted] *Plaintiffs' motions to compel the production of tax returns are denied without prejudice* and may be renewed later upon a better showing.

- 41 -

In *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191-92 (C.D. Cal. 2006), the court stated:

> Here, plaintiff has met its burden of showing the information sought is relevant, especially to plaintiff's civil RICO claims. *See, e.g., State Farm Mut. Ins. Co. v. CPT Med. Servs., P.C.*, 375 F.Supp.2d 141, 156 (E.D.N.Y.2005) (financial records, including tax returns, relevant in civil RICO action); *U.S. v. Bonanno Organized Crime Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y.1988) (tax returns "clearly relevant" in civil RICO litigation). On the other hand, defendant Garber has not shown, or even attempted to show, the information sought is available from other sources. *Cotracom Commodity Trading Co.*, 189 F.R.D. at 665; *Bonanno Organized Crime Family of La Cosa Nostra*, 119 F.R.D. at 627. Therefore, defendant Garber's tax returns and related documents are discoverable in this action, subject to an appropriate protective order as discussed herein.

Authorities re: Available Information and Documents

Rutter, *supra*, states (bolding and italics in treatise):

b. [11:1673] **Information known or available to entity party**: Interrogatories propounded to a public or private corporation, partnership, association or governmental agency must be answered by "any officer or agent, who must furnish the information *available to the party*" (not just known by the responding officer or agent). [FRCP 33(b)(1)(B) (emphasis added); see ¶11:1747 ff.]

(1) [11:1674] **Effect**: Thus, for example, the responding party cannot plead lack of knowledge of matters *known to its employees or agents*; or data contained in its files or records.

- 42 -

(2) [11:1675] **Compare—depositions**: At a deposition, the deponent need answer only according to his or her *own knowledge* at that time; there is no duty to furnish "available" information (unless designated to testify on behalf of a corporation pursuant to FRCP 30(b)(6); see ¶11:1413 ff.).

. . . .

c. [11:1747] **Entity must furnish information known or available to it**: In answering interrogatories propounded to a corporation, partnership, association or governmental agency, the officer or agent responding on its behalf "must furnish the information *available* to the party." [FRCP 33(b)(1)(B) (emphasis added)]

(1) [11:1748] **Effect**: The person responding on behalf of the entity is under a duty *to obtain and provide* nonprivileged information known to anyone in the entity's employ or over whom it has *control*. This includes information known to the entity's agents or lawyers (assuming the information is otherwise discoverable and neither privileged nor protected work product). [See *General Dynamics Corp. v. Selb Mfg. Co.* (8th Cir. 1973) 481 F2d 1204, 1210]

(2) Application

• [11:1749] A corporate party must furnish information known to its officers, directors and other sources under its control. [*Brunswick Corp. v. Suzuki Motor Co., Ltd.* (ED WI 1983) 96 FRD 684, 686—information known to subsidiary; *FDIC v. Halpern* (D NV 2010) 271 FRD 191, 193—information sought from bank of which FDIC was receiver]

• [11:1750] Where interrogatories are served on an unincorporated association, Rule 33(a)(1)(B) allows it to select an officer or agent to respond on its behalf. [See *University of Texas at Austin v. Vratil* (10th Cir. 1996) 96 F3d 1337, 1340]

- 43 -

1    Despite being made aware during meet and confer of the foregoing authorities,

2   Defendant's refusal to withdraw the objections and provide an answer has resulted

3   in this motion.  There was no valid justification given by Defendant's counsel during

4   the meet and confer for not withdrawing the objections and answering, per the meet

5   and confer (other than stating that this is private).     It is unclear what (if any)

6   documents or information Defendant has withheld, as explained in *Ramirez v. County*

7   *of Los Angeles*, *supra*, 231 F.R.D. at 410. Since July 7, 2016, this court has had in

8   place a stipulated protective order, under which any confidential documents and

9   information could have been produced. Thus, not only should the court grant the

10  motion to compel this answer, but the court should require Defendant and its counsel

11  to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

12

13

14    <u>Responding party's contentions and points and authorities</u>

15  (Please provide this information within 7 days of receipt of this stipulation)

16

17    2.    <u>Interrogatory 20</u>

18

19    <u>Verbatim request</u>

20  State G&H's net worth, including how it was calculated.

21

22    <u>Verbatim response</u>

23    Objection.   The interrogatory seeks information which is confidential,

24  proprietary, and which is protected by Defendant's right to privacy.  Further, the

25  interrogatory seeks information which is neither relevant nor reasonably calculated

26  to lead to the discovery of admissible evidence.  Moreover, Defendant objects to the

27  extent this request calls for privileged information.  Subject to and without waiving

28

- 44 -

1   said objections, Defendant responds as follows: Once an appropriate protective order

2   is entered, Defendant will produce documents with the requested information.

3

4   ### Moving party's contentions and points and authorities

5   Objections of not relevant, not reasonably calculated to lead to the discovery

6   of admissible evidence, overly broad, unduly burdensome, harassing, confidential,

7   proprietary, right to privacy lack merit, are merely boilerplate and not specific.

8   *Mancia, supra*;  *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001).

9   The old boilerplate of "not reasonably calculated to lead" is no longer the standard

10  in FRCP Rule 26(b)(1).  Also, these objections are waived by answering "subject to

11  . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications,*

12  *LLC, supra.*

13  Despite Plaintiff's instructions to provide a privilege log and the foregoing

14  meet and confer which explains the requirement for a log, no privilege log was

15  produced, so Plaintiff cannot evaluate what documents are subject to the claim of

16  "privilege."  It is unclear what (if any) documents or information Defendant has

17  withheld, as explained in *Ramirez v. County of Los Angeles, supra*, 231 F.R.D. at 410.

18  Subject to the court's Protective Order entered July 7, 2016, Defendant sent a

19  redacted copy of G&H's financial statements for the years 2015 and 2014, including

20  notes and Plaintiff's counsel asked about them at the Rule 30(b)(6) deposition of

21  G&H. The redactions and confidentiality designation prevent Plaintiff from attaching

22  those financial statements to this motion, so Plaintiff may submit the documents

23  separately under seal to be able to discuss why they are insufficient for Plaintiff to

24  calculate the net worth of G&H, to answer this interrogatory.   During the meet and

25  confer process, Defendant's counsel stated it would not produce any further financial

26  statements, though Mr. Goldsmith stated that he has had the same (unspecified) CPA

27  firm prepare G&H's financial statements for over 30 years. Thus, not only should the

28  court grant the motion to compel this be answered fully and with seven years of

- 45 -

complete, unredacted financial statements, supporting schedules and CPA report, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

B.      Request for Production of Documents Nos. 43, 44

        1.      Document Demand 43

        Verbatim request

        All DOCUMENTS, including but not limited to financial statements, relating to the calculation of G&H's net worth.

        Verbatim response

        All non-privileged documents which are within Defendant's possession, custody and control will be produced once an appropriate protective order is entered.

        Moving party's contentions and points and authorities

        Despite Plaintiff's instructions to provide a privilege log and the foregoing meet and confer which explains the requirement for a log, no privilege log was produced, so Plaintiff cannot evaluate what documents are subject to the claim of "privilege."  It is unclear what (if any) documents or information Defendant has withheld, as explained in *Ramirez v. County of Los Angeles*, *supra*, 231 F.R.D. at 410. However, from the Rule 30(b)(6) deposition, it is evident that many years of financial statements have been withheld that would help calculate Defendant's net worth, in

- 46 -

Exh 4 Page 244

1    that Mr. Goldsmith testified that the CPA has prepared financial statements for G&H

2    for over 30 years.  Also, the financial statement produced was heavily redacted, even

3    the accountant's report and name have been omitted from production.  Thus, not only

4    should the court grant the motion to compel this be answered fully and with seven

5    years of complete, unredacted financial statements (see *Lucas v. G.C. Services, L.P.,*

6    *supra,*, 226 F.R.D. at 334, supporting schedules and CPA report, but the court should

7    require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule

8    37(a)(5).

9

10             Responding party's contentions and points and authorities

11    (Please provide this information within 7 days of receipt of this stipulation)

12

13             2.       Document Demand 44

14

15             Verbatim request

16        All DOCUMENTS, including but not limited to financial statements, relating

17    to the calculation of William I. Goldsmith's net worth.

18

19             Verbatim response

20        Objection.  The request seeks information which is confidential, proprietary,

21    and which is protected by Defendant's right to privacy.  Further, the request is overly

22    broad, unduly burdensome, harassing and seeks information which is not relevant and

23    not reasonably calculated to lead to the discovery of admissible evidence.  Defendant

24    further objects to the extent this request calls for privileged information.

25

26             Moving party's contentions and points and authorities

27        As with Interrogatory 18, Defendant has asserted only objections and refused

28    to amend or provide any responsive documents to this.  Objections of not relevant,

- 47 -

Exh 4 Page 245

not reasonably calculated to lead to the discovery of admissible evidence, confidential, proprietary, "to the extent privileged," and right to privacy lack merit, are merely boilerplate, and not specific. *Mancia, supra*;   *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1).   Each defendant's net worth is relevant in an FDCPA class action (see 15 U.S.C. § 1692k(a), *Trevino, supra*), as that is the basis on which the statutory damages for the class are to be calculated (see above for "Authorities re: Defendant's Net Worth and Financial Statements"). As to G&H's interrogatories, defendant William I. Goldsmith signed the verification.  Thus, responsive information is available to Defendant (see above for "Authorities re: Available Information and Documents"). Defendant is not an entity that is traded on any stock exchange, so the information needed for net worth is neither available from public sources nor is the information analyzed by any public agency, such as the SEC, or a group of investors. According to the deposition of G&H, only Mr. Goldsmith owns any stock in G&H.

Despite Plaintiff's instructions to provide a privilege log and the foregoing meet and confer which explains the requirement for a log, no privilege log was produced, so Plaintiff cannot evaluate what documents are subject to the claim of "privilege."  It is unclear what (if any) documents or information Defendant has withheld, as explained in *Ramirez v. County of Los Angeles, supra*, 231 F.R.D. at 410.

There was extensive meet and confer on the subject of the defendants' net worth, but no justification was given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, other than it is private. As of this date, no information or documents stating Goldsmith's net worth or how it is calculated have been produced in this case. In connection with the 2015/2014 financial statements produced by Defendant G&H and discussed during its Rule 30(b)(6) deposition, it revealed some financial information about Mr. Goldsmith, due to his extensive relationship and dealings with G&H, but it did not reveal Mr.

- 48 -

Exh 4 Page 246

Goldsmith's current net worth or calculations.  Thus, this information or documents have not been provided to Plaintiff for Mr. Goldsmith and the information provided for G&H is insufficient and the redactions of the financial statements made it incomplete.  Thus, not only should the court grant the motion to compel production of all responsive documents, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

<u>Responding party's contentions and points and authorities</u>

(Please provide this information within 7 days of receipt of this stipulation)

C.      <u>Requests for Admission No. 79</u>

<u>Verbatim request</u>

Admit that your net worth is $500,000.00 or greater.

<u>Verbatim response</u>

Objection.  The requests seeks information which is confidential, proprietary, and which is protected by Defendant's right to privacy.  Further, the interrogatory seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Defendant objects to the extent this request calls for privileged information.

<u>Moving party's contentions and points and authorities</u>

Defendant has asserted only objections and refused to amend.  Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, confidential, proprietary, "to the extent privileged," and right to privacy lack merit, are merely boilerplate, and not specific. *Mancia, supra*;  *Beach v. City of*

Exh 4 Page 247

*Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Each defendant's net worth is relevant in an FDCPA class action (see 15 U.S.C. § 1692k(a), *Trevino, supra*), as that is the basis on which the statutory damages for the class are to be calculated (see above for "Authorities re: Defendant's Net Worth and Financial Statements").

Despite Plaintiff's instructions to provide a privilege log and the foregoing meet and confer which explains the requirement for a log, no privilege log was produced, so Plaintiff cannot evaluate what documents are subject to the claim of "privilege." It is unclear what (if any) documents or information Defendant has withheld, as explained in *Ramirez v. County of Los Angeles, supra*, 231 F.R.D. at 410.

As of this date, no information or documents stating Goldsmith's net worth or how it is calculated have been produced in this case.

Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions (below). [*Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938]." Thus, not only should the court grant the motion to compel an answer to this request and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5).

<u>Responding party's contentions and points and authorities</u>

(Please provide this information within 7 days of receipt of this stipulation)

IV.   <u>Approval and use of the L4AR form letters sent to consumers in California</u>

     A.   <u>Request for Production of Documents Nos. 20, 27, 34</u>

          1.   <u>Document Demand 20</u>

Exh 4 Page 248

1

<u>Verbatim request</u>

2

All DOCUMENTS that refer to the approval and use of collection letters in the

3

form of EXHIBIT A.

4

5

<u>Verbatim response</u>

6

Objection.  The request is overly broad, unduly burdensome and harassing.

7

The request is vague, ambiguous, and calls for information which is not relevant and

8

not reasonably calculated to lead to the discovery of admissible evidence regarding

9

Plaintiff's claims and Defendant's defenses.  Subject to and without waiving said

10

objections, Defendant responds as follows: A good faith diligent search and a

11

reasonable inquiry have been made in an effort to comply with this demand.

12

Nevertheless, Defendant lacks the ability to comply with this request because the

13

requested documents have never been in Defendant's possession, custody or control.

14

15

<u>Moving party's contentions and points and authorities</u>

16

Objections of not relevant, not reasonably calculated to lead to the discovery

17

of admissible evidence, overly broad, unduly burdensome, harassing, vague and

18

ambiguous lack merit, are merely boilerplate and not specific. *Mancia, supra*;  *Beach*

19

*v. City of Olathe, Kans*. 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of

20

"not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1).

21

Also, these objections are waived by answering "subject to . . . said objections."

22

*Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.* Despite

23

being advised of these authorities, Defendant refused to withdraw these objections.

24

This information is relevant to the case against Mr. Goldsmith and possibly

25

others who approved the letter.  The Sixth Circuit held, in *Kistner v. Law Offices of*

26

*Michael P. Margelefsky, LLC*, 518 F.3d 433, that an officer or employee "may be

27

personally liable on the basis of his participation in the debt collection activities of

28

the [debt collection company] more generally."

Exh 4 Page 249

See, above, for Plaintiff's concerns from *De Amaral, supra*, related to defendant G&H (including Goldsmith, as its counsel) being caught objecting to production of documents, responding "notwithstanding," then trying to produce responsive documents later in a case. At the Rule 30(b)(6) deposition of G&H's only witness, William I Goldsmith testified that he could not recall where they obtained the language used in the form letter attached to the complaint as Exhibit A or who approved of it, but it was probably from a letter. (Deposition Transcript on August 11, 2016, at 29:20-30:19.) In this response, Defendant asserts that no document has ever existed related to the approval or use of the form letter, Exhibit A, so that there is nothing to be produced. Thus, not only should the court grant the motion to compel production of all responsive documents and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5), for interposing meritless and improper objections to discovery.

<u>Responding party's contentions and points and authorities</u>

(Please provide this information within 7 days of receipt of this stipulation)

2.   <u>Document Demand 27</u>

<u>Verbatim request</u>

All DOCUMENTS that refer to any complaint or criticism by any person who was sent a collection letter in the form of EXHIBIT A.

<u>Verbatim response</u>

Objection. The request is overly broad, unduly burdensome, oppressive, vague and ambiguous. The request calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding

- 52 -

Exh 4 Page 250

Plaintiff's claims and Defendant's defenses. The request calls for confidential and private information and violates the right to privacy of third parties. Subject to and without waiving said objections, Defendant responds as follows: All non-privileged documents which are within Defendant's possession, custody and control will be produced.

### Moving party's contentions and points and authorities

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, harassing, vague and ambiguous lack merit, are merely boilerplate and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans*. 203 F.R.D. 489, 497 (D. Kan. 2001). The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). Also, these objections are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra*. Despite being advised of these authorities, Defendant refused to withdraw these objections.

This response, "notwithstanding the objections," is improper, as the response must either be that the document production "will be permitted as requested" or the objections. *Aikens v. Deluxe Fin'l Services, Inc., supra*, 217 F.R.D. at 539 (responding party still has duty to respond to extent request not objectionable). Rule 34 requires a party (entity) respond whether it will agree to produce all documents within the possession, custody or control. The response is unclear because the term "and" is used to join possession, custody and control, rather than "or." Rutter, *supra*, ¶ 11:1915, states: "the response must state the extent to which the responding party is willing to comply and the extent to which it is unable or unwilling to comply. Ambiguity about these matters often leads to unnecessary motions to compel and sanctions." See, above, for Plaintiff's concerns from *De Amaral, supra*.

- 53 -

This response is relevant in that it may not only reveal other victims of the working of the letter but it also goes to the dispute in this case that Exhibit A violates the FDCPA because it was likely to confuse debtors who received it.

In this response, Defendant states that responsive documents will be produced, but no responsive documents were produced as to debtors other than Plaintiff. Thus, not only should the court grant the motion to compel production of all responsive documents and to amend the response to comply with Rule 34, and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5), for interposing meritless and improper objections to discovery.

<u>Responding party's contentions and points and authorities</u>

(Please provide this information within 7 days of receipt of this stipulation)

3.   <u>Document Demand 34</u>

<u>Verbatim request</u>

All manuals, instructions, guidelines, and other DOCUMENTS setting forth policies and procedures to be used by EMPLOYEES of G&H on sending letters in the form of Exhibit A.

<u>Verbatim response</u>

Objection. The request calls for confidential and proprietary information. Subject to and without waiving said objections, Defendant responds as follows: Once an appropriate protective order is entered, all non-privileged documents which are within Defendant's possession, custody and control and which relate to Plaintiff's claims and Defendant's defenses will be produced.

- 54 -

Exh 4 Page 252

### Moving party's contentions and points and authorities

Objections of confidential and proprietary are merely boilerplate and not specific. *Mancia, supra*;   *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001).  This response, "notwithstanding the objections," is improper, as the response must either be that the document production "will be permitted as requested" or the objections. *Aikens v. Deluxe Fin'l Services, Inc., supra*, 217 F.R.D. at 539 (responding party still has duty to respond to extent request not objectionable). Rule 34 requires a party (entity) respond whether it will agree to produce all documents within the possession, custody or control. The response is unclear because the term "and" is used to join possession, custody and control, rather than "or." Rutter, *supra*, ¶ 11:1915, states: "the response must state the extent to which the responding party is willing to comply and the extent to which it is unable or unwilling to comply.  Ambiguity about these matters often leads to unnecessary motions to compel and sanctions." See, above, for Plaintiff's concerns from *De Amaral, supra*.

After the Protective Order was entered on July 7, 2016, Defendant produced what appears to be an annotated copy of the FDCPA statutory text and marked it "confidential." Plaintiff's counsel disputed the designation, met and conferred with counsel, who never filed a motion to designate the document confidential, thus the designation of confidential of those pages has been lifted.  Nevertheless, Plaintiff is unclear whether or not other documents might be produced at a later time or if documents have been withheld, as they were in *De Amaral, supra*.  Thus, not only should the court grant the motion to compel production of all responsive documents and to amend the response to comply with Rule 34, and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5), for interposing meritless and improper objections to discovery.

### Responding party's contentions and points and authorities

Exh 4 Page 253

1   (Please provide this information within 7 days of receipt of this stipulation)

2

3

4   V.      Affirmative defense of bona fide error

5

6           A.      Interrogatory No. 15

7

8                   Verbatim request

9   Describe YOUR maintenance of procedures reasonably adapted to avoid

10  violation of the FDCPA or the RFDCPA.

11

12                  Verbatim response

13  Objection.   The interrogatory is overly broad, unduly burdensome and

14  harassing.  The interrogatory calls for information which is not relevant and not

15  reasonably calculated to lead to the discovery of admissible evidence regarding

16  Plaintiff's claims and Defendant's defenses.  Subject to and without waiving said

17  objections, Defendant responds as follows:

18          With regards to Plaintiff's allegation that Defendant violated the FDCPA and

19  the Rosenthal Act when it misrepresented the status and involvement of the original

20  creditor, Chase Manhattan Bank, in its September 9, 2015 letter, Defendant responds

21  as follows:

22          When Defendant's employee wants to send a letter to a consumer, the

23  following steps are taken: the employee pulls up the consumer's account in

24  Defendant's computer system; the employee enters a code for the letter the employee

25  wants to send (a code is assigned to each of Defendant's letters); the employee

26  presses a "merge" button which causes information related to a consumer, including

27  information related to the debt, to be automatically entered into various fields in the

28  letter; the employee then presses a "print" button and the letter is printed with the

Exh 4 Page 254

consumer's information; the employee verifies the case information, including names of parties; the employee signs the letter and arranges for it to be sent to the consumer. Defendant advises and trains its employees that they cannot make any changes to the letter after the employee presses the "merge" button unless he or she first speaks with a supervisor  and the supervisor approves the change(s) to the letter.  Defendant regularly trains its employees to follow the above procedures.

For accounts Defendant receives from its debt buyer clients, Defendant's policy and procedure is to sue in the name of the debt buyer client, and not the name of the original creditor.  In these situations, when the employee presses the "merge" button to create a letter to a consumer, the debt buyer's name is automatically entered as the plaintiff's name in the "Re" line.

In the present action, Defendant received Plaintiff's account from Regreso. Regreso is a debt buyer.  Based on Defendant's policy and procedure, when the September 9, 2015 letter was created (after the "merge" button was pressed), Regreso was automatically identified as the plaintiff.  However, unbeknownst to Defendants, Defendant's employee then manually changed the plaintiff's name from Regreso to Chase Manhattan Bank.  Defendant's employee made this change without first speaking with a supervisor and without first obtaining a supervisor's approval. Defendant alleges that as a result of its employee manually changing the plaintiff's name from Regreso to Chase Manhattan Bank, it unintentionally and mistakenly misrepresented the status and involvement of the original creditor, Chase Manhattan Bank, in its September 9, 2015 letter to Plaintiff.  The error occurred due to the failure of Defendant's employee to follow Defendant's policy and procedure of speaking with a supervisor and obtain supervisor approval for the name change in the letter, failing to identify Regreso as the plaintiff in the September 9, 2015 letter and failing to verify the case information, including names of parties, before the letter was sent.

With regards to Plaintiff's allegation that Defendant violated the FDCPA and the Rosenthal Act when it sought a renewal of the judgment during a time that

Exh 4 Page 255

Regreso was suspended by the California Secretary of State, Defendant responds as follows:

Defendants' policy and procedure is to rely on their clients' representation that the clients are in good standing with the California Secretary of State.   Clients represent to Goldsmith & Hull that they are in good standing.  If there is any issue in this regard, then Goldsmith & Hull asks their clients to provide proof.   Typically either Michael Goldsmith or Jack Hull (now deceased) would be involved in this process.

### Moving party's contentions and points and authorities

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome and harassing each lack merit, are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). Also, they are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.*   The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). "The former provision for discovery of relevant but inadmissible information that appears `reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the `reasonably calculated' phrase to define the scope of discovery `might swallow any other limitation on the scope of discovery.'" Fed. R. Civ. P. 26. Advisory Committee Notes 2015 Amendment.

Despite being made aware during meet and confer of the foregoing authorities (as stated in interrogatory 10, Moving Party's Contentions and P&As), Defendant's refusal to withdraw the objections and answer this interrogatory without objection has resulted in this motion.  There was no justification given by Defendant's counsel

during the meet and confer for not withdrawing the objections and responding, per the meet and confer.  During meet and confer, Plaintiff agreed to limit defendant's response to the procedures that would have prevented the violations alleged in the complaint. It is unclear what (if any) information Defendant has failed to state under the objections, as explained in *Ramirez v. County of Los Angeles, supra,* 231 F.R.D. at 410.  See, above, for Plaintiff's concerns from *De Amaral, supra.*

This is probative on Defendant's bona fide error (BFE) defense alleged in the amended answer to complaint. Particular instructive is the Ninth Circuit's *Reichert v. Nat'l Credit Sys., Inc.,* 531 F.3d 1002, 1006 (9th Cir. 2008), *quoting Johnson v Riddle,* 443 F.3d 723, 729 (10th Cir. 2006), which stated: "As the text of § 1692k(c) indicates, the procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector 'maintained'-i.e., actually employed or implemented-procedures to avoid errors; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." Thus, this interrogatory is relevant and the objections based on relevance or scope of discovery are meritless.

The allegations in the complaint cover three types of errors of which this answer addresses only two, with no analysis as to the form letter (Complaint, Exhibit A) referring to a wage assignment order, when no such order was entered in the state collection case.  The response is not a full answer, contrary to Rule 33(b)(3).

Thus, not only should the court grant the motion to compel a further response and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay Plaintiff's attorney's fees, pursuant to Rule 37(a)(5), for interposing meritless and improper objections to valid discovery requests.

### Responding party's contentions and points and authorities

(Please provide this information within 7 days of receipt of this stipulation)

B.    Request for Production of Documents No. 39

<u>Verbatim request</u>

All DOCUMENTS relating to the maintenance of procedures by any named defendant to ensure compliance with and to avoid violation of the FDCPA or to create a bona fide error defense.

<u>Verbatim response</u>

Objection. The request is overly broad, unduly burdensome and harassing. The request calls for confidential and proprietary information and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses. Subject to and without waiving said objections, Defendant responds as follows: Once an appropriate protective order is entered, all non-privileged documents which are within Defendant's possession, custody and control and which relate to Plaintiff's claims and Defendant's defenses will be produced.

<u>Moving party's contentions and points and authorities</u>

Objections of not relevant, not reasonably calculated to lead to the discovery of admissible evidence, confidential, proprietary, overly broad, unduly burdensome and harassing each lack merit, are merely boilerplate, and not specific. *Mancia, supra*; *Beach v. City of Olathe, Kans.* 203 F.R.D. 489, 497 (D. Kan. 2001). Also, they are waived by answering "subject to . . . said objections." *Communications Co., L.P. v. Comcast Cable Communications, LLC, supra.* The old boilerplate of "not reasonably calculated to lead" is no longer the standard in FRCP Rule 26(b)(1). "The former provision for discovery of relevant but inadmissible information that appears `reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the `reasonably calculated' phrase to define the scope of discovery `might swallow any other

limitation on the scope of discovery.'" Fed. R. Civ. P. 26. Advisory Committee Notes 2015 Amendment.

This response, "notwithstanding the objections," is improper, as the response must either be that the document production "will be permitted as requested" or the objections. *Aikens v. Deluxe Fin'l Services, Inc.*, *supra*, 217 F.R.D. at 539 (responding party still has duty to respond to extent request not objectionable). Rule 34 requires a party (entity) respond whether it will agree to produce all documents within the possession, custody or control. The response is unclear because the term "and" is used to join possession, custody and control, rather than "or." Rutter, *supra*, ¶ 11:1915, states: "the response must state the extent to which the responding party is willing to comply and the extent to which it is unable or unwilling to comply. Ambiguity about these matters often leads to unnecessary motions to compel and sanctions." See, above, for Plaintiff's concerns from *De Amaral, supra*.

Despite being made aware during meet and confer of the foregoing authorities (as stated in interrogatory 10, Moving Party's Contentions and P&As), Defendant's refusal to withdraw the objections and answer this interrogatory without objection has resulted in this motion.  There was no justification given by Defendant's counsel during the meet and confer for not withdrawing the objections and responding, per the meet and confer.  During meet and confer, Plaintiff agreed to limit defendant's response to the procedures that would have prevented the violations alleged in the complaint.

This is probative on Defendant's bona fide error (BFE) defense alleged in the amended answer to complaint. Particular instructive is the Ninth Circuit's *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008), *quoting Johnson v Riddle*, 443 F.3d 723, 729 (10th Cir. 2006).  Thus, not only should the court grant the motion to compel a further response, document production, and overrule (or strike) the objections, but the court should require Defendant and its counsel to pay

Exh 4 Page 259

1  Plaintiff's attorney's fees, pursuant to Rule 37(a)(5), for interposing meritless and

2  improper objections to valid discovery requests.

3

4  <u>Responding party's contentions and points and authorities</u>

5  (Please provide this information within 7 days of receipt of this stipulation)

6

7

8  Dated: September 13, 2016

        HORWITZ, HORWITZ & ASSOC.

9

        CONSUMER LAW OFFICE OF
10         ROBERT STEMPLER, APC

11

12         By: Robert Stempler,
        Co-Counsel  for  Plaintiff  and
13         Moving/Requesting Party

14

15 Dated: September 13, 2016

        LEWIS BRISBOIS BISGAARD &
16         SMITH LLP

17

18         By: LARISSA G. NEFULDA,
        STEPHEN H TURNER
19         Counsel  for  defendant  and
        Opposing/Responding Party
20         WILLIAM I. GOLDSMITH

21

22

23

24

25

26

27

28

- 62 -

# TABLE OF EXHIBITS

1. Plaintiff's complaint
2. Second Amended Answer to Complaint of Defendants G&H and William I. Goldsmith
3. First Amended Answer to Complaint of Defendant Regreso
4. Declaration of Robert Stempler in Support of Motion to Compel
5. Declaration of Larissa Nefulda in Opposition to Motion to Compel
6. Printout pertaining to Plaintiff from G&H's computer collection system
7. Scheduling and Case Management Order re Jury Trial (Dkt. # 31)
8. Amended Scheduling and Case Management Order re Jury Trial (Dkt. # 35)
9. Order Amending Scheduling And Case Management Order And Order re Motions for Class Certification [DKT. 35, 36] (Dkt. # 56)

Exh 4 Page 261

**Nefulda, Larissa**

| | |
|---|---|
| **From:** | Nefulda, Larissa |
| **Sent:** | Wednesday, September 14, 2016 12:20 PM |
| **To:** | 'Robert Stempler'; Turner, Stephen; Rand Bragg; Robert Stempler |
| **Subject:** | RE: Karcauskas v Goldsmith, Joint Stipulations and Exhibits for Motions to Compel Discovery |

Robert,

We request an additional week, or until September 20, 2016, to provide you with Defendants' portion of the Stipulation. The additional time is requested because Steve Turner is dealing with health and personal issues. I am working on a major motion in an unrelated case which has been taking up the majority of my time.

Thank you,
Larissa



**Larissa G. Nefulda**
Partner
Larissa.Nefulda@lewisbrisbois.com
**633 W. 5th Street, Suite 4000**
**Los Angeles, CA 90071**

**T: 213.580.7933  F: 213.250.7900**

LewisBrisbois.com 

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** stemplerlaw@gmail.com [mailto:stemplerlaw@gmail.com] **On Behalf Of** Robert Stempler
**Sent:** Tuesday, September 13, 2016 3:29 PM
**To:** Nefulda, Larissa; Turner, Stephen; Rand Bragg; Robert Stempler
**Subject:** Karcauskas v Goldsmith, Joint Stipulations and Exhibits for Motions to Compel Discovery

## Larissa and Stephen:

## See attached 3 PDFs:
## 1. Exhibits to be submitted with the Joint Stips
## 3.  Joint Stip re Motion to Compel as to G&H,
## 3. Joint Stip re Motion to Compel as to Mr. Goldsmith.

1

Exh 5 Page262

Pursuant to our Joint Report, in particular Sections 2.1 and 2.2, please acknowledge receipt by email within 24 hours of transmission via email service.

Pursuant to Local Rule 37-2.2, within 7 days please email me with your declaration to be attached as Exhibit 5 (if you want) and your clients' responses to each of the items to be included in the Joint Stipulations, so that I can copy and paste it into the Joint Stipulations where appropriate.

Robert Stempler
Consumer Law Office of Robert Stempler
A Professional Law Corporation
Phone:      **(805) 246-2300**

2

Exh 5 Page263

**Nefulda, Larissa**

| | |
|---|---|
| **From:** | Nefulda, Larissa |
| **Sent:** | Wednesday, September 14, 2016 2:26 PM |
| **To:** | Robert Stempler (Robert@stopthecase.com); Rand Bragg (rand@horwitzlaw.com) |
| **Cc:** | Michael Goldsmith (mgoldsmith@goldsmithcalaw.com); Turner, Stephen |
| **Subject:** | Karcauskas v Goldsmith & Hull |

Counsel,

This follows my voice message of a few minutes ago.  Please be advised that we will be filing an ex parte application by tomorrow, 9/15/16, at 10 a.m.  We will ask the court for one additional week to provide you with Defendants' portion of the Stipulation related to Plaintiff's motions to compel.

Please contact me with any questions or if you would like to discuss these issues.

Thanks,
Larissa



**Larissa G. Nefulda**
**Partner**
Larissa.Nefulda@lewisbrisbois.com
**633 W. 5th Street, Suite 4000**
**Los Angeles, CA 90071**

**T: 213.580.7933  F: 213.250.7900**

LewisBrisbois.com 

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

Exh 5 Page264

**Nefulda, Larissa**

| | |
|---|---|
| **From:** | stemplerlaw@gmail.com on behalf of Robert Stempler <Robert@stopthecase.com> |
| **Sent:** | Wednesday, September 14, 2016 12:36 PM |
| **To:** | Nefulda, Larissa |
| **Cc:** | Turner, Stephen; Rand Bragg |
| **Subject:** | Re: Karcauskas v Goldsmith, Joint Stipulations and Exhibits for Motions to Compel Discovery |

Larissa:

I am not able to grant your request for an extension to send us the defendants' response for the Joint Stipulations.

Robert Stempler
Consumer Law Office of Robert Stempler
A Professional Law Corporation
Phone:        (805) 246-2300

On Wed, Sep 14, 2016 at 12:20 PM, Nefulda, Larissa <Larissa.Nefulda@lewisbrisbois.com> wrote:

Robert,

We request an additional week, or until September 20, 2016, to provide you with Defendants' portion of the Stipulation.  The additional time is requested because Steve Turner is dealing with health and personal issues.  I am working on a major motion in an unrelated case which has been taking up the majority of my time.

Thank you,

Larissa

Larissa G. Nefulda
**Partner**
Larissa.Nefulda@lewisbrisbois.com

1

Exh 6 Page 265

**633 W. 5th Street, Suite 4000**
**Los Angeles, CA 90071**

**T: 213.580.7933  F: 213.250.7900**

☒ ☒ ☒

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** stemplerlaw@gmail.com [mailto:stemplerlaw@gmail.com] **On Behalf Of** Robert Stempler
**Sent:** Tuesday, September 13, 2016 3:29 PM
**To:** Nefulda, Larissa; Turner, Stephen; Rand Bragg; Robert Stempler
**Subject:** Karcauskas v Goldsmith, Joint Stipulations and Exhibits for Motions to Compel Discovery

Larissa and Stephen:

See attached 3 PDFs:

1. Exhibits to be submitted with the Joint Stips

3.  Joint Stip re Motion to Compel as to G&H,

3. Joint Stip re Motion to Compel as to Mr. Goldsmith.

Pursuant to our Joint Report, in particular Sections 2.1 and 2.2, please acknowledge receipt by email within 24 hours of transmission via email service.

Pursuant to Local Rule 37-2.2, within 7 days please email me with your declaration to be attached as Exhibit 5 (if you want) and your clients' responses to each of the items to be included in the Joint Stipulations, so that I can copy and paste it into the Joint Stipulations where appropriate.

2

Exh 6 Page 266

Robert Stempler
Consumer Law Office of Robert Stempler

A Professional Law Corporation

# Phone:        **(805) 246-2300**

**Nefulda, Larissa**

| | |
|---|---|
| **From:** | Nefulda, Larissa |
| **Sent:** | Wednesday, September 14, 2016 2:26 PM |
| **To:** | Robert Stempler (Robert@stopthecase.com); Rand Bragg (rand@horwitzlaw.com) |
| **Cc:** | Michael Goldsmith (mgoldsmith@goldsmithcalaw.com); Turner, Stephen |
| **Subject:** | Karcauskas v Goldsmith & Hull |

Counsel,

This follows my voice message of a few minutes ago. Please be advised that we will be filing an ex parte application by tomorrow, 9/15/16, at 10 a.m. We will ask the court for one additional week to provide you with Defendants' portion of the Stipulation related to Plaintiff's motions to compel.

Please contact me with any questions or if you would like to discuss these issues.

Thanks,
Larissa



**Larissa G. Nefulda**
**Partner**
Larissa.Nefulda@lewisbrisbois.com

**633 W. 5th Street, Suite 4000**
**Los Angeles, CA 90071**

**T: 213.580.7933  F: 213.250.7900**

LewisBrisbois.com  

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

Exh 7 Page 268