Robert Stempler, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
P.O. Box 7145
Oxnard, CA 93031-7145
Telephone (805) 246-2300
Fax: (805) 576-7800

O. Randolph Bragg, Attorney Admitted *Pro Hac Vice*
Email: rand@horwitzlaw.com
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, Illinois 60602
Telephone (312) 372-8822
Facsimile (312) 372-1673

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POVILAS KARCAUSKAS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REGRESO FINANCIAL SERVICES LLC; GOLDSMITH & HULL, APC; WILLIAM I. GOLDSMITH;<br><br>Defendants. | Case No. 2:15-cv-09225-FMO-RAOx<br><br>PLAINTIFF'S OPPOSITION TO THE EX PARTE APPLICATION OF DEFENDANTS GOLDSMITH & HULL, APC AND WILLIAM I. GOLDSMITH FOR AN EXTRA WEEK TO RESPOND TO JOINT STIPULATIONS ON MOTIONS TO COMPEL DISCOVERY [Docket No. 57]<br><br>Judicial Ofcr: Rozella A. Oliver, M.J.<br>Courtroom F<br>Los Angeles Federal Courthouse<br>312 N. Spring St., 9th Floor<br><br>Discovery Cutoff Date: 12/07/2016<br>Class Cert. Motion Deadline: 04/20/2017<br>Pretrial Conference & Trial Date: Not set. |

I.  INTRODUCTION

Plaintiff's complaint (attached to the Declaration of Larissa G. Nefulda as Exhibit 2, pages 7-32) alleges a class action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.10, *et seq.* ("RFDCPA") for the written communications to Plaintiff and members of the putative class. In particular, Exhibit A to Plaintiff's complaint (see id., at 17) allegedly misrepresented that the collection case included "the wage assignment as ordered by the Court," though there was no wage assignment order pending in the case, which violates FDCPA §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10). The defendants appeared, but have not denied the underlying facts, but they deny violating the FDCPA and RFDCPA.

Plaintiff has met and conferred in extensive letters and during numerous telephone calls with Defendants' counsel to obtain the defendants' evidence to show the following categories of information, which are the subject of Plaintiff's discovery: (I) numerosity of class members, (II) defendants' net worth (*see* 15 U.S.C. § 1692k(a); *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 617 (N.D. Cal., 2006), (III) approval and use of form letters, and (IV) the defendants' affirmative defense of bona fide error. Each of these items are proper areas of inquiry in an FDCPA class action and the defendants should have agreed to produce the requested discovery, rather than assert boilerplate objections and evasive responses, without producing the documents. The defendants even failed to serve a privilege log, despite asserting privilege objections.

A. <u>Defendants have a track record of asserting discovery objections to avoid producing evidence sought in FDCPA cases (*e.g.*, *De Amaral v. **Goldsmith & Hull**, APC*, Case No. 12–cv–03580–WHO, 2014 WL 572268 (N.D. Cal., Feb. 11, 2014))</u>

The Northern District of California, in *De Amaral v. Goldsmith & Hull, APC*, Case No. 12–cv–03580–WHO, 2014 WL 572268, *3 (N.D. Cal., Feb. 11, 2014), stated:

> Suffice it to say, the defendants show a stark misunderstanding of their obligations in discovery. The documents were directly requested. Defendants objected to the request for being, among other things, burdensome and harassing, and later said that after a reasonable search and diligent inquiry no documents were known to exist other than ones that were produced. It is not up to the requesting party to compel production after a meritless objection to production, nor is it necessary to question the veracity of an adversary's denial of the existence of documents. The De Amarals' motion for sanctions is GRANTED and the five letters are excluded.

B. <u>Defendants' discovery responses, including amended responses, are evasive and incomplete, and Defendants refused to search their records to provide the number of members in the potential class to whom the form letter "L4AR" was sent</u>

"The disclosure of names, addresses, and telephone numbers is a common practice in the class action context." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352–53 (N.D. Cal. 2011).

In this case, as an example, Plaintiff's written discovery sought the number of class members (including their identities) to whom the defendants sent form letters that contains the language in Exhibit A to the complaint. This is a standard form letter (known as "L4AR") that the defendants send debtors with an unpaid judgment.

On February 11, 2016, Plaintiff's first set of discovery was served that covered this information. On March 11, 2016, just two days before Defendants' responses to set 1 were due, Ms. Nefulda requested a three-week extension, claiming that they needed more time to respond, which Plaintiff granted. The day before the responses were due on April 5th, Ms. Nefulda requested another two weeks, which Plaintiff granted. On April 19th, Mr. Turner requested another extension as "it would be a great help," which Plaintiff (once again) granted. Rather than serve substantive responses and documentation to Plaintiff's discovery requests, Defendants' served numerous objections and evasive responses, refusing to produce a single document pertaining to the class members and not answering interrogatories or RFAs of the number of members in the putative class or their identities.

After rounds of meet and confer and amended discovery responses failed to result in production of this information, Plaintiff scheduled the Rule 30(b)(6) deposition of Defendant Goldsmith & Hull, APC ("G&H"), for August 11, 2016. On August 9, 2016, Defendants' counsel emailed a copy of G&H's internal collection notes pertaining to Plaintiff, which specifically referred to two instances in which G&H sent the form letter L4AR to Plaintiff. (attached to the Declaration of Larissa G. Nefulda as Exhibit 2, pages 72-73)  There is no valid reason given by the Defendants why they cannot conduct a search their files for debtors against whom they have a judgment to see if the "L4AR" coding is reflected in the collection notes for each debtor, then completely answer the discovery properly and serve responsive documents. If necessary, such documents can be served within the Protective Order.

///
///
///
///
///
///

1  C. <u>Defendants have had several months to obtain the information that is the subject of Plaintiff's discovery disputes and meet and confer efforts, but they refused (for example) to diligently search the records for debtors with an unpaid judgment for the form letter "L4AR" and made empty promises to try to get the information</u>

On May 31, 2016, during meet and confer, Ms. Nefulda agreed to serve amended responses by June 8, 2016. Defendants' amended discovery responses resolved some of Plaintiff's concerns and withdrew several meritless objections. However, Defendants claim that they don't know the number or names of potential class members, nor has a reasonable explanation been given for not performing a manual search of all debtors with an unpaid judgment. Plaintiff's counsel engaged in a second round of meet and confer. Also, a second set of discovery requests was served, which again were met with meritless objections, evasive responses, and no evidence. Each time during meet and confer, the counsel discussed the need to get the information to avoid a motion to compel, pursuant to the Local Rules and FRCP.

On August 31, 2016, Mr. Stempler and Mr. Turner engaged in further telephone meet and confer on several subjects, including production of the collection call logs for other consumers, similar to the collection call logs that Defendants produced on August 9th about Mr. Karcauskas. Mr. Turner advised that he would try to provide the requested information. Mr. Stempler requested it be within a week. At no point since then, has Defendants' counsel advised on the status of those items or what is being done to provide the documents that they have not produced since Plaintiff's original request served on February 11, 2016. Mr. Turner's declaration fails to explain why Defendants failed to provide the missing information about the financial statements, which were incomplete when produced on August 9, 2016 and discussed at the deposition of defendant William I. Goldsmith on August 11, 2016.

///

///

///

<u>Law and Argument</u>

II. DEFENDANTS AND THEIR COUNSEL **FAIL TO EXPLAIN HOW THEY ARE WITHOUT FAULT**; PLAINTIFF'S POSITION IS THAT THEY ARE AT FAULT FOR IMPROPERLY OBJECTING AND REFUSING TO PRODUCE THE DOCUMENTS, A PRIVILEGE LOG, AND EVIDENCE FOR CLASS CERTIFICATION AND TO COMPUTE THE AMOUNT OF STATUTORY DAMAGES, AFTER REQUESTING–AND RECEIVING–NUMEROUS EXTENSIONS, IN THAT FOR MONTHS THEY COULD HAVE SEARCHED THEIR RECORDS TO PRODUCE THE RESPONSIVE DOCUMENTS AND AMEND THE DISCOVERY ANSWERS, BUT HAVE NOT DONE SO NOR OFFERED ANY EXPLANATION WHY THEY DID NOT AND CANNOT

In *ESG Capital Partners v. Stratos*, No. 2:13–cv–01639–ODW(SHx), 2014 WL 1830903, *1 (C.D. Cal. May 8, 2014), U.S. District Judge Wright, stated:

> To justify ex parte relief, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

In this case, for months the Defendants have requested numerous discovery extensions (which Plaintiff granted), then served responses that evaded their duties to provide full answers to written discovery, a privilege log, and complete document production for the discovery at issue. The discovery is probative towards (a) class certification, (b) computing FDCPA and RFDCPA statutory damages, and ( c) the defendants' alleged affirmative defense of bona fide error.

1  III. <u>THE DECLARATIONS SUBMITTED BY THE DEFENDANTS OMIT KEY
2        FACTS AND ARE MISLEADING, IN THAT IT IS UNCLEAR WHO WILL
3        BE ACTUALLY PREPARING THE JOINT STIPULATION AND THE
4        DECLARATIONS AND EX PARTE MISSTATE THE PAGES INVOLVED</u>

5  A. <u>The declarations and ex parte misstate that the defendants must review
6  over 250 pages when only 89 pages were prepared by Plaintiff's counsel, the rest of
7  the documents are pleadings, court orders, and 18 pages of the collection log/notes
8  that Defendants produced on August 9, 2016</u>

9  None of the declarations in support of the Ex Parte Application explain how
10 anyone needs time to review or respond to "256 pages" of documents. Actually, the
11 Joint Stipulation for the Discovery Motion to Compel (as attached to the Declaration
12 of Larissa G. Nefulda, as Exhibits 3 and 4) is 83 pages, almost all of which the
13 Defendants have had from Plaintiff's previous meet and confer letters.  Except for
14 Mr. Stempler's six-page declaration in support and 18 pages of documents that the
15 Defendants produced on August 9, 2016, the rest of the documents being submitted
16 with the Joint Stipulation are pleadings and orders of the court in this case, which is
17 required by Local Rule 37-2.1. Thus, the declarations exaggerate the amount of work
18 involved in preparing the Defendants' response to the Joint Stipulation.

19

20 B. <u>The Defendants' declarations fail to identify anyone with actual
21 responsibility for preparing the Defendants' portion of the Joint Stipulation, so it is
22 unclear why it cannot be timely prepared</u>

23 Neither Ms. Nefulda nor Mr. Turner, both of whom are partners at Lewis
24 Brisbois Bisgaard & Smith LLP, indicate who will be preparing the defendants'
25 portions in response to the Joint Stipulation for Motion to Compel.  As far as Plaintiff
26 knows, the firm has paralegals or associates who prepare such matters, not partners,
27 such that neither Ms. Nefulda's work on other matters nor Mr. Turner's health
28 concerns would interfere with the timely preparation of the Joint Stipulation.

Plaintiff doubts that Defendants will ask or have Mr. Goldsmith (who is a party to this case) prepare the response to the Joint Stipulation, so his declaration appears to merely state information which is irrelevant to this Ex Parte Application.

C. <u>The Defendants' declaration of Larissa G. Nefulda states that her papers in *Johannes v Johannes* are due on September 16, 2016, so why is there insufficient time to prepare the Defendants' portion of the Joint Stipulation, due September 21?</u>

Plaintiff's Joint Stipulations and related papers were served by email on September 14, 2016, to which Local Rule 37-2.2 require a response "within seven days." That is, September 21, 2016. Ms. Nefulda's declaration indicates that she will be done with her project in the *Johannes* case on or before September 16, but she does not explain why there will not be sufficient time for her to prepare the Defendants' portion of the Joint Stipulation within the time allowed by L.R. 37-2.2.

IV. <u>CONCLUSION</u>

The Court should deny Defendants' ex parte application.

Dated: September 16, 2016

            HORWITZ, HORWITZ & ASSOC.

            CONSUMER LAW OFFICE OF
            ROBERT STEMPLER, APC


            /s/
            By: Robert Stempler,
            Co-Counsel for Plaintiff