Robert Stempler, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
8200 Wilshire Blvd, Suite 200
Beverly Hills, CA 90211-2331
Telephone (323) 486-0102
Fax: (323) 488-6895

O. Randolph Bragg, Attorney Admitted *Pro Hac Vice*
Email: rand@horwitzlaw.com
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, Illinois 60602
Telephone (312) 372-8822
Facsimile (312) 372-1673

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POVILAS KARCAUSKAS, on behalf of himself and all others similarly situated, | Case No. 2:15-cv-09225-FMO-RAOx |
| | CLASS ACTION |
| Plaintiff, | NOTICE OF MOTION AND UNOPPOSED MOTION TO DISMISS PLAINTIFF'S INDIVIDUAL AND CLASS CLAIMS AS TO DEFENDANT REGRESO FINANCIAL SERVICES LLC AND REVISE THE CASE TO REFER ONLY TO THE G&H DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| REGRESO FINANCIAL SERVICES LLC; GOLDSMITH & HULL, APC; WILLIAM I. GOLDSMITH; and DOES 1 to 10; | |
| Defendants. | Time: 10:00 AM Date: March 15, 2018 Place: Courtroom 6D (1st Street Cthse) Judicial Ofcr: Judge Fernando M. Olguin |

///

///

///

- 1 -

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on the date and time noted in the caption above, or as soon thereafter as the matter may be heard, in Courtroom 6D of this court, inside of the United States Courthouse, addressed at 350 W. 1st Street, Los Angeles, California 90012, the plaintiff, Povilas Karcauskas ("Karcauskas" or "Plaintiff"), will move to dismiss without prejudice and without further notice the all claims including claims brought on behalf of the uncertified class as to defendant Regreso Financial Services LLC ("Regreso"), pursuant to the Court's Order on January 18, 2018 reflected in the Court's Civil Minutes [see Dkt No. 101] and FRCP Rule 23(e), with the case being renamed, hereafter, "Povilas Karcauskas v. Goldsmith & Hull, APC and William I. Goldsmith," to reduce potential confusion by the putative class members as to the G&H Defendants. None of the defendants have expressed any opposition to this motion.

If an oral argument is required for this hearing, then Plaintiff and Plaintiff's counsel request that attorney O. Randolph Bragg be permitted to appear by telephone, as Mr. Bragg works and resides in Chicago, Illinois.

This motion is based on this notice of motion, on the attached memorandum of points and authorities, on the declarations filed in support, the proposed order lodged concurrently, and on the pleadings and orders filed in this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 18, 2018.

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES

I.   Introduction

Plaintiff Povilas Karcauskas ("Karcauskas" or "Plaintiff") filed this lawsuit as a class action on November 30, 2015, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 ("the Rosenthal Act"), seeking statutory damages as the remedy against Regreso and GOLDSMITH & HULL, APC and WILLIAM I. GOLDSMITH (collectively "G&H Defendants"). (See Dkt. No. 1.)  As to the G&H Defendants, Plaintiff's complaint alleged that G&H Defendants' form letters (see Dkt No. 1, Ex. A) were sent during the statutory period to numerous consumers having an address in the State of California.

As to Regreso, the complaint alleges that Regreso filed in California Superior Court pleadings to renew consumer money judgments, while Regreso was suspended by the California Secretary of State from April 2 thru July 14, 2015, which violated the FDCPA and Rosenthal Act, as Regreso was suspended and may not seek to obtain a renewal of judgment.  (See Dkt. No. 1, ¶¶ 13-15.)  Evidently, on July 15, 2015, Regreso restored its status with the California Secretary of State after receiving Mr. Karcauskas's motion to vacate renewal of judgment, mailed on July 1, 2015.

In the course of discovery in this case, Plaintiff's counsel determined that, during the 104 days that it was suspended, Regreso filed only a few renewals of judgment. Indeed, Mr. Stempler's independent research of online California Superior Court cases filed by Regreso could confirm only six persons who had been sent a notice of renewal of judgment for Regreso while it was suspended.  (Stempler Declaration ¶ 4.) Regreso's collection attorneys have confirmed that the actual number of persons who were sent a renewal of judgment during Regreso's suspended period to be only 13 persons. (Goldsmith Declaration ¶ 2.) As discussed, below, this low number is normally not considered sufficient for class certification.  Thus Plaintiff has elected to seek dismissal of both his individual and the class claims

against Regreso.  (Stempler Declaration ¶ 6.)  Plaintiff's settlement agreement with Regreso is included for the record as Exhibit 1. (Stempler Declaration ¶ 9.)

Rule 23(e) of the Federal Rules of Civil Procedure does not require court approval of dismissal of Mr. Karcauskas' claims on behalf of an uncertified class.

II.   Statement of Questions Presented

A.   Are 13 members a sufficient number for class certification as to Regreso?  Plaintiff submits the answer should be: "no."

B.   Should Plaintiff's unopposed motion to dismiss without prejudice the class claims as to Regreso be granted, pursuant to FRCP  Rule 23(e)?  Plaintiff submits that the answer should be: "yes."

III.   Only 13 potential class members is insufficient for class certification as to Regreso

"As a general rule ... classes of 40 or more are numerous enough." _Ikonen v. Hartz Mountain Corp._, 122 F.R.D. 258, 262 (S.D.Cal., 1988).  A proposed class of 40 or more members tends to indicate that joinder is impracticable, while a proposed class under 21 disfavors that finding (see _In re Modafinil Antitrust Litig._, 2016 WL 4757793, at *7 (3d Cir., Sept. 13, 2016); _In re Checking Account Overdraft Litig._, 307 F.R.D. 630, 639 (S.D. Fla., 2015); _In re Beacon Assocs. Litig._, 2012 WL 1569827, at *3 (S.D.N.Y., May 3, 2012)).

As a general guideline, however, a class that encompasses fewer than 20 members will likely not be certified absent other indications of impracticability of joinder, while a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone. (_See Celano v. Marriott Intern., Inc._, 242 F.R.D. 544, 549 (N.D. Cal., 2007) (stating that "courts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer" (_citing Consolidated Rail_

*Corp. v. Town of Hyde Park*, 47 F.3d 473, 483, 31 Fed. R. Serv. 3d 1471 (2d Cir. 1995); *Ansari v. New York University*, 179 F.R.D. 112, 114, 126 Ed. Law Rep. 1043 (S.D. N.Y. 1998)). (*See also Scott-George v. PVH Corporation*, 2015 WL 7353928, *3 (E.D. Cal. 2015) (noting that for the purposes of Rule 23(a)'s inquiry, numerosity is presumed at a level of 40 members (*citing* Newberg on Class Actions)).

The 20-member presumptive floor is occasionally tethered to dicta in the Supreme Court's decision in *General Telephone Co. of Northwest v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980).

Here, the defendants' records reveal a maximum potential class size of thirteen against Regreso. (Goldsmith Declaration, ¶ 2).   On February 2, 2017, based on the stipulation of the Parties, this Court found that "Regreso Financial Services LLC does not meet the numerosity requirements for class action."  (Dkt. No. 81, ¶ 3.)  Thus, there are an insufficient number of potential class members to certify the class as to Regreso.

## IV.   Rule 23(e) Standard for Dismissal of Class Claims as to Regreso Only

### A.   Court's Discretion

Rule 23(e) of the Federal Rules of Civil Procedure states:

A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in a manner as the court directs.

The district court's decision to approve or reject a class settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants, and their strategies, positions, and proof. *Mego Financial Corp. Securities Litigation, In re*, 213 F.3d 454, 458 (9th Cir. 2000); *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 627 (7th Cir. 1986).

Pursuant to Rule 23(e), Plaintiff moves the Court for leave to dismiss the class action allegations, as set forth the complaint without notice to the potential class members. The Court must exercise discretion before the dismissal of class claims and determination of the appropriate Rule 23(e) procedures. For example, in _Diaz v. Trust the Pacific Islands_, 876 F.2d 1401, 1408 (9th Cir.1989), the Ninth Circuit noted that at the Rule 23(e) hearing:

> the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

"Notice to the class of pre-certification dismissal is not, however, required in all circumstances." _Id. See also_ 3 _Newberg on Class Actions_ §8.18 and 4 _Newberg on Class Actions_ §11.70 (4th ed. 2002). Applying the _Diaz_ factors to the facts here, it is plain that there is no prejudice to the potential class members and that notice to the class member is not required.

The Committee Notes to Fed. R. Civ. P. 23, states (bolding added):

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be-- and at times was--read to require court approval of settlements with putative class representatives that resolved only individual claims. See _Manual for Complex Litigation Third_, § 30.41. **The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.**

1    Therefore, dismissal of Plaintiff's claims against Regreso on behalf of an

2    uncertified class does not require the court's approval.

3

4        B.    Class Members' Reliance

5        It is doubtful that any purported class member has relied on filing of this action

6    to protect her or her claims.  It is highly unlikely that the class members were aware

7    of the present action, as there has been no known publicity regarding this matter or

8    plaintiff's claims against defendant. (Stempler Declaration, ¶ 7.)  In this litigation a

9    class has not been certified with regard to Regreso or the other Defendants, and no

10   notice has been approved or sent to the purported members of the Regreso class.

11   Thus, potential class members did not rely on the filing of the present action to assert

12   or protect their claims. No putative class members have filed any other action, or

13   contacted any of the parties, or sought to intervene.  (Goldsmith Declaration, ¶ 3.)

14

15       C.    Statute of Limitations

16       There is no basis for any assertion that there is a lack of adequate time for

17   putative class members to file other actions, because of a rapidly approaching Statute

18   of Limitations. No other lawsuits have been filed. (Goldsmith Declaration, ¶ 3.) No

19   putative class members have contacted plaintiff's counsel (Stempler Declaration ¶ 7)

20   nor Regreso or its counsel regarding this litigation (Goldsmith Declaration, ¶ 3). The

21   filing of this lawsuit preserved the claims of putative class members by tolling the

22   statute of limitation of class members whose claims otherwise would have been

23   barred by the statute of limitations.

24       The Supreme Court held in *American Pipe and Construction Co. v. Utah*, 414

25   U.S. 538, 38 L.Ed.2d 713, 94 S.Ct. 756 (1974), that the filing of a class action tolls

26   the statute of limitations on all individual claims covered by the class action.  The

27   present action was filed on November 30, 2015, well before the running of the statute

28   of limitations against the defendants.  With the filing of the present suit, claims of the

1    potential class members were tolled.  Thus, the statute of limitations is not "rapidly

2    approaching" and the potential class members are not prejudiced thereby.

3

4            D.      No Concession of Any Class Interests

5            Neither concession nor settlement of class claims is being made and this

6    settlement will not affect any other pending cases or any right to bring an action by

7    any putative class member. (Stempler Declaration, ¶ 8.) The class claims against

8    Regreso are being dropped only because there were an insufficient number of

9    members for class certification.  If this Motion is granted, the anticipated settlement

10   with Regreso is only as to Mr. Karcauskas's individual claims, if any. (*Id*.) No rights

11   or claims of the potential class members are surrendered or otherwise compromised.

12   Thus, the possible settlement between Plaintiff and Regreso will not prejudice any

13   potential class members.

14

15   V.     Conclusion

16           As discussed above, the potential class members will not be harmed in any way

17   by dismissal of the class claims against Regreso.  Therefore, Plaintiff's Unopposed

18   Motion to Dismiss Individual and Class Claims as to Regreso should be granted.

19   Based upon an analysis of the *Diaz*, *supra*, factors with regard to this case, the

20   dismissal of the class claims should be allowed without notice to the putative class.

21   *See Morency v. Evanston Northwestern Healthcare Corp.*, 1999 U.S. Dist. LEXIS

22   11019 (N.D.Ill., July 14, 1999).  The case name should no longer include "Regreso."

23   Dated: February 15, 2018

                                              HORWITZ, HORWITZ & ASSOCIATES

24

                                              CONSUMER LAW OFFICE OF
25                                            ROBERT STEMPLER, APC

26

                                              _/s/_____
27                                            By: Robert Stempler,
                                              Co-counsel for Plaintiff
28