Robert Stempler, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
8200 Wilshire Blvd, Suite 200
Beverly Hills, CA 90211-2331
Telephone (323) 486-0102
Fax: (323) 488-6895

O. Randolph Bragg, Attorney Admitted *Pro Hac Vice*
Email: rand@horwitzlaw.com
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, Illinois 60602
Telephone (312) 372-8822
Facsimile (312) 372-1673

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POVILAS KARCAUSKAS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REGRESO FINANCIAL SERVICES LLC; et al.;<br><br>Defendants. | Case No. 2:15-cv-09225-FMO-RAOx<br><br>DECLARATION OF ATTORNEY ROBERT STEMPLER IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S INDIVIDUAL AND CLASS CLAIMS AS TO DEFENDANT REGRESO FINANCIAL SERVICES LLC AND REVISE THE CASE TO REFER ONLY TO THE G&H DEFENDANTS |

I, Robert Stempler, declare under penalty of perjury, as provided by the laws of the United States, at 28 U.S.C. § 1746, that the following statements are true:

1. I am an attorney and counselor at law, duly admitted to practice before this court, and one of the counsel of record for the named Plaintiff, Povilas Karcauskas.

2. In my capacity as a counsel of record for the Plaintiff, I have personal knowledge of the matters stated in this declaration, submitted in support of the

|   |   |
|---|---|
| 1 | Plaintiff's Motion to dismiss without prejudice and without further notice the |
| 2 | class claims as to defendant Regreso Financial Services LLC. |
| 3 | 3. I was Mr. Karcauskas's attorney who filed the motion to vacate the renewal of judgment in the California Superior Court case, filed then judgment renewed about ten years later by Goldsmith & Hull APC on behalf of Regreso. The Superior Court vacated the case, finding that Regreso had been suspended during the time that it had sought renewal of the 10-year old default judgment. |
| 4 | 4. During this litigation, I conducted my own investigation into the register of actions available online from numerous county Superior Courts of California, and I was able to find only six persons, including Mr. Karcauskas, who had been sent Exhibits B, C and D to the Complaint (see Dkt. No. 1), while Regreso was suspended by the California Secretary of State. Thus, co-counsel O. Randolph Bragg and I determined that there were not enough potential class members to certify the alleged violations against defendant Regreso, making the claims alleged against Regreso viable only on an individual (non-class) basis as to Mr. Karcauskas. Accordingly, we agreed to the stipulation (Dkt. No. 80) that Regreso would not satisfy the requirements for numerosity. |
| 5 | 5. Mr. Michael Goldsmith, one of Regreso's debt collection attorneys, confirmed this as a fact, indicating that G&H's records show only 13 such persons as potential members of the possible class as to Regreso. |
| 6 | 6. Accordingly, Mr. Karcauskas has decided not to pursue the potential class claims as to Regreso. |
| 7 | 7. I have not knowingly publicized this case, nor am I aware of any publicity regarding this case, nor have I received any inquiries about this case from any (a) news media, (b) social media, or (c) other potential class members or victims. |
| 8 | 8. Any settlement agreement between Plaintiff and Regreso will not concede nor settle any other pending cases or affect any rights to bring an action by any putative class member (other than Mr. Karcauskas). |

9. Regreso and Mr. Karcauskas have agreed to settle and dismiss Plaintiff's individual claims against Regreso. A copy of Plaintiff's settlement agreement with Regreso is attached as Exhibit 1.

Executed on February 15, 2018

/s/
Robert Stempler,
in my capacity as Co-Counsel for Plaintiff

.

# Exhibit 1

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

THIS MUTUAL RELEASE AND SETTLEMENT AGREEMENT is made by and between REGRESO FINANCIAL SERVICES, LLC. (hereinafter referred to as "REGRESO"), and POVILAS KARCAUSKAS, an individual (hereinafter referred to as "KARCAUSKAS"). REGRESO and KARCAUSKAS shall sometimes be collectively referred to as "The Parties."

## RECITALS

1.1     WHEREAS, KARCAUSKAS filed a Complaint in this action on November 30, 2015 in the United States District Court for the Central District of California, case no. 2:15-cv-09225-FMO-RAO "LAWSUIT".  The complaint alleged that Regreso violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the California Fair Debt Collection Practices Action, California *Civil Code* § 1788 ("RFDCPA").

1.2     WHEREAS, REGRESO denies in good faith the allegations of KARCAUSKAS' complaint in the LAWSUIT;

1.3     WHEREAS, the Parties participated in a full-day mediation with The Honorable William McCurine (Ret.) on September 25, 2017 resulting in a mediator's proposal to the Parties.  On September 29, 2017, Judge McCurine informed the Parties that the mediator's proposal had been accepted by all parties.  The settlement was intended to resolve the LAWSUIT entirely.

1.4     WHEREAS, it is now the desire and intention of REGRESO, on the one part, and KARCAUSKAS, on the other part, to settle finally and forever all disputed between them, relating to the LAWSUIT.

1.5     WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall, in any way, be construed or considered to be an

Exhibit 1
5

admission by either party of guilt, wrongdoing, or noncompliance with any federal, state or local statute, public policy, tort law, contract law, common law, or any other wrongdoing whatsoever. This Agreement is entered solely to buy peace and to resolve disputed claims and for no other reason.

1.6 NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration as hereinafter recited, the adequacy of which is hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

II.

RELEASE

II.1 The following release will be enforced upon the timely execution of this document The Mutual Release.

II.2 KARCAUSKAS agrees to dismiss with prejudice his LAWSUIT against Defendant REGRESO, but not Defendants GOLDSMITH & HULL APC and WILLIAM I. GOLDSMITH, within 30 days of the execution of this agreement and entry of an order of the Court in the LAWSUIT dismissing the class allegations against REGRESO, whichever date is later.

II.3 Except with respect to the obligations created by or arising out of this Agreement, KARCAUSKAS, on behalf of itself and its predecessors, successors, and assigns., does hereby release, absolve, and forever discharge REGRESO, and each of REGRESO's heirs, successors, assigns, agents, representatives, attorneys (excluding William I. Goldsmith and Goldsmith & Hull APC), legal predecessors, and employers, of and from any and all claims, demands, debts, liabilities, accounts, reckonings, obligations, costs, expenses, liens, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, which KARCAUSKAS now has, owns or holds, at any time heretofore ever had, owned or held, could, shall or may hereafter have, own or hold against REGRESO from the

Exhibit 1
6

creation of the world to the date of this Agreement, that in any way arise out of, relate to, or are connected with REGRESO, including any and all claims alleged or that could have been alleged in the LAWSUIT.

II.4    Except with respect to the obligations created by or arising out of this Agreement, REGRESO, on behalf of itself and its heirs, successors, and assigns, and current employer, does hereby release, absolve, and forever discharge KARCAUSKAS, and each of KARCAUSKAS' agents, representatives, attorneys, insurers, and legal predecessors, successors, and assigns ("KARCAUSKAS RELEASEES") of and from any and all claims, demands, debts, liabilities, accounts, reckonings, obligations, costs, expenses, liens, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, which REGRESO now has, owns or holds, at any time heretofore ever had, owned or held, could, shall or may hereafter have, own or hold against KARCAUSKAS and KARCAUSKAS RELEASEES from the creation of the world to the date of this Agreement, that in any way arise out of, relate to, or are connected with any and all claims alleged or that could have been alleged in the LAWSUIT.

II.5    Except with respect to the obligations created by or arising out of this Agreement, it is the intention of The Parties hereto in executing this Agreement and in giving and receiving the consideration referred to herein that this Agreement shall be effective as a full and final accord and satisfaction and mutual general release of any claim related to the Action, the Stipulation and Order, whether known or unknown, suspected or unsuspected.  In furtherance of this intention, each of The Parties hereto acknowledges that it is familiar with California Civil Code section 1542, which states as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Exhibit 1
7

Each of the Parties hereto waives and relinquishes any rights and benefits which it has or may have under California Civil Code section 1542 to the fullest extent permitted by law. In connection with such waiver and relinquishment, each of the Parties acknowledges that it is aware that it may hereafter discover claims or facts in addition to or different from those which it now knows or believes to exist with respect to the LAWSUIT, but that it is its intention hereby fully, finally, and forever to settle and release all claims relating to the LAWSUIT, whether known or unknown, suspected or unsuspected, which do now exist, may exist or heretofore have existed between REGRESO on the one part, and KARCAUSKAS, on the other part (excluding William I. Goldsmith and Goldsmith & Hull APC). In furtherance of such intention, the releases herein given shall be and remain in effect as full and complete mutual general releases notwithstanding the discovery or existence of any such additional or different claims or facts.

II.6 KARCAUSKAS will file a dismissal with prejudice of the LAWSUIT against REGRESO within thirty (30) days upon execution of this Mutual Release and Settlement Agreement and entry of an order of the Court in the LAWSUIT dismissing the class allegations against REGRESO, whichever date is later.

2.7 This Agreement has no affect on or application to Defendants GOLDSMITH & HULL APC and WILLIAM I. GOLDSMITH in the LAWSUIT.

III.

REMEDIES

III.1 In the event any lawsuit, arbitration, and/or other proceeding is filed alleging any material breach of this Agreement, the prevailing party or parties therein shall be entitled to recover, and the non-prevailing party or parties agree to pay, the prevailing party's reasonable

Exhibit 1
8

attorney's fees, costs, and expenses incurred in connection with such lawsuit, and/or other proceeding.

IV.

PERSONS AND BENEFICIARIES BOUND

IV.1    The provisions of this Agreement shall extend to, inure to the benefit of, and be binding on REGRESO and KARCAUSKAS, and each of their respective officers, directors, shareholders, employees, agents, representatives, attorneys, and legal predecessors, successors, heirs, and assigns (excluding William I. Goldsmith and Goldsmith & Hull APC).

V.

GENERAL PROVISIONS

V.1    This Agreement constitutes and contains the entire agreement and understanding between The Parties hereto and supersedes and replaces all prior negotiations and proposed agreements, written or oral.  Each of The Parties acknowledges that no other party or any agent or attorney of any other party has made any promise, representation or warranty whatsoever, express or implied, written or oral, not contained in this Agreement to induce any person to execute this Agreement, and each of The Parties acknowledges that it has not executed this Agreement in reliance on any promise, representation or warranty not contained herein.

V.2    Each of The Parties hereto acknowledges and agrees that this Agreement shall constitute a compromise settlement of disputed matters and claims.  Nothing contained in this Agreement is intended, nor should it be construed, as an admission by any party of any liability of any kind to any other party to this Agreement or to any other person or entity, and said liability is expressly denied.

V.3    Each of The Parties hereto represents that, prior to executing this Agreement, he, it or they had the benefit of independent legal counsel of its own selection, it has entered into this Agreement voluntarily, and it has the power and authority to settle the claims relating to The Action, and that no challenge to the validity of this Agreement will be brought at any future date

Exhibit 1
9

based upon any alleged incapacity of such party or parties which have entered into this Agreement.

V.4	In the event any provision in this Agreement shall be held to be invalid, the invalidity of such provision shall not affect the other provisions of this Agreement, said provision being deemed severable and immaterial.

V.5	This Agreement shall in all respects be interpreted, enforced, and governed by and under the substantive and procedural laws of the State of California.

V.6	This Agreement has been jointly negotiated and drafted. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any of The Parties hereto.

V.7	Whenever in this Agreement the context so requires, the use of or reference to any of the masculine, feminine, and neuter genders shall be deemed to refer to and include the masculine, feminine, and neuter genders, and the use of or reference to the singular tense shall be deemed to refer to and include the plural tense.

V.8	Headings to each section of this Agreement are solely for convenience, are not to be deemed part of the Agreement, and are not to be used to interpret or construe any provision of the Agreement.

V.9	This Agreement cannot be modified or changed except by written instrument signed by all of the parties hereto.

V.10	This Agreement may be executed in identical counterparts and shall constitute a binding contract between The Parties when REGRESO, and KARCAUSKAS exchange executed counterparts, and said exchange may be made by facsimile or email in PDF.

IN WITNESS WHEREOF, The Parties hereto have signed this Agreement on the dates signed below.

Exhibit 1
10

Dated: February \_\_\_\_, 2018               REGRESO

                                            By: _____

                                            _____

                                            Its: _____

Dated: February \_\_\_\_, 2018               KARCAUSKAS

                                            By: _____

APPROVED AS TO FORM

Dated: February \_\_\_\_, 2018               GOLDSMITH & HULL A.P.C.

                                            By: _____

                                            Michael L. Goldsmith, Esq.

                                            Attorneys for REGRESO

APPROVED AS TO FORM

Dated: February \_\_\_\_, 2018               CONSUMER LAW OFFICE OF ROBERT STEMPLER

                                            By: _____

                                            Robert Stempler, Esq
                                            Attorneys for POVILAS KARCAUSKAS

APPROVED AS TO FORM

Dated: February \_\_\_\_, 2018               HORWITZ, HORWITZ & ASSOCIATES

                                            By: _____

                                            O. Randolph Bragg, Esq
                                            Attorneys for POVILAS KARCAUSKAS

Exhibit 1
11

Dated: February 15, 2018          REGRESO

By: *Barbara S. Goldsmith*

[signature]

Its: *principal owner*

Dated: February 12, 2018          KARCAUSKAS

By: [signature]

APPROVED AS TO FORM

Dated: February 15, 2018          GOLDSMITH & HULL A.P.C.

By: [signature]

Michael L. Goldsmith, Esq.

Attorneys for REGRESO

APPROVED AS TO FORM

Dated: February 14, 2018          CONSUMER LAW OFFICE OF ROBERT STEMPLER

By: [signature]

Robert Stempler, Esq
Attorneys for POVILAS KARCAUSKAS

APPROVED AS TO FORM

Dated: February 15, 2018          HORWITZ, HORWITZ & ASSOCIATES

By: [signature]

O. Randolph Bragg, Esq
Attorneys for POVILAS KARCAUSKAS

Exhibit 1
12